DAN RAYFIELD
Attorney General
BENJAMIN GUTMAN
Solicitor General
DUSTIN BUEHLER
Special Counsel
SCOTT KENNEDY #T25070201, D.C. Bar #1658085
BRIAN SIMMONDS MARSHALL #196129
THOMAS CASTELLI #226448
IAN VAN LOH #225163
RACHEL SOWRAY #095159
Senior Assistant Attorneys General
ALEXANDER C. JONES #213898
DEREK OLSON #225504
Assistant Attorneys General
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Scott.Kennedy@doj.oregon.gov

*Counsel for the State of Oregon*

[Additional counsel to appear on signature page]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| STATE OF OREGON, the CITY OF PORTLAND, and the STATE OF CALIFORNIA<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, in his official capacity as President of the United States; PETE HEGSETH, in his official capacity as Secretary of Defense; U.S. DEPARTMENT OF DEFENSE; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Case No. 3:25-cv-01756-IM<br><br>JOINT STATEMENT REGARDING DISCOVERY SCHEDULE |

Pursuant to the Court's instruction to counsel via email on October 10, 2025, counsel for Plaintiffs the State of Oregon, the City of Portland, and the State of California ("Plaintiffs") as well as Defendants Donald Trump, in his official capacity as President of the United States; Pete Hegseth, in his official capacity as Secretary of Defense; the United States Department of Defense; Kristi Noem, in her official capacity as Secretary of Homeland Security; and the United States Department of Homeland Security ("Defendants") hereby submit the following Joint Statement regarding their proposed discovery schedules in advance of the October 29 consolidated preliminary injunction hearing and trial on the merits in this matter.

The parties met and conferred regarding the timing of discovery per Federal Rule of Civil Procedure 26(f) on October 9, 2025, but have been unable to reach an agreement regarding the discovery schedule. The Parties therefore request that the Court hold a telephonic conference on Tuesday, October 14 or Wednesday, October 15 to discuss the proposals and issues set forth in this Joint Statement.

I. **DISCOVERY SCHEDULE**

    A.    **Plaintiffs' Proposed Discovery Schedule**

*Plaintiffs' Proposal:* Plaintiffs seek to conduct limited, expedited discovery that will bear on their claims. In an attempt to move forward with discovery as expeditiously as possible, Plaintiffs served Interrogatories and Requests for Production of Documents upon Defendants on Thursday, October 9. *See* Plaintiffs' Interrogatories, attached hereto as Exhibit A, and Plaintiffs' Requests for Production, attached hereto as Exhibit B.

Plaintiffs propose that the Court set the following deadlines for discovery:

- October 15: Parties' deadline to file a proposed, stipulated protective order that would facilitate and govern the production of confidential documents and information in discovery.

- October 16: Defendants' deadline to respond to Plaintiffs' Interrogatories and Requests for Production, including production of documents responsive to Plaintiffs' Requests for Production.

- October 16: Parties' deadline to exchange names of witnesses each side intends to call as a witness at trial.

- October 23: Parties' deadline to complete depositions. The parties must make each witness they intend to call at trial, as well as any witness(es) designated pursuant to Federal Rule of Civil Procedure 30(b)(6), available for deposition on or before this date.

Additionally, Plaintiffs may call Robert Cantu and Cammila Wamsley as adverse witnesses under Federal Rule of Evidence 611(c)(2). These individuals provided declarations in support of Defendants' Opposition to the Motion for Temporary Restraining Order brought by Plaintiffs the State of Oregon and City of Portland. Therefore, Defendants have affirmatively put the testimony of these individuals at issue in this action. Plaintiffs respectfully request that the Court order Defendants to make these individuals available for deposition by October 23, 2025.

**The Court's Continuing Jurisdiction Despite an Appeal:** Defendants assert below that this Court has no jurisdiction over Plaintiffs' Section 12406 and Tenth Amendment claims while this Court's temporary restraining order (TRO) is pending before the U.S. Court of Appeals for the Ninth Circuit, and they assert this Court should stay this matter pending guidance from the

Page 3 -    JOINT STATEMENT RE: DISCOVERY SCHEDULE

appellate court. Contrary to their assertions, no law divests this Court of jurisdiction over the upcoming consolidated preliminary injunction hearing and trial.

An appeal from an interlocutory order such as a preliminary injunction divests the lower court only "of its control over those aspects of the case involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (citation omitted); *see generally* 16 Wright & Miller's Federal Practice & Procedure § 3921.2 (3d ed. 2025) (discussing district court authority during pendency of interlocutory appeal). The district court retains jurisdiction to address other aspects of the case. *Ex parte Nat'l Enameling & Stamping Co.*, 201 U.S. 156, 162, 26 S.Ct. 404, 50 L.Ed. 707 (1906) ("The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered."); *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) ("We hold that an appeal from an interlocutory order does not stay the proceedings, as it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case."). Thus, "[a]n appeal from a grant or denial of a preliminary injunction does not inherently divest the district court of jurisdiction or otherwise restrain it from taking other steps in the litigation," including in addressing the merits of the case. *Satanic Temple, Inc. v. Texas Health & Hum. Serv. Comm'n*, 79 F.4th 512, 514 (5th Cir. 2023); *see also DePinto v. Provident Sec. Life Ins. Co.*, 374 F.2d 50, 52 (9th Cir. 1967) ("an appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits").

A district court's continuing jurisdiction includes authority to consider and grant additional preliminary relief predicated on "new evidence" submitted in support of a "new motion for preliminary injunction." *Adams v. City of Chicago*, 135 F.3d 1150, 1153 (7th Cir.

1998); *see also Mt. Graham Red Squirrel v. Yeutter*, 930 F.2d 703, 704 (9th Cir. 1991). "[W]hen a preliminary injunction has been appealed and a new motion for preliminary injunction is filed, there is no jurisdictional bar to the district court resolving that motion." *Adams*, 135 F.3d at 1154; *see also Mayweathers v. Newland*, 258 F.3d 930, 935-36 (9th Cir. 2001) (district court had jurisdiction to enter second preliminary injunction while appeal of first preliminary injunction was pending). This is the case even when the relief granted in the second injunction is identical to the first. *Mayweathers*, 258 F.3d at 935-36. Defendants' position that all issues weighing on Plaintiffs' Section 12406 and Tenth Amendment claims should be stayed would insulate their subsequent actions indefinitely while their appeal is pending. Thus, even as the Ninth Circuit considers the legal issues related to Defendants' pending appeal of the Court's first TRO, this Court may apply the law as it currently exists to the facts at hand.

**Discovery Requests Directed at the President:** Defendants also raise substantive objections to Plaintiffs' discovery requests to the extent they are directed to the President of the United States. As an initial matter, these objections are inappropriate and premature in the context of a discovery scheduling submission. Indeed, bringing these objections to the court at this juncture disregards the obligation to serve appropriate objections to discovery requests; to meet and confer over discovery disputes; and to bring an appropriate motion if necessary. *See* Local Rule 7(a)(1); Federal Rule of Civil Procedure 26(c). Even if it were appropriate to address waiver or executive privilege in this context, Defendants ignore their potential waiver and Ninth Circuit case law requiring discovery dispute procedures before sustaining an objection. Regardless, Plaintiffs reserve the right to address these issues more fully at the appropriate time, consistent with applicable rules and orders of the Court.

The blanket objection is particularly premature considering Defendants' previous arguments. Defendants contend that in addition to the President, the "White House or the Executive Office of the President" should not be subject to discovery in this case. This is overbroad, certainly at this early point. Only the President can invoke 10 U.S.C. § 12406, and as the Court noted, he only provided social media posts as rationale. In an attempt to rehabilitate this decision-making, counsel for Defendants represented to this Court that in addition to the social media posts, "there were discussions between the President and his subordinates about this decision . . .." *See* October 3, 2025, Temporary Restraining Order Hearing at p. 12 line 4-17.

> THE COURT: Let me ask you, though. Really a social media post is going to count as a presidential determination that you can send the National Guard to cities? I mean, is that really what I should be relying on as the determination?
>
> MR. HAMILTON: Well, yeah, there isn't anything in Section 12406 that requires a particular forum for the President's decision. It's obvious from the post that there were discussions between the President and his subordinates about this decision, and then so these -- these posts reflect his decision making, which Secretary Hegseth carried out in first working with the Governor of Oregon to try to find a way to bring forward guardsmen in a way that those guardsmen remained in the state chain of command, and then ultimately federalizing 200 guardsmen when those efforts failed.

*Id*. (emphasis added). Plaintiffs are cognizant of the case law regarding discovery and the President, but Defendants cannot have it both ways. By relying on those discussions between the President and his subordinates to counter the motion for temporary restraining order, counsel for Defendants opened the door to discovery within the White House and Executive Office of the President. *Gramercy Grp. v. D.A. Builders*, No. CV 16-00114 JMS-KSC, 2017 WL 5179530, at *3 (D. Haw. Nov. 8, 2017) ("It cannot use information in an effort to prevail against Defendants, then assert attorney-client privilege to prevent discovery about that very information."). At the very least, Defendants are not entitled to a blanket objection before discovery has even begun. It

may be that there are applicable privileges to address at the appropriate time, but any threshold objection is premature.

Finally, while Plaintiffs reserve the right to make further argumentation as appropriate, the authority cited by Defendants actually undercuts their position. *Karnoski v. Trump* explicitly stated that presidential privilege "is not absolute." 926 F.3d 1180, 1205 (9th Cir. 2019). Plaintiffs' requests are "directly relevant to issues that are expected to be central to the trial" and are "not available with due diligence elsewhere." *Id*. Moreover, Defendants have not "'show[n] that the interest in secrecy or nondisclosure outweighs the need' for responsive materials." *Id*. Indeed, "any claim of privilege, whether of executive or Presidential privilege or of common-law evidentiary privilege … must be made with particularity." *Dellums v. Powell*, 642 F.2d 1351, 1363 (D.C. Cir. 1980). Defendants' assertions do little more than "reassert[] an absolute Presidential privilege and [make] no attempt to balance the competing interests, as [case law] require[s]." *See id*.

**Defendants' Other Proposals:** Plaintiffs also disagree with Defendants' other proposals outlined below, including their proposal to substitute summary judgment proceedings for trial; delay trial; make discovery responses due October 24, 2025; preclude all depositions; and narrow written discovery to just a handful of interrogatories and requests for production. As Defendants own filings in support of their opposition to Plaintiffs' motion for a temporary restraining order made clear, their defenses implicate multiple factual issues that, among other things, must be explored in discovery and tested through cross examination at trial. Delaying Defendants' discovery responses beyond October 16, 2025 would also be prejudicial to Plaintiffs because Plaintiffs' Motion for Preliminary Injunction is currently due on October 17, 2025. And as

Plaintiffs' attached discovery requests illustrate, the factual questions at issue here cannot be reduced to three interrogatories and six requests for production.

### B. Defendants' Proposed Discovery Schedule

Defendants respectfully set forth their proposed schedule for pretrial proceedings below. In addition, Defendants make the following points about further proceedings in this matter.

*Anticipated Motion to Stay District Court Proceedings*. Defendants submit that this expedited trial schedule is unwarranted because the central legal issues in this case—Section 12406 and Tenth Amendment—are currently pending before the U.S. Court of Appeals for the Ninth Circuit. Although Federal Rule Civil Procedure 65(a)(2) provides that "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing," this Court has no jurisdiction to hear any preliminary injunction based on Plaintiffs' Section 12406 and Tenth Amendment claims. "An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Thus, any Rule 65(a)(2) consolidation now is inappropriate, to the extent the Court is deciding a preliminary injunction.

To be sure, a district court "retains jurisdiction to address aspects of the case that are not the subject of the appeal," *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002), and it may also decide to proceed to trial on the merits for all claims even when there is an interlocutory appeal. But a stay pending the Ninth Circuit's guidance on the Section 12406 and the Tenth Amendment claims makes eminent sense because the Ninth Circuit will soon provide guidance on the proper framework for adjudicating those claims. *See Landis v. N. Am. Co.*, 299

U.S. 248, 254-55 (1936). Trial on Plaintiffs' two remaining claims is similarly inappropriate. As to the Posse Comitatus Act (PCA) claim, no final judgment following a trial would be appropriate because no National Guard troops have been deployed so far due to the Court's injunction and thus no facts to assess whether the Guardsmen's conduct has violated the PCA. Second, not only is the APA claim merely derivative of Plaintiffs' statutory claims, but also it is well-settled administrative law principle that "the focal point for judicial review [under the APA] should be the administrative record already in existence." *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam). That is, a trial is improper for an APA claim. Indeed, in the similar National Guard case in California, the district court consolidated the preliminary injunction proceeding and trial on the merits only as to the PCA claim because that claim was not pending appeal in the Ninth Circuit, and the trial concerned whether the Guardsmen's conduct violated the PCA—factual issues that are not present in this case. For these reasons, Defendants currently intend to move to stay proceedings pending appeal.

    ***Alternative to Trial.*** Subject to section II.B, *infra*, *D*efendants respectfully request that the Court consider cross-motions of summary judgment in lieu of an expedited trial. That is, if the Court believes it has jurisdiction to proceed, it may treat Plaintiffs' preliminary injunction motion as a motion for summary judgment and decide the merits of Plaintiffs' claims on those papers and any evidence presented and argument heard on October 29, 2025. *See Harris v. Bessent*, 2025 WL 679303, at *3 (D.D.C. Mar. 4, 2025) ("Having granted consolidation under Rule 65(a)(2), the Court treats the parties' briefing as cross-motions for summary judgment." (quotation omitted)). This approach would be particularly appropriate in light of the central importance of the legal issues in this case, as it would allow the Court to determine whether Plaintiffs' claims can be resolved as a matter of law or whether there are any triable issues of

Page 9 -   JOINT STATEMENT RE: DISCOVERY SCHEDULE

Department of Justice
100 SW Market Street
Portland, OR 97201
9716731880 / Fax: 9716735000

material fact in need of resolution. The Court may also be able to enter final judgment sooner than conducting a trial with post-trial briefing.

*Trial Date*. If the Court is not inclined to stay this matter pending appellate proceedings or to consider whether Plaintiffs' claims can be resolved on summary judgment, Defendants respectfully request that if the Court nevertheless wishes to proceed to trial, that it grant a continuance of the trial date to at least November 20, in order to allow a more reasonable amount of time to collect, review, redact, produce documents responsive to Plaintiffs' discovery requests as reasonably narrowed given the time constraint.

*Narrowing of Discovery Requests*. The Court should also significantly narrow the scope of the discovery Plaintiffs have requested here. Upon receipt of Plaintiffs' discovery requests in the evening of October 9, Defendants have immediately begun efforts to assess the requests and consider the appropriate steps to begin collecting responsive documents even over the three-day holiday weekend in the midst of the government shutdown. However, it is impossible to complete the collection, review, and redaction by October 16, the date Plaintiffs identified in their requests. Indeed, potentially responsible documents could require additional layers of review and redaction because they may contain law enforcement sensitive information. It is prejudicial to Defendants to condense a process that reasonably should be months, if not weeks, to mere days.

Moreover, given the legal nature of the claims at issue in case as noted above, the scope of discovery is vastly disproportionate to the needs of this case. In the case regarding deployment of the National Guard in the District of Columbia, the parties limited their discovery, after a hearing, to just six requests for production and three interrogatories. Plaintiff's Notice of Revised Discovery Requests, *Dist. Of Columbia v. Trump*, No. 1:25-cv-03005-JMC, ECF No. 43 (D.D.C.

Page 10 -  JOINT STATEMENT RE: DISCOVERY SCHEDULE

Sept. 18, 2025). Assuming discovery goes forward at all, similar limits should be imposed on Plaintiffs.

*Production of Documents*. The parties will produce documents on a rolling basis, subject to entry of a reasonable protective order, by no later than 48 hours before the start of depositions to which they are relevant. The parties will provide written responses and objections to discovery requests by no later than October 24.

*Discovery Against the President.* Plaintiffs' discovery requests are directed against all Defendants, including the President of the United States. Certain requests also specifically direct Defendants to search for information in the White House and the Executive Office of the President. Discovery as against these named Defendants is not appropriate. Defendants will not be searching records within the White House or the Executive Office of the President because the discovery requests contravene "[t]he high respect that is owed to the office of the Chief Executive," which "is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). That office's "unique position in the constitutional scheme" "counsel[s] judicial deference and restraint." *Nixon v. Fitzgerald*, 457 U.S. 731, 749, 753 (1982). Because there are other alternatives to obtaining the information Plaintiffs seek, it would be an improper intrusion on the separation of powers to permit discovery in this context. *Cheney v. U.S. Dist. Ct. for the Dist. Of Columbia*, 542 U.S. 367, 388-91 (2004) (granting mandamus as to order permitting discovery against Vice President and other senior Executive Branch officials); *Karnoski v. Trump*, 926 F.3d 1180, 1203-07 (9th Cir. 2019) (vacating district court's discovery order that failed to apply *Cheney* in directing discovery against the President). No such discovery has been permitted in prior

Page 11 -  JOINT STATEMENT RE: DISCOVERY SCHEDULE

litigation regarding the National Guard in either California or the District of Columbia, and this Court should not be the first to order such discovery.

Because of the highly expedited nature of the discovery schedule, Defendants have no opportunity to move to dismiss claims against the President that should be resolved in his favor. Both Counts I and II are *ultra vires* claims (regarding Section 12406 and the PCA), which implicate one of the most demanding standards known to the law. It is "a Hail Mary pass," *Nuclear Reg. Comm'n v. Texas*, 605 U.S. 665, 681 (2025) (citation omitted), requiring a showing that the defendant is engaged in "blatantly lawless" action, *Oestereich v. Selective Serv. Sys. Loc. Bd. No. 11*, 393 U.S. 233, 238 (1968), or "has plainly and openly crossed a congressionally drawn line in the sand," *Fed. Express Corp. v. U.S. Dep't of Com.*, 39 F.4th 756, 765 (D.C. Cir. 2022). Until the Court has assessed these purely legal questions, discovery is improper against Defendants, and especially the President.

***Depositions***. Defendants propose proceeding without depositions in this case. Both parties have submitted detailed declarations outlining their positions. If the Court believes depositions are necessary, the Court should limit the parties to deposing individuals identified as witnesses at trial. Defendants will also oppose any effort to take Rule 30(b)(6) depositions on this compressed time frame. "When the proposed deposition topics are complex and highly technical, or involve legal issues that require the assistance of an attorney . . . the interrogatory is the preferred device" for obtaining discovery. *Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 661 (D. Ore. 2015).

***Defendants' Proposed Schedule.*** Defendants believe that the amount of remaining time available to prepare for trial—less than three weeks—is prejudicial to Defendants, particularly because they have not yet had an opportunity to move to dismiss the complaint for failure to state

Page 12 -  JOINT STATEMENT RE: DISCOVERY SCHEDULE

a claim or to move for summary judgment as permitted by the Federal Rules, which could potentially narrow the scope of any trial. Nevertheless, Defendants have attempted to propose a schedule within the extremely compressed timeframe in the event the Court wishes to proceed with an expedited trial.

|  | Plaintiffs' proposal | Defendants' proposal |
|---|---|---|
| Defendants serve offensive written discovery | XXX | October 14 |
| Parties serve objections and responses to written discovery | October 16 (this date is noted by Plaintiffs as the respond-by date on their written discovery) | October 24 |
| Production of Documents | XXX | Parties shall make best efforts to produce documents before the deposition to which they are relevant begins, but no later than October 24. |
| Witness Lists | October 16 | October 16 |
| Depositions | [Completed] October 23 | Completed by October 24 |
| Exhibit Lists / Impeachment Exhibits | XXX | October 2 |
| Pretrial Conference | XXX | October 24 |
| Trial | October 29 | October 29 |

## II.     ADDITIONAL ISSUES FOR THE COURT'S CONSIDERATION

In addition to the proposed discovery schedules set forth above, the Parties request that the Court address the below issues at the upcoming telephonic conference.

### A.     Telephonic Appearances for all Proceedings Other than Trial

Page 13 -   JOINT STATEMENT RE: DISCOVERY SCHEDULE

Department of Justice
100 SW Market Street
Portland, OR 97201
9716731880 / Fax: 9716735000

The parties jointly request the Court's permission to appear telephonically at all proceedings in this matter, other than the October 29 consolidated preliminary injunction hearing and trial on the merits.

### B. Procedures for the October 29 Consolidated Hearing and Trial

The parties seek the Court's guidance as to whether the Court intends to hear live witness testimony, including direct and cross examinations, during the October 29 consolidated preliminary injunction hearing and trial on the merits, or if the Court instead intends to treat Plaintiffs' preliminary injunction motion as a motion for summary judgment and decide the merits of Plaintiffs' claims on those papers along with any declarations submitted and arguments presented during the October 29 hearing. As noted above, Plaintiffs are preparing to present live testimony subject to the Court's decision on this issue.

The parties also seek the Court's guidance as to whether the Court intends for the consolidated preliminary injunction hearing and trial to be completed on October 29 or whether it will continue on additional dates, subject to the Court's availability. The parties anticipate that the Court's decision about live witness testimony, discussed above, will inform the Court's decision on the proceeding's duration.

### C. Remote Witness Testimony

To the extent the Court will hear live witness testimony during the October 29 consolidated preliminary injunction hearing and trial on the merits, the Parties jointly request that the Court permit witnesses who do not reside in the Portland, Oregon metropolitan area to appear and testify remotely.

DATED October 13, 2025.

    Respectfully submitted,

    DAN RAYFIELD
    Attorney General
    BENJAMIN GUTMAN
    Solicitor General
    DUSTIN BUEHLER
    Special Counsel

    *s/ Scott Kennedy*
    SCOTT KENNEDY #T25070201, D.C. Bar #1658085
    BRIAN SIMMONDS MARSHALL #196129
    THOMAS CASTELLI #226448
    IAN VAN LOH #225163
    RACHEL SOWRAY #095159
    Senior Assistant Attorneys General
    ALEXANDER C. JONES #213898
    DEREK OLSON #225504
    Assistant Attorneys General
    100 SW Market Street
    Portland, OR 97201
    971-673-1880
    Scott.Kennedy@doj.oregon.gov
    Brian.S.Marshall@doj.oregon.gov
    Thomas.Castelli@doj.oregon.gov
    Ian.VanLoh@doj.oregon.gov
    Rachel.Sowray@doj.oregon.gov
    Alex.Jones@doj.oregon.gov
    Derek.Olson@doj.oregon.gov

    *Counsel for the State of Oregon*

ROBERT TAYLOR  #044287
Portland City Attorney

*s/ Caroline Turco*
CAROLINE TURCO  #083813
Senior Deputy City Attorney
NAOMI SHEFFIELD  #170601
Chief Deputy City Attorney
1221 SW Fourth Avenue
Fourth Floor, Room 430
Portland, OR 97204
Tel: (503) 823-4047
Fax: (503) 823-3089
Caroline.Turco@portlandoregon.gov
Naomi.Sheffield@portlandoregon.gov

*Counsel for the City of Portland*

**ROB BONTA**
Attorney General of California

*s/ Barbara Horne-Petersdorf*
Michael L. Newman
Thomas S. Patterson
Senior Assistant Attorneys General
Anya M. Binsacca
Marissa Malouff
James E. Stanley
Supervising Deputy Attorneys General
Jesse Basbaum
Barbara Horne-Petersdorf
Jane Reilley
Meghan H. Strong
Deputy Attorneys General
300 S. Spring Street
Los Angeles, CA 90013
Telephone: (213) 269-6667
E-mail: Barbara.HornePetersdorf@doj.ca.gov

*Counsel for the State of California*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Federal Programs Branch

ALEXANDER K. HAAS
Director

Page 16 -  JOINT STATEMENT RE: DISCOVERY SCHEDULE

Federal Programs Branch

JEAN LIN
Special Litigation Counsel

s/ *Michael J. Gerardi*
MICHAEL J. GERARDI
(DC Bar No. 1017949)
Senior Trial Counsel
CHRISTOPHER D. EDELMAN
(DC Bar No. 1033486)
Senior Counsel
BENJAMIN S. KURLAND
(DC Bar No. 1617521)
KATHLEEN C. JACOBS
(TX Bar No. 24091154)
J. STEPHEN TAGERT
(VA Bar No. 99641)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel.: (202) 616-0680
E-mail: Michael.j.gerardi@usdoj.gov

*Counsel for Defendants*