BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON (NE Bar No. 25886)
Deputy Assistant Attorney General
JEAN LIN (NY Bar No. 4074530)
Special Litigation Counsel
TIBERIUS DAVIS
JOHN BAILEY
Counsel to the Assistant Attorney General
MICHAEL J. GERARDI (DC Bar No. 1017949)
Senior Trial Counsel
CHRISTOPHER D. EDELMAN (DC Bar No. 1033486)
Senior Counsel
JODY D. LOWENSTEIN (MT Bar No. 55816869)
BENJAMIN S. KURLAND (DC Bar No. 1617521)
KATHLEEN C. JACOBS (TX Bar No. 24091154)
J. STEPHEN TAGERT (VA Bar No. 99641)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| STATE OF OREGON and the CITY OF PORTLAND,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*, in their official capacities,<br><br>*Defendants*. | Case No. 3:25-cv-01756-SI<br><br>**DEFENDANTS' MOTION TO DISSOLVE OR, ALTERNATIVELY, TO STAY THIS COURT'S OCTOBER 5, 2025 TEMPORARY RESTRAINING ORDER** |

Defendants' Motion to Dissolve or, Alternatively, to Stay this Court's October 5, 2025 Temporary Restraining Order

1

**MOTION**

In light of the Ninth Circuit's decision granting defendants' motion to stay this Court's October 4, 2025 temporary restraining order ("TRO"), Order, *Oregon v. Trump*, No. 25-6268 (Oct. 20, 2025), ECF No. 61.1, defendants respectfully request that the Court dissolve or, alternatively, stay its October 5, 2025 TRO. The grounds for this motion are set forth below. Given the Ninth Circuit's clear statements on the second TRO's validity, the Court should address this motion in part today and without awaiting plaintiffs' response due tomorrow evening. *See* ECF No. 85. The Court should immediately dissolve or stay the second TRO to the extent it overlaps with the now-stayed first TRO (*i.e.*, to the extent it applies to the Oregon National Guard). The Court should dissolve or stay the second TRO in full after plaintiffs file their response tomorrow. *See id.* Pursuant to Local Rule of Civil Procedure 7-1(a), undersigned counsel certifies that he conferred in good faith with plaintiffs' counsel, but the parties were unable to resolve the issue addressed by this motion. Plaintiffs asked defendants to advise the Court that "[t]he plaintiffs will respond to defendants' motion on the schedule entered by the district court."

**MEMORANDUM OF LAW**

**I.     The Court should dissolve its October 5, 2025 TRO.**

This case challenges the President's federalization and deployment of National Guardsmen in the State of Oregon for the protection of federal property and personnel. On October 4, 2025, this Court issued a TRO that enjoined defendants from "implementing" the Secretary of War's September 28, 2025, memorandum "ordering the federalization and deployment of Oregon National Guard service members to Portland." *See* ECF No. 56-1. Defendants promptly appealed that order that same day, *see* ECF No. 57, and filed an emergency motion for a stay pending appeal and an immediate administrative stay, *Oregon v. Trump*, No. 25-6268 (9th Cir.), ECF No. 11.1.

Defendants' Motion to Dissolve or, Alternatively, to Stay this Court's October 5, 2025 Temporary Restraining Order

1

The next day, following the deployment of federalized California National Guardsmen to Oregon, the State of California joined the case as a new plaintiff, and the Court granted plaintiffs a second TRO that enjoined defendants "from deploying federalized members of the National Guard in Oregon." *See* ECF No. 68. The Court expressly premised that second TRO on the same grounds as its first TRO. *See id.* ("Based on this Court's prior Opinion and Order Granting Plaintiffs' First Motion for Temporary Restraining Order …."); *see also* Transcript of Oct. 5, 2025 Hearing at 19:9–13, 22:22–24, 23:18–20.

On October 8, the Ninth Circuit administratively stayed the first TRO, *see Oregon v. Trump*, No. 25-6268, ECF No. 32.1, and earlier today, it granted defendants' motion to stay that TRO pending appeal. *See* Order, *Oregon v. Trump*, No. 25-6268, ECF No. 61.1 (hereafter "Order"). In announcing that decision, the Ninth Circuit noted defendants' intention to file this motion to dissolve the second TRO if the stay application were granted. *Id.* at 19 n.8 ("At oral argument, Defendants' counsel explained that they did not appeal the second TRO, which relies on the same legal reasoning as the first TRO, because they concluded that the district court would be required to dissolve the second TRO if Defendants succeed on their motion for a stay pending appeal."). Later, the Ninth Circuit ordered briefing on whether the case should be reheard en banc. *See* Order, *Oregon v. Trump*, No. 25-6268, ECF No. 63.1.

A party seeking to dissolve an injunction must show that "a significant change in facts or law warrants" dissolution. *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) (citation omitted); *see also Horne v. Flores*, 557 U.S. 433, 447 (2009) (a court may vacate an order if "a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest") (cleaned up)). Whether a significant change warrants dissolution of a TRO "should be guided by the same criteria" that governed the TRO's issuance—*i.e.*, the likelihood of success on the merits, the

likelihood of irreparable harm, the balance of the equities, and the public interest. *Id.*

The Ninth Circuit's decision staying the first TRO is a significant change in law that plainly warrants dissolution of this Court's second TRO. By staying the first TRO, the Ninth Circuit held that defendants are likely to succeed on the merits of this case at least as to defendants' arguments on Section 12406(3), that the first TRO would likely cause defendants irreparable harm absent a stay, and that the balance of the equities and public interest disfavor such an injunction. *See* Order at 19–36 (citing *Nken v. Holder*, 556 U.S. 418, 433–34 (2009)). This reasoning belies this Court's second TRO too. The Ninth Circuit recognized that "[t]he district court stated that it granted the second TRO based on the same legal reasoning it provided in its order issuing the first TRO." Order at 34. From that, the Ninth Circuit concluded that "Defendants are thus correct that the first TRO and the second TRO rise or fall together on the merits of the issues raised in [Defendants'] motion for a stay pending appeal [filed in the Ninth Circuit]." *Id.* Because binding Circuit precedent now holds that defendants, not plaintiffs, are likely to succeed on the merits of this case under the Section 12406(3) authority and that the equities and public interest militate against enjoining the federalization and deployment of National Guardsmen in Oregon, this Court should dissolve its second TRO.

**II.     Alternatively, the Court should stay the effect of its second TRO.**

If the Court declines to dissolve its second TRO, it should, at a minimum, stay the effect of that order until the order expires on November 2, 2025. As explained, the Ninth Circuit has already held that defendants are entitled to a stay of this Court's first TRO. *See supra.* Given that the second TRO rests on the same grounds and thus must "fall … on the merits" with the first TRO, *see* Order at 34, a stay of that order is similarly warranted under binding Circuit precedent.

Dated: October 20, 2025                              Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Federal Programs Branch

JEAN LIN
Special Litigation Counsel

TIBERIUS DAVIS
JOHN BAILEY
Counsel to the Assistant Attorney General

*/s/ Jody D. Lowenstein*
MICHAEL J. GERARDI
(DC Bar No. 1017949)
Senior Trial Counsel
CHRISTOPHER D. EDELMAN
(DC Bar No. 1033486)
Senior Counsel
JODY D. LOWENSTEIN
(MT Bar No. 55816869)
BENJAMIN S. KURLAND
(DC Bar No. 1617521)
KATHLEEN C. JACOBS
(TX Bar No. 24091154)
J. STEPHEN TAGERT
(VA Bar No. 99641)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel.: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

Defendants' Motion to Dissolve or, Alternatively, to Stay this Court's October 5, 2025 Temporary Restraining Order

4