DAN RAYFIELD
Attorney General
BENJAMIN GUTMAN
Solicitor General
DUSTIN BUEHLER
Special Counsel
SCOTT KENNEDY #T25070201, D.C. Bar #1658085
BRIAN SIMMONDS MARSHALL #196129
THOMAS CASTELLI #226448
IAN VAN LOH #225163
RACHEL SOWRAY #095159
LEANNE HARTMANN #T25070201, Mass. BBO #667852
Senior Assistant Attorneys General
ALEXANDER C. JONES #213898
DEREK OLSON #225504
Assistant Attorneys General
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Scott.Kennedy@doj.oregon.gov

*Counsel for the State of Oregon*

[Additional counsel to appear on signature page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STATE OF OREGON, et al.,<br><br>  Plaintiffs<br><br>  v.<br><br>DONALD TRUMP, in his official capacity as President of the United States, et al.,<br><br>  Defendants. | Case No. 3:25-cv-01756-IM<br><br>**PLAINTIFFS' PRETRIAL BRIEF ON EVIDENTIARY ISSUES** |

## TABLE OF CONTENTS

A.  Excerpts of depositions of defendants' employees should be admitted .............................. 2

B.  Exhibits 301 to 304, 306, and Exhibit 773 should be admitted under Rule 1006. ............. 5

Page 1 - PLAINTIFFS' PRETRIAL BRIEF ON EVIDENTIARY ISSUES

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4793

Plaintiffs seek to admit as evidence excerpts from depositions and several summaries of admissible but voluminous evidence. The Court should overrule Defendants' objections to both categories of exhibits. The deposition excerpts are statements made by Defendants' employees related to matters within the scope of their employment and are, therefore, admissible as statements of party-opponents under Federal Rule of Evidence 801(d)(2)(D). The summary exhibits are based on underlying evidence that is admissible and has been provided to Defendants for their review. They are admissible pursuant to Federal Rule of Evidence 1006.

A.     **Excerpts of depositions of defendants' employees should be admitted**

Plaintiffs seek to introduce excerpts from the depositions of three Department of Homeland Security employees (ICE Field Director Cammilla Wamsley, FPS Region 10 Deputy Director Robert Cantu, and FPS Commander William Turner), and one Department of War officer (National Guard Bureau Acting Vice Chief Major General Timothy Rieger). Defendants object to the admission of excerpts from those depositions.

The deposition excerpts are admissible as party-opponent statements under Federal Rule of Evidence 801(d)(2)(D). That Rule provides that a statement is "not hearsay" if it "is offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). The Rule thus sets forth "three elements": "(1) the statement must be made by an agent or employee of the party against whom the statement is being offered; (2) the statement must concern a matter within the scope of that employment relationship; and (3) the statement must be made while the declarant is yet employed by the party." *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 999 (9th Cir. 2019).

Here, the first element of Rule 801(d)(2)(D) is satisfied because each of the deponents is an agent or employee of a party against whom the statements are offered—either of the Department of Homeland Security or of the Department of War. The second element is satisfied because the deposition excerpts "concern a matter that was at some time within the scope of the

Page 2 -    PLAINTIFFS' PRETRIAL BRIEF ON EVIDENTIARY ISSUES

declarant's employment." *See id.* Director Wamsley, Deputy Director Cantu, and Commander Turner testified in their depositions about the security situation at the Portland ICE facility and about DHS's ability to enforce immigration laws or otherwise execute the law. Major General Rieger testified about the National Guard Bureau, the federalization and deployment of National Guard members to Portland, and about his role in that process. All of those topics concern matters that were "at some time within the scope of the [declarant's] employment." *See id.*; *see also id.* ("[A] matter may fall within the scope of declarant's employment even though the declarant did not have final decision-making authority on that matter."). Finally, the third element is satisfied because each statement was "made while the [deponent] [was] yet employed by the party." *See id.* At the time of the depositions, each of the deponents was still employed by either the Department of Homeland Security or the Department of War. Therefore, when offered against those agencies, the deposition excerpts are "not hearsay." *See* Fed. R. Evid. 801(d)(2)(D).

Defendants argue that, even if the deposition testimony is not hearsay, it must also satisfy the requirements of Federal Rule of Civil Procedure 32. That is incorrect. Federal Rule of Evidence 801(d) and Federal Rule of Civil Procedure 32 each provide independent grounds for admissibility of deposition testimony. Rule 32 creates "an independent exception to the hearsay rule," allowing for the admission of deposition testimony that would otherwise be barred by the Federal Rules of Evidence. *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 914 (9th Cir. 2008) (testimony admitted under Fed R. Civ. P. 32 need not satisfy the requirements of Fed. R. Evid. 804). If deposition excerpts are admissible under the Federal Rules of Evidence themselves—pursuant to an exception to the hearsay rule or an exclusion from the definition of hearsay—then "Fed. R. Civ. P. 32 has no application to their admissibility." *Coleman v. Wilson*, 912 F. Supp. 1282, 1295 (E.D. Cal. 1995).

"Deposition testimony is normally inadmissible hearsay, but [Federal Rule of Civil Procedure] 32(a) creates an exception to the hearsay rules." *Nationwide*, 541 F.3d at 914 (quoting *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 962–63 (10th Cir. 1993)). Rule 32

"was intended to 'eliminate[] the possibility of certain technical hearsay objections which are based, not on the contents of deponent's testimony, but on his absence from court.'" *Id.* (quoting Fed R. Civ. P. 32 advisory committee's note). Thus, Rule 32 is not an additional requirement *on top of* the rule against hearsay; rather, Rule 32 itself "is an independent exception to the hearsay rule." *Id.* The Federal Rules of Evidence themselves allow for such independent exceptions. Under Federal Rule of Evidence 802, hearsay is admissible where allowed by the Federal Rules of Evidence, by "a federal statute," or by "other rules prescribed by the Supreme Court." Fed. R. Evid. 802. Rule 32 "is one of these 'other rules.'" *Nationwide*, 541 F.3d at 914 (citing Fed. R. Evid. 802 advisory committee's note). Accordingly, when a deposition is admissible under one of the subsections of Rule 32, it need not also meet the requirements for admissibility set forth in the rules related to hearsay under the Federal Rules of Evidence. *See id.* ("[B]ecause [the deposition] testimony properly was admitted under Rule 32(a)(4)(B), it need not also meet the requirements for admissibility set forth in Rule 804(b)(1).").

"Depositions may *also* be independently admissible under the Federal Rules of Evidence." *Angelo*, 11 F.3d at 963 (emphasis added). Indeed, Rule 32(a)(2) itself provides that "[a]ny party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or *for any other purpose allowed by the Federal Rules of Evidence*." Fed. R. Civ. P. 32(a)(2) (emphasis added). Accordingly, courts have repeatedly rejected "the notion . . . that Rule 32 somehow trumps the Evidence Rules." *Aircraft Gear Corp. v. Kaman Aerospace Corp.*, No. 93 C 1220, 1996 WL 65990, at *1 (N.D. Ill. Feb. 12, 1996).

To the contrary, courts have repeatedly recognized that, if deposition testimony is admissible under the Federal Rules of Evidence—either as non-hearsay or as an exception to the hearsay rule—then it need not also meet the requirements of Rule 32. *See Angelo*, 11 F.3d at 963 (considering whether deposition testimony was "admissible under Fed. R. Civ. P. 32(a) *or* Fed. R. Evid. 804" (emphasis added)); *Coleman*, 912 F. Supp. at 1295 (if deposition excerpts are admissions of party-opponents under Fed. R. Evid. 801(d)(2)(C) and (D), "they are not hearsay

and Fed R. Civ. P. 32 has no application to their admissibility"); *Fair Fight Action, Inc. v. Raffensperger*, 599 F. Supp. 3d 1337, 1343 n.9 (N.D. Ga. 2022) ("Depositions admissible under Fed. R. Evid. 801(d)(2) need not be separately analyzed under Fed. R. Civ. P. 32(a)."); *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 574 (S.D.N.Y. 2017) ("Rule 801 (d)(2)(D) provides an independent basis—separate from Rule 32(a)(3)—for admitting deposition testimony."); *GTE Prods. Corp. v. Gee*, 115 F.R.D. 67, 69 (D. Mass. 1987) (party can seek to have deposition testimony admitted at trial "*either* pursuant to Rule 32(a)(2), F.R.Civ.P. *or* Rule 801(d)(2)(D), F.R.Evid." (emphasis added)); *Carpenter v. Forest Meadows Owners Ass'n*, No. 1:09-cv-01918-JLT, 2011 WL 3207778, at *5 (E.D. Cal. July 27, 2011) ("[T]he Federal Rules of Evidence provide an independent basis from Rule 32(a)(3) for admitting deposition testimony."); *Johnson v. Big Lots Stores, Inc.*, Civil Action Nos. 04-3201, 05-6627, 2008 WL 2191482, at *3 (E.D. La. Apr. 29, 2008) ("Federal Rule of Evidence 801(d)(2) provides a ground for the admission of . . . deposition testimony that is independent from Federal Rule of Civil Procedure 32(a).").

In this case, the deposition excerpts in question are statements by Department of Homeland Security and Department of War personnel, "concern[ing] . . . matter[s] within the scope of [their] employment relationship," "made while [each] declarant [was] yet employed by" one of those agencies. *See Weil*, 922 F.3d at 999 (citing Fed. R. Evid. 801(d)(2)(D)). When offered against those agencies, those statements are "not hearsay and [Federal Rule of Civil Procedure] 32 has no application to their admissibility." *See Coleman*, 912 F. Supp. at 1295.

**B.     Exhibits 301 to 304, 306, and Exhibit 773 should be admitted under Rule 1006.**

The City of Portland's Exhibits 301, 302, 303, 304, 306, and 773 are admissible as summaries and charts of the underlying evidence. There are only two requirements for admitting a summary or chart under Rule 1006: "A proponent of summary evidence must establish that the underlying materials upon which the summary is based (1) are admissible in evidence and (2) were made available to the opposing party for inspection." *United States v. Rizk*, 660 F.3d 1125,

Page 5 -    PLAINTIFFS' PRETRIAL BRIEF ON EVIDENTIARY ISSUES

1130 (9th Cir. 2011); *see also* Fed. R. Evid. 1006(a), (b). The purpose of the rule is to allow summary evidence that "prove[s] the contents of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006(a). Both requirements of 1006 are met here, and this Court should accordingly admit the exhibits as substantive evidence. *See* Fed. R. Evid. 1006 advisory committee note (". . . Rule 1006 summaries must be admitted as substantive evidence . . . .").

For the first requirement, the underlying evidence here is admissible. With regard to Exhibits 301, 302, 303, 304, and 306, Defendants have already stipulated to admissibility for all of the underlying evidence on which the summaries and charts rely. And for Exhibit 773, the underlying data are statements of a party opponent for which the Defendants have stipulated to admissibility. The first requirement is easily met here.

Turning to the second requirement, all of the underlying evidence is available for the Defendants' inspection. Indeed, Exhibits 301, 302, 303, and 306, each specifically cross-reference the relevant exhibits for each referenced day. As to Exhibit 304, copies of the underlying data have been made available to Defendants for inspection and are submitted as Exhibits in this case. Defendants have had copies of that evidence since October 22, 2025. And the data underlying Exhibit 773 is the Federal Government's own data. Within the context of these accelerated proceedings, the five days Defendants have had to inspect the underlying evidence meets the requirements of Rule 1006. Especially so, given that the summaries are readily verifiable with the relevant exhibits cross-referenced.

Defendants' opposition to admission of the summaries and charts is without merit. If the objection is a dispute about the accuracy of either the underlying evidence or the summary or chart, then that goes to the weight of the evidence, not to its admissibility. Indeed, the purpose of requiring that the underlying evidence be made available to the other side is so that the opponent party has the information necessary to make arguments about the weight. *See* 2 McCormick on Evid. § 241 (9th ed.) ("[T]he underlying originals must be made available for examination and

copying by other parties in time to permit them to check the summary for any errors or inconsistencies and for purposes of cross-examination."). Nothing in Rule 1006 requires a showing of "accuracy" as a prerequisite to admissibility.

To the extent that Defendants' opposition is because they have stipulated to admission of the underlying exhibits, then that objection fails too. The 2024 amendments to Rule 1006 specifically provide that summaries or charts based on admissible documents may be admitted "whether or not [the underlying documents] have been introduced into evidence." Fed. R. Evid. 1006(a). "Summaries that are otherwise admissible under Rule 1006 are not rendered inadmissible because the underlying documents have been admitted, in whole or in part, into evidence." *Id.* advisory committee note; *contra United States v. Anekwu*, 695 F.3d 967, 981 (9th Cir. 2012) (stating, prior to 2024 amendments, that "charts or summaries of testimony or documents already admitted into evidence are merely pedagogical devices, and are not evidence themselves.").

Exhibits 301, 304, and 773 can alternatively be admitted under Rule 107 as illustrative aids. As a practical matter, that is a distinction without a difference in this bench trial, because illustrative aids "used at trial must be entered into the record," when practicable. Fed. R. Evid 107(c).

In sum, the Court should admit Exhibits 301, 302, 303, 304, 306 and 773 as summaries and charts of voluminous content under Rule 1006. The underlying evidence is undoubtedly voluminous—hundreds of exhibits. Examination of each of those exhibits would be inconvenient and unduly time-consuming, and this Court should thus admit the summary exhibits consistent with the purposes of the rule.

DATED October 27, 2025.

                                          Respectfully submitted,

DAN RAYFIELD
Attorney General
BENJAMIN GUTMAN
Solicitor General
DUSTIN BUEHLER
Special Counsel

*s/ Alexander C. Jones*
SCOTT KENNEDY #T25070201, D.C. Bar #1658085
BRIAN SIMMONDS MARSHALL #196129
THOMAS CASTELLI #226448
IAN VAN LOH #225163
RACHEL SOWRAY #095159
LEANNE HARTMANN #T25070201, Mass. BBO #667852
Senior Assistant Attorneys General
ALEXANDER C. JONES #213898
DEREK OLSON #225504
Assistant Attorneys General
100 SW Market Street
Portland, OR 97201
971-673-1880
Scott.Kennedy@doj.oregon.gov
Brian.S.Marshall@doj.oregon.gov
Thomas.Castelli@doj.oregon.gov
Ian.VanLoh@doj.oregon.gov
Rachel.Sowray@doj.oregon.gov
Leanne.Hartmann@doj.oregon.gov
Alex.Jones@doj.oregon.gov
Derek.Olson@doj.oregon.gov

*Counsel for the State of Oregon*

ROBERT TAYLOR #044287
Portland City Attorney

*s/ Caroline Turco*
CAROLINE TURCO #083813
Senior Deputy City Attorney
NAOMI SHEFFIELD #170601
Chief Deputy City Attorney
1221 SW Fourth Avenue
Fourth Floor, Room 430
Portland, OR 97204
Tel: (503) 823-4047
Fax: (503) 823-3089
Caroline.Turco@portlandoregon.gov
Naomi.Sheffield@portlandoregon.gov

*Counsel for the City of Portland*

**ROB BONTA**
Attorney General of California

*s/ Jane Reilley*
Michael L. Newman
Thomas S. Patterson
Senior Assistant Attorneys General
Anya M. Binsacca
Marissa Malouff
James E. Stanley
Supervising Deputy Attorneys General
Jesse Basbaum
Barbara Horne-Petersdorf
Jane Reilley
Meghan H. Strong
Deputy Attorneys General
455 Golden Gate Ave.
San Francisco, CA 94102
Telephone: (415) 510-3879
E-mail: Jane.Reilley@doj.ca.gov

*Counsel for the State of California*