BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON (NE Bar No. 25886)
Deputy Assistant Attorney General
ALEXANDER K. HAAS (CA Bar No. 220932)
Branch Director
JEAN LIN (NY Bar No. 4074530)
Special Litigation Counsel
TIBERIUS DAVIS (DC Bar No. 90020605)
JOHN BAILEY (Ohio Bar No. 104260)
Counsel to Assistant Attorney General
MICHAEL J. GERARDI (DC Bar No. 1017949)
Senior Trial Counsel
CHRISTOPHER D. EDELMAN (DC Bar No. 1033486)
Senior Counsel
KATHLEEN C. JACOBS (TX Bar No. 24091154)
BENJAMIN S. KURLAND (DC Bar No. 1617521)
JODY D. LOWENSTEIN (MT Bar No. 55816869)
J. STEPHEN TAGERT (VA Bar No. 99641)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-8659
christopher.edelman@usdoj.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION**

| | |
|---|---|
| STATE OF OREGON and the CITY OF PORTLAND,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*, in their official capacities,<br><br>*Defendants*. | Case No. 3:25-cv-01756-SI<br><br>**DEFENDANTS' BRIEF REGARDING EVIDENTIARY ISSUES RELATED TO TRIAL** |

Defendants respectfully submit this brief relating to two categories of evidence that Plaintiffs propose using at trial: (1) Defendants' witness deposition transcripts (Oregon Exs. 158-165), which Plaintiffs intend to move into evidence under Federal Rule of Civil Procedure 32(a)(3), and (2) summaries of exhibits under Federal Rule of Evidence 1006 (City of Portland Exs. 301-306). Neither should be admitted. Defendants are making all of their witnesses available to testify at trial, as the Court asked. Because they are testifying live, there is no basis in law to admit their deposition transcripts. Rule 32(a)(3) creates a narrow exception to this rule that is inapplicable here because Defendants' witnesses do not have the authority to bind the agencies for which they speak. The summaries should be excluded because the individuals who prepared them have not been deposed and there is no time to cross-examine at trial, and because Rule 1006 should be invoked only when there are no other practicable means to present the evidence. Further, there is simply no time for Defendants to be able to evaluate the summaries to determine whether they are accurate.

## I.     The Court Should Not Admit Defendants' Deposition Testimony for Substantive Purposes.

The Court should deny Plaintiffs' attempt to include the deposition testimony of Defendants' witnesses for at least two reasons.

*First*, Plaintiffs cannot demonstrate that the criteria in Federal Rule of Civil Procedure 32(a)(3) are met. Rule 32 permits deposition transcripts to be used at trial as substantive evidence if the witness is unavailable, Rule 32(a)(4), or if the criteria in Rule 32(a)(3) are met, which is that the witness must be (1) a party; (2) a "party's officer, director, managing agent"; or (3) a "designee under Rule 30(b)(6) or 31(a)(4)." Fed. R. Civ. P. 32(a)(3). None of the witnesses is a party, so category (1) does not apply. And categories (2) and (3) are limited to individuals who can either bind the party because they have the power to speak for it as a result of their position, or because the party has decided to designate that person to speak for the party pursuant to Rule 30(b)(6) or 31(a)(4). Indeed, the terms in this rule must be interpreted in light of the "neighboring words with which it is associated." *United States v.*

Defendants' Brief Regarding Evidentiary Issues Related to Trial

2

*Williams*, 553 U.S. 285, 294 (2008). Officer, director, or manager is listed along with a 30(b)(6) witness and thus should be interpreted similarly. Unlike a fact witness deposition which "binds only that witness," a "30(b)(6) deposition binds the organization as a whole." *McEvoy v. Washington Cnty. / Washington Cnty. Dist. Attorney's Off.*, No. 3:24-CV-01497-AR, 2025 WL 2655081, at *7 (D. Or. Sept. 16, 2025). So similarly, an officer, director, or "managing agent" is someone who can speak on behalf of a party and potentially bind them. For example, to be a "managing agent," the witness must have "sufficient power and discretion" to have his interests "identified with those of his principal and on the nature of his functions, responsibilities and authority." *Crimm v. Missouri Pac. R. Co.*, 750 F.2d 703, 708 (8th Cir. 1984) (citation omitted). The Rule does not include mere employees of a defendant, such as the four witnesses for Defendants here. *Cf.* Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.) ("A distinction must then be drawn between a mere corporate employee and those who may be regarded as speaking for the corporation. Except where the employee has been designated by the corporation under Rule 30(b)(6), an employee is treated in the same way as any other witness.").

In conferring on this issue, Plaintiffs asserted that the admission of the transcripts was justified under Federal Rule of Evidence 801(d). But Rule 801(d) is only a rule of evidentiary admissibility. Even if Rule 801(d) clears the way for a statement to come into evidence, it does not override Rule 32's procedural limitations on using a declaration when a witness is available to testify live. Although the Ninth Circuit has said that complying with Rule 32(a) is an exception to the hearsay rule because Rule 802 notes that Rule 32(a) is an exception, *see Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 914 (9th Cir. 2008), the reverse is not true--all parties wanting to use depositions for substantive purposes must comply with Rule 32(a)(3).

Here, none of Defendants' witnesses (Cammilla Wamsley, William Turner, Robert Cantu, and Timothy Rieger) are "officer[s], director[s], or managing agent[s]," and none was designated under Rule 30(b)(6) or Rule 31(a)(4). All are mere employees of their broader respective agencies and

generally are required to have "higher approval for decisions of substance in regard to general operations of" their respective agencies. *See Young & Assocs. Pub. Rels., L.L.C. v. Delta Air Lines, Inc.*, 216 F.R.D. 521, 524 (D. Utah 2003) (concluding that employees of defendant corporation who needed approval from others in the chain of command were not "managing agents"). None of them has the authority to speak on behalf of or bind their respective agencies.

In addition, the Court should be hesitant to apply Rule 32(a)(3) to federal agencies. Unlike private corporations or similar-sized organizations where ultimate decision-making authority is more easily discernable, the federal government operates differently. The Rule is supposed to apply in situations like in *Crimm v. Missouri Pac. R. Co.*, where a manager who was "responsib[le] for 56,000 employees and 4,300 miles of track" was deposed regarding his corporate employer. 750 F.2d at 709. Determining the same authority in the federal government is, by contrast, not straightforward. All four of Defendants' witnesses have chains of command above them and are not heads of their agencies, nor have they been designated by Defendants to speak for the agencies under Rule 30(b)(6) or 31(a)(4).

*Second*, even if the criteria for Rule 32(a)(3) were met, the evidence should be excluded under Federal Rule of Evidence 403 because it would be a waste of time to include them. The Court was clear that it wanted to hear live testimony subject to cross-examination. *See, e.g.*, Oct. 15, 2025 Hearing Tr. at 6-7. All four defense witnesses will be available for trial, and it would be a waste of resources for both the parties and the Court to address the objections raised in the depositions rather than focusing on live testimony. Indeed, the Court's desire to have live testimony is the reason why the Court decided against allowing the parties to first pursue summary judgment instead, which would have been the stage to use deposition testimony.

The Court should thus exclude Oregon Exhibits 158-165 from the trial record.

## II. The Proposed FRE 1006 Summaries Should Be Excluded.

Plaintiffs have proposed admitting as evidence summaries they prepared to prove the content of their exhibits under Federal Rule of Evidence 1006. Such summaries could include cherry-picked statements from the exhibits that Defendants have no time to examine. *See* Portland Ex. List 301-306. Moreover, those summaries are inadmissible here because the individuals who prepared them have not been subjected to any deposition testimony and will not be subject to cross-examination at trial.

Federal Rule of Evidence 1006 permits a proponent to "use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." But those summaries are admissible only when "(1) the charts fairly summarize voluminous trial evidence; (2) they assist the [factfinder] in understanding the testimony already introduced; and (3) the witness who prepared the charts is subject to cross-examination with all documents used to prepare the summary." *United States v. Hawkins*, 796 F.3d 843, 865 (8th Cir. 2015) (citation omitted); *see also Montana Land & Min. Owners Ass'n, Inc. v. Devon Energy Corp.*, No. CV 05-30-H-DWM, 2006 WL 1876859, at *3 (D. Mont. June 2, 2006 ("Testimony from the preparer of the summary usually is required to establish the foundational facts necessary to establish relevance and authentication."). Rule 1006 should be invoked only when "[t]he admission of summaries of voluminous books, records, or documents offers the only practicable means of making their contents available to judge and jury." Fed. R. Evid. 1006, 1972 Advisory Committee's Note.

Here, those criteria are not met. Plaintiffs did not propose introducing summaries as evidence at trial until Saturday, October 25, and Defendants did not receive a copy of such summaries until Sunday, October 26. Defendants will not have any reasonable opportunity to assess the accuracy of the summaries. In addition, because this is a bench trial after which the Court can examine all the relevant documents that Plaintiffs are able to put into evidence, the summaries are not "the only practicable means of making their contents available to" the Court. Fed. R. Evid. 1006, 1972 Advisory Committee's Note; *see United States v. Johnson*, 594 F.2d 1253, 1255 (9th Cir. 1979) ("The purpose of

Rule 1006 is to allow the use of summaries when the volume of documents being summarized is so large as to make their use impractical or impossible."). Indeed, Plaintiffs have chosen to put into evidence these exhibits as well as their summaries. The Court can examine those documents itself, without summaries that have not been tested by cross-examination. Plaintiffs should not be permitted to select hundreds of exhibits for admission, claim that they are voluminous, and then use that as an excuse to prove their contents by providing a potentially one-sided "summary" on such a truncated schedule in a manner that appears to be prejudicial to Defendants. Indeed, with trial starting in less than two days, there is no time for Defendants to determine the accuracy of the summaries. Defendants are already working under extremely compressed time to prepare their witnesses for trial, to apply redactions to documents for public use, and to prepare exhibits for trial. Admission of the summaries now would prejudice Defendants, even if such admission were permitted by the Rule, which it is not. The Court should thus not admit the summaries into evidence.

Dated: October 27, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
(NE Bar No. 25886)
Deputy Assistant Attorney General
Federal Programs Branch

ALEXANDER K. HAAS
(CA Bar No. 220932)
Branch Director
Federal Programs Branch

JEAN LIN
(NY Bar No. 4074530)
Special Litigation Counsel
Federal Programs Branch

TIBERIUS DAVIS
(DC Bar No. 90020605)

Defendants' Brief Regarding Evidentiary Issues Related to Trial

JOHN BAILEY
(Ohio Bar No. 104260)
Counsel to Assistant Attorney General


/s/ *Michael J. Gerardi*
MICHAEL J. GERARDI
(DC Bar No. 1017949)
Senior Trial Counsel
CHRISTOPHER D. EDELMAN
(DC Bar No. 1033486)
Senior Counsel
KATHLEEN C. JACOBS
(TX Bar No. 24091154)
BENJAMIN S. KURLAND
(DC Bar No. 1617521)
JODY D. LOWENSTEIN
(MT Bar No. 55816869)
J. STEPHEN TAGERT
(VA Bar No. 99641)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel.: (202) 305-8659
christopher.edelman@usdoj.gov

*Counsel for Defendants*