BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON (NE Bar No. 25886)
Deputy Assistant Attorney General
ALEXANDER K. HAAS (CA Bar No. 220932)
Branch Director
JEAN LIN (NY Bar No. 4074530)
Special Litigation Counsel
TIBERIUS DAVIS (DC Bar No. 90020605)
JOHN BAILEY (Ohio Bar No. 104260)
Counsel to Assistant Attorney General
MICHAEL J. GERARDI (DC Bar No. 1017949)
Senior Trial Counsel
CHRISTOPHER D. EDELMAN (DC Bar No. 1033486)
Senior Counsel
KATHLEEN C. JACOBS (TX Bar No. 24091154)
J. STEPHEN TAGERT (VA Bar No. 99641)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-8659
christopher.edelman@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| STATE OF OREGON and the CITY OF PORTLAND,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*, in their official capacities,<br><br>*Defendants*. | Case No. 3:25-cv-01756-SI<br><br>**Defendants' Motion to Seal** |

## LOCAL RULE 7-1 CERTIFICATION

Counsel for Defendants conferred with counsel for Plaintiffs the State of Oregon, the State of California, and the City of Portland (Plaintiffs). Plaintiffs do not oppose this motion.

## MOTION

Defendants move to seal various exhibits that contain highly sensitive information for the upcoming trial. Under this District's Local Rules 26-4(b) and 5-2(e), Parties can move to seal documents pursuant to a court entered protective order. The Court entered a Stipulated Protected Order here. ECF 88. The exhibits Defendants move to seal were all designated as confidential or highly confidential under the Protective Order. Because the Protective Order does not apply to trial, however, Defendants must move to seal these documents separately.

Defendants thus request that the Court enter an order directing that the exhibits discussed below be maintained under seal during and following the trial. Moreover, in the event that there is any discussion or display of the sealed information during trial, Defendants respectfully request that the Court close the session (i.e., the courtroom be restricted to counsel of record and court personnel; any transcript of those portions of the proceedings be maintained under seal; and the public audio access be terminated during the pendency of any such discussions). These measures are likely to have a minimal impact on the public nature of the trial, as only a handful of documents need to be sealed compared to the hundreds of documents offered as exhibits.

The party seeking to seal documents must make a "particularized showing" under the "good cause" standard of Rule 26(c). *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quotation omitted). Defendants easily satisfy the standard. Defendants seek to seal documents for two limited and particularized reasons.

First, the Department of Homeland Security's 3155 documents must remain fully sealed because the documents explain in detail how and when law enforcement officers respond to certain events. If this sensitive information becomes public, it may allow criminals to better predict and evade law enforcement and countermeasures. This could undermine public safety and law enforcement operations while putting federal officers at risk of serious injury. *See Al Otro Lado, Inc. v. Wolf*, 2020 WL 3487823, at *8 (S.D. Cal. June 26, 2020) ("Defendants' representation that these documents contain confidential and sensitive law-enforcement information that could harm CBP's and other entities' operations if publicly disclosed are sufficient to establish good cause for sealing"). This category includes 56 exhibits: Exhibits 1001-1045 and 1141-1151.

Second, the Department of War has a number of documents that contain controlled unclassified information (CUI) that requires sealing. CUI is governed by Executive Order 13556 (Nov. 4, 2010), which directed the creation of uniform policy for the handling of CUI, including sensitive information such as information that involves privacy (including PII), security, proprietary business interests, and law enforcement investigations. The implementing regulation, 32 C.F.R. § 2002.04(h), defines CUI as "information the Government creates or possesses … that a law, regulation, or Government-wide policy requires or permits an agency to handle using safeguarding or dissemination controls." Agencies must decontrol CUI before it can be made public. *Id.* Here, DoW conducted an expedited review of the material designated for use at trial and determined that many of the CUI material in the documents marked as exhibits may be decontrolled, though DoW was affected by the lapse in appropriations because some of the individuals in charge of this information were furloughed. However, a small subset of the material was deemed too sensitive to be decontrolled at this time for reasons including those outlined below, necessitating a motion to seal that information. Those documents are orders of the U.S. Northern Command, which include sensitive information about operational risks related to the execution of operations, missions, and exercises; the timing, actions,

and activities required to accomplish assigned missions; readiness; emerging tactics, techniques, and procedures; security and force protection posture; and planning and execution orders. Making this information public would expose details about the methods and means of planning operations that could compromise planned and future operations. This category includes only 2 exhibits: Defendants' Exhibits 1060 and 1061.

Courts have sealed CUI containing much less sensitive material. *See United States ex rel. Kelly v. Serco, Inc.,* 2014 WL 12675246, at *4 (S.D. Cal. Dec. 22, 2014); *JET Sys., LLC v. J.F. Taylor, Inc.*, 2025 WL 2659842, at *13–14 (D. Md. Sept. 17, 2025). Indeed, the court in *Newsom v. Trump*, 3:25-cv-04870, Dkt. 181, granted an unopposed motion to seal for similar documents. This Court should follow suit.

## CONCLUSION

The Court should grant Defendants' Motion to Seal the listed exhibits for the purpose of trial.

Dated:   October 28, 2025                         Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
(NE Bar No. 25886)
Deputy Assistant Attorney General
Federal Programs Branch

ALEXANDER K. HAAS
(CA Bar No. 220932)
Branch Director
Federal Programs Branch

JEAN LIN
(NY Bar No. 4074530)
Special Litigation Counsel
Federal Programs Branch

/s/ *Tiberius Davis*
TIBERIUS DAVIS
Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202) 514-2000
tiberius.davis@usdoj.gov
(DC Bar No. 90020605)

JOHN BAILEY
(Ohio Bar No. 104260)
Counsel to Assistant Attorney General


MICHAEL J. GERARDI
(DC Bar No. 1017949)
Senior Trial Counsel
CHRISTOPHER D. EDELMAN
(DC Bar No. 1033486)
Senior Counsel
KATHLEEN C. JACOBS
(TX Bar No. 24091154)
J. STEPHEN TAGERT
(VA Bar No. 99641)

*Counsel for Defendants*