DAN RAYFIELD
Attorney General
BENJAMIN GUTMAN
Solicitor General
DUSTIN BUEHLER
Special Counsel
SCOTT KENNEDY #T25070201, D.C. Bar #1658085
BRIAN SIMMONDS MARSHALL #196129
THOMAS CASTELLI #226448
IAN VAN LOH #225163
RACHEL SOWRAY #095159
LEANNE HARTMANN #T25070201, Mass. BBO #667852
Senior Assistant Attorneys General
ALEXANDER C. JONES #213898
DEREK OLSON #225504
Assistant Attorneys General
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Scott.Kennedy@doj.oregon.gov

*Counsel for the State of Oregon*

[Additional counsel to appear on signature page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STATE OF OREGON, et al., <br><br> Plaintiffs <br><br> v. <br><br> DONALD TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-01756-IM <br><br> OBJECTIONS TO DEFENDANTS' COUNTER DESIGNATIONS |

**Objections to Defendants' Counter Designations of Deposition Testimony**

In response to Plaintiffs' designation of statements made by Defendants' employees in their depositions, Defendants have provided counter-designations. "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part-- or any other statement--that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Fed. R. Evid. 106. Rule 106 codifies the common law Rule of Completeness, which applies the introduction of a portion of a document may lead to "misunderstanding or distortion," which "can be averted only through presentation of another portion." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988). The Rule does not require the admission of just any additional statement in a writing or statement simply because the adverse party introduced an edited version. *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014). "In other words, if the 'complete statement [does] not serve to correct a misleading impression' in the edited statement that is created by taking something out of context, the Rule of Completeness will not be applied to admit the full statement." *Id*. (quoting *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996), *as amended* (Oct. 21, 1996)).

*Deposition Transcript of Deputy Regional Director, Federal Protective Services, W.T. (Ex. 164)*

| Transcript Citation | Objection |
|---|---|
| 158:17-159:18 | The designated excerpt of the deposition concerns the witness's requests for assistance to the Portland Police Bureau, which are unrelated to any of Plaintiffs' designations. Because the offered statements do not correct any possible misunderstanding or distortion created by the edited transcript, Rule 106 does not apply. |
| 164:12-165:18 | The designated excerpt of the deposition concerns the witness's conversations with the Portland Police Bureau, which are unrelated to any of Plaintiffs' designations. Because the offered statements do not correct any possible misunderstanding or distortion created by the edited transcript, Rule 106 does not apply. |
| 231:11-233:2 | The designated excerpt of the deposition concerns the witness's conversations with the Portland Police Bureau, which are unrelated to any of Plaintiffs' designations. Because the offered statements do not |

| | |
|---|---|
| | correct any possible misunderstanding or distortion created by the edited transcript, Rule 106 does not apply. |
| 233:7-234:14 | The designated excerpt of the deposition concerns the witness's conversations with the Portland Police Bureau, which are unrelated to any of Plaintiffs' designations. Because the offered statements do not correct any possible misunderstanding or distortion created by the edited transcript, Rule 106 does not apply |
| 234:19-236:1 | The designated excerpt of the deposition concerns the witness's conversations with the Portland Police Bureau, which are unrelated to any of Plaintiffs' designations. Because the offered statements do not correct any possible misunderstanding or distortion created by the edited transcript, Rule 106 does not apply<br><br>Plaintiffs preserved a contemporaneous object to the designation at 233:25-234:9 because the question was vague. |
| 236:5-13 | The designated excerpt of the deposition concerns the witness's opinions concerning the Portland Police Bureau's conduct, which are unrelated to any of Plaintiffs' designations. Because the offered statements do not correct any possible misunderstanding or distortion created by the edited transcript, Rule 106 does not apply.<br><br>The testimony is also irrelevant as it constitutes the witness's opinions based on his speculation of the internal workings of the Portland Police Bureau and is not based on his actual knowledge. |
| 236:24-238:7 | No objection. |
| 239:19-241:5 | The designated excerpt of the deposition concerns the witness's beliefs concerning whether FPS or other agencies are performing their regular law enforcement duties while at the Portland facility, which are unrelated to any of Plaintiffs' designations. Because the offered statements do not correct any possible misunderstanding or distortion created by the edited transcript, Rule 106 does not apply |
| 242:17-244:1 | The designated excerpt of the deposition concerns the witness's conversations and interactions with the Portland Police Bureau, which are unrelated to any of Plaintiffs' designations. Because the offered statements do not correct any possible misunderstanding or distortion created by the edited transcript, Rule 106 does not apply |
| 244:12-247:13 | The designated excerpt of the deposition concerns the witness's conversations with the Portland Police Bureau and the witness's opinions concerning the Portland Police Bureau's conduct, which are unrelated to any of Plaintiffs' designations. Because the offered statements do not correct any possible misunderstanding or distortion created by the edited transcript, Rule 106 does not apply |
| 247:22-248:9 | The designated excerpt of the deposition concerns the witness's opinions concerning the Portland Police Bureau's conduct, which are unrelated to any of Plaintiffs' designations. Because the offered |

Page 3 -   OBJECTIONS TO DEFENDANTS' COUNTER DESIGNATIONS

|  | statements do not correct any possible misunderstanding or distortion created by the edited transcript, Rule 106 does not apply.<br><br>The testimony is also irrelevant as it constitutes the witness's opinions based on his speculation of the internal workings of the Portland Police Bureau and its motivations and is not based on his actual knowledge. |
|---|---|

*Deposition Transcript of Incident Commander, Federal Protective Services, R.C. (Ex. 160)*

| Transcript Citation | Objection |
|---|---|
| 61:23-62:25 | No objection |
| 162:24-163:6 | No objection |
| 208:13-209:5 | No objection |
| 267:5-21 | No objection |
| 282:2-11 | No objection |

*Deposition Transcript of ICE Regional Director, Cammilla Wamsley (Ex. 162)*

| Transcript Citation | Objection |
|---|---|
| 35:16-25 | No objection |
| 36:8-12 | No objection |
| 37:16-38:5 | No objection |
| 53:15-54:8 | No objection |
| 76:4-11 | No objection |
| 94:19-95:2 | No objection |
| 95:24-96:20 | No objection |
| 102:19-103:11 | No objection |
| 104:20-105:10 | No objection |
| 108:23-109:3 | No objection |
| 110:19-23 | No objection |
| 121:11-122:4 | No objection |
| 124:4-14 | No objection |
| 140:13-21 | No objection |
| 145:20-146:4 | No objection |
| 146:22-147:7 | No objection |
| 148:25-149:21 | No objection |
| 152:3-9 | No objection |
| 155:20-24 | No objection |
| 156:21-157:16 | No objection |
| 172:18-173:4 | No objection |
| 174:25-175:18 | No objection |
| 176:12-19 | No objection |
| 181:19-182:9 | No objection |
| 186:17-24 | No objection |
| 188:3-10 | No objection |

Page 4 -   OBJECTIONS TO DEFENDANTS' COUNTER DESIGNATIONS

| | |
|---|---|
| 189:20-190:13 | No objection |
| 193:22-194:21 | No objection |
| 199:25-200:16 | No objection |
| 203:25-204:10 | No objection |
| 238:18-239:10 | No objection |
| 239:16-24 | No objection |
| 243:6-20 | No objection |

*Deposition Transcript of Major General Timothy L. Rieger Deposition Excerpts (Ex. 159)*

Plaintiffs received no counter-designations for this witness.

October 31, 2025

Respectfully submitted,

DAN RAYFIELD
Attorney General
BENJAMIN GUTMAN
Solicitor General
DUSTIN BUEHLER
Special Counsel

*s/-Thomas H. Castelli*
SCOTT KENNEDY #T25070201, D.C. Bar #1658085
BRIAN SIMMONDS MARSHALL #196129
THOMAS CASTELLI #226448
IAN VAN LOH #225163
RACHEL SOWRAY #095159
LEANNE HARTMANN #T25070201, Mass. BBO #667852
Senior Assistant Attorneys General
ALEXANDER C. JONES #213898
DEREK OLSON #225504
Assistant Attorneys General
100 SW Market Street
Portland, OR 97201
971-673-1880
Scott.Kennedy@doj.oregon.gov
Brian.S.Marshall@doj.oregon.gov
Thomas.Castelli@doj.oregon.gov
Ian.VanLoh@doj.oregon.gov
Rachel.Sowray@doj.oregon.gov
Leanne.Hartmann@doj.oregon.gov
Alex.Jones@doj.oregon.gov
Derek.Olson@doj.oregon.gov

*Counsel for the State of Oregon*

ROBERT TAYLOR  #044287
Portland City Attorney

*s/ Caroline Turco*
CAROLINE TURCO  #083813
Senior Deputy City Attorney
NAOMI SHEFFIELD  #170601
Chief Deputy City Attorney
1221 SW Fourth Avenue
Fourth Floor, Room 430
Portland, OR 97204
Tel: (503) 823-4047
Fax: (503) 823-3089
Caroline.Turco@portlandoregon.gov
Naomi.Sheffield@portlandoregon.gov

*Counsel for the City of Portland*

**ROB BONTA**
Attorney General of California

*s/ Jane Reilley*
Michael L. Newman
Thomas S. Patterson
Senior Assistant Attorneys General
Anya M. Binsacca
Marissa Malouff
James E. Stanley
Supervising Deputy Attorneys General
Jesse Basbaum
Barbara Horne-Petersdorf
Jane Reilley
Meghan H. Strong
Deputy Attorneys General
455 Golden Gate Ave.
San Francisco, CA 94102
Telephone: (415) 510-3879
E-mail: Jane.Reilley@doj.ca.gov

*Counsel for the State of California*