DAN RAYFIELD
Attorney General
BENJAMIN GUTMAN
Deputy Attorney General
DUSTIN BUEHLER
Special Counsel
SCOTT KENNEDY #260337
BRIAN SIMMONDS MARSHALL #196129
THOMAS CASTELLI #226448
IAN VAN LOH #225163
RACHEL SOWRAY #095159
Senior Assistant Attorneys General
ALEXANDER C. JONES #213898
DEREK OLSON #225504
Assistant Attorneys General
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Scott.Kennedy@doj.oregon.gov

*Counsel for the State of Oregon*

[Additional counsel to appear on signature page]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION**

| | |
|---|---|
| STATE OF OREGON, the CITY OF PORTLAND, and the STATE OF CALIFORNIA<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, in his official capacity as President of the United States; PETE HEGSETH, in his official capacity as Secretary of Defense; U.S. DEPARTMENT OF DEFENSE; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Case No. 3:25-cv-01756-IM<br><br>JOINT STATUS REPORT |

Page 1 -   JOINT STATUS REPORT

Pursuant to the Court's February 18, 2026 Order, ECF No. 158, the parties submit this Joint Status Report to identify any remaining issues in this litigation following the Ninth Circuit's dismissal of Defendants' appeals. The parties have identified the following outstanding issues, and their joint and separate proposals for each are below.

**1. Outstanding Claims:** While the Court's November 7, 2025 Partial Final Judgment resolved Counts I and III from Plaintiffs' Amended Complaint, it did not resolve Counts II, IV, or V. *See* ECF No. 147 at 2. Subsequently, on Plaintiffs' motion, the Court stayed those outstanding claims until the Ninth Circuit's resolution of Defendants' consolidated appeals. ECF No. 157. Given the Ninth Circuit's recent dismissal of those appeals, the parties agree that Counts II, IV, and V should now be dismissed without prejudice, though Defendants believe those remaining claims are moot.

**2. Outstanding Confidentiality Issues:** The parties have discussed, but have yet to resolve, two issues related to document and witness confidentiality:

**Plaintiffs' Position:** First, the State of Oregon has received a request under Oregon's Public Records Law seeking disclosure of all video depositions from this litigation. At trial on October 29, 2025, the Court directed the parties to refer to two witnesses only by their initials, but the Court did not place any restriction on deposition video recordings. *See* Transcript of Oct. 29, 2025 Proceedings, AM Session, ECF No. 141, at 14:2-10. The State of Oregon now seeks to fulfill its obligations under its Public Records Law by producing discovery, including video, that is not protected from disclosure by any court order or otherwise subject to an exemption under that law. In reliance on Defendants' original designations, Oregon previously released those portions of the deposition transcripts that were not already designated as protected.

If the Court wishes to receive briefing on disclosure of the videos of the two witnesses identified by their initials at trial, then Plaintiffs propose that Defendants be required to file any motion for protective order by February 27, and that Plaintiffs and the third-party who requested those videos be permitted to file a response, after which the issue would be ripe for decision.

Page 2 -   JOINT STATUS REPORT

**Defendants' Position:** Defendants object to publicly releasing the videos of the depositions of the Federal Protective Service ("FPS") officers or any versions of the depositions that contain their names, and Defendants will file a motion for protective order on this topic and ask the Court to allow them to file it by March 6 with Plaintiffs responding thereafter. Defendants ask the Court to temporarily prevent the release of those materials until Defendants can file their motion for protective order and the Court rules on that motion.

Defendants are also reviewing the portions of the video and corresponding transcripts to ensure all portions that need to be marked confidential have been so designated and request to have until March 6 to complete that review since Plaintiffs did not raise this issue until February 17.

**Plaintiffs' Position:** Second, the State of Oregon seeks to modify the parties' Stipulated Protective Order, ECF No. 88, to allow the State to use discovery from this litigation for law enforcement purposes, such as to investigate, charge, or prosecute crimes. A protective order "forbidding the disclosure of discovery" under Federal Rule of Civil Procedure 26(c) requires a showing of good cause. *Phillips v. General Motors*, 307 F.3d 1206, 1210 (9th Cir. 2002). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). When, as here, a party opposes modification of a stipulated protective order and no "good cause" showing was made in support of the original protective order, that party bears the burden of demonstrating "good cause" to resist modification. *See Phillips*, 307 F.3d at 1211 n. 1 ("the burden of proof will remain with the party seeking protection when the protective order was a stipulated order and no party had made a 'good cause' showing"). Here, Defendants cannot show good cause to resist this modification. If the Court wishes to receive briefing on this issue, the State of Oregon will file a motion for modification on any timeline set by the Court.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**Defendants' Position:** During the parties' discussions, Plaintiffs assert that modification of the Stipulated Protective Order is warranted so that they may share all documents designated by Defendants as "Confidential" or "Highly Confidential" for use in criminal investigations where, in Plaintiffs' words, "it appears a federal officer is engaging in conduct beyond the reasonable scope of their duties in executing and enforcing federal law." Plaintiffs seek blanket, wholesale disclosure and do not identify any specific law enforcement activity that requires the use of any specified information protected by the Protective Order. Contrary to Plaintiffs' assertion, the burden is on Plaintiffs to show good cause for their request.  A party seeking to modify a protective order bears the burden of demonstrating good cause for modification and must show there is prejudice or harm if such motion isn't granted. *See, e.g.*, *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 22-MD-03047-YGR (PHK), 2024 WL 251404, at *8 (N.D. Cal. Jan. 23, 2024); *Pres. Techs. LLC v. MindGeek USA, Inc.*, No. 217CV08906DOCJPR, 2020 WL 10965256, at *1 (C.D. Cal. Dec. 15, 2020). Plaintiffs must move pursuant to Federal Rule of Civil Procedure 26(c) for modification of the Protective Order, and Defendants will respond to that motion within 14 days after service of the motion, as provided by the Court's local rules. If Plaintiffs so move, Defendants will address good cause regarding their designated documents at that time as necessary.

**3. Case Closure:** Once the outstanding confidentiality issues discussed above have been resolved and Counts II, IV, and V dismissed without prejudice, the parties agree that this case may be closed with the understanding that the Court's November 7, 2025 Permanent Injunction

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

(ECF No. 147) remains in full force and effect, and subject to this Court's jurisdiction for enforcement.

DATED February 20, 2026.

        Respectfully submitted,

        DAN RAYFIELD
        Attorney General
        BENJAMIN GUTMAN
        Solicitor General
        DUSTIN BUEHLER
        Special Counsel

        *s/ Scott Kennedy*
        SCOTT KENNEDY #260337
        BRIAN SIMMONDS MARSHALL #196129
        THOMAS CASTELLI #226448
        IAN VAN LOH #225163
        RACHEL SOWRAY #095159
        Senior Assistant Attorneys General
        ALEXANDER C. JONES #213898
        DEREK OLSON #225504
        Assistant Attorneys General
        100 SW Market Street
        Portland, OR 97201
        971-673-1880
        Scott.Kennedy@doj.oregon.gov
        Brian.S.Marshall@doj.oregon.gov
        Thomas.Castelli@doj.oregon.gov
        Ian.VanLoh@doj.oregon.gov
        Rachel.Sowray@doj.oregon.gov
        Alex.Jones@doj.oregon.gov
        Derek.Olson@doj.oregon.gov

        *Counsel for the State of Oregon*

        ROBERT TAYLOR  #044287
        Portland City Attorney

        *s/ Naomi Sheffield*
        CAROLINE TURCO  #083813
        Senior Deputy City Attorney
        NAOMI SHEFFIELD  #170601
        Chief Deputy City Attorney
        1221 SW Fourth Avenue
        Fourth Floor, Room 430
        Portland, OR 97204
        Tel: (503) 823-4047
        Fax: (503) 823-3089
        Caroline.Turco@portlandoregon.gov
        Naomi.Sheffield@portlandoregon.gov

        *Counsel for the City of Portland*

        **ROB BONTA**
        Attorney General of California

        *s/ Barbara Horne-Petersdorf*
        MICHAEL L. NEWMAN, CA SBN #222993
        THOMAS S. PATTERSON, CA SBN #202890
        Senior Assistant Attorneys General
        ANYA M. BINSACCA, CA SBN #189613
        MARISSA MALOUFF, CA SBN #316046
        JAMES E. STANLEY, CA SBN #316288
        Supervising Deputy Attorneys General
        JESSE BASBAUM, CA SBN #273333
        BARBARA HORNE-PETERSDORF, CA SBN # 327738
        JANE REILLEY, CA SBN #314766
        MEGHAN H. STRONG, CA SBN #324503
        Deputy Attorneys General
        300 S. Spring Street
        Los Angeles, CA 90013
        Telephone: (213) 269-6667
        E-mail: Barbara.HornePetersdorf@doj.ca.gov

        *Counsel for the State of California*

> BRETT A. SHUMATE
> Assistant Attorney General
> Civil Division
>
> ERIC J. HAMILTON
> Deputy Assistant Attorney General
> Federal Programs Branch
>
> ALEXANDER K. HAAS
> Director
> Federal Programs Branch
>
> JEAN LIN
> Special Litigation Counsel
>
> s/ *J. Stephen Tagert*
> KIAN K. AZIMPOOR
> (DC Bar No. 90024613)
> KATHLEEN C. JACOBS
> (TX Bar No. 24091154)
> J. STEPHEN TAGERT
> (VA Bar No. 99641)
> Trial Attorneys
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 1100 L Street, N.W.
> Washington, DC 20005
> Tel.: (202) 305-5486
> E-mail: stephen.tagert@usdoj.gov
>
> *Counsel for Defendants*