Shelby Leighton*
Mariam Elbakr*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036

Leila Nasrolahi*
PUBLIC JUSTICE
475 14th St., Suite 610
Oakland, CA 94612

Athul Acharya, OSB #152436
Sara Rosenburg*
PUBLIC ACCOUNTABILITY
P.O. Box 14672
Portland, OR 97211

*Counsel for All Media Intervenors*

Jon Bial, OSB #002048
Katia Alcantar, OSB #201714
OREGON PUBLIC BROADCASTING
7140 S Macadam Avenue
Portland, OR 97219

*Counsel for Oregon Public Broadcasting*

**pro hac vice application forthcoming*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| STATE OF OREGON, *et al.*<br><br>　　*Plaintiffs*,<br><br>　　v.<br><br>DONALD TRUMP, in his official capacity as President of the United States, *et al.*<br><br>　　*Defendants*. | Case No. 3:25-cv-01756-IM<br><br>**NON-PARTY MEDIA ORGANIZATIONS' MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS AND LIFTING THE PROTECTIVE ORDER**<br><br>Request for Oral Argument |

**TABLE OF CONTENTS**

**Page(s)**

LR-7-1 CERTIFICATION..................................................................................................1

MOTION..............................................................................................................................1

MEMORANDUM OF LAW IN SUPPORT OF MOTION ................................................2

I.      BACKGROUND AND PROCEDURAL HISTORY............................................3

II.     ARGUMENT.........................................................................................................6

III.    CONCLUSION.....................................................................................................9

CERTIFICATE OF COMPLIANCE................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
   966 F.2d 470 (9th Cir. 1992) ................................................................................................... 6

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
   331 F.3d 1122 (9th Cir. 2003) ................................................................................................. 7

*Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*,
   457 U.S. 596 (1982) ................................................................................................................ 5

*Muhaymin v. City of Phoenix*,
   No. CV-17-04565-PHX-DLR, 2021 WL 5173767 (D. Ariz. Nov. 3, 2021) .......................... 7

*Oregon v. Trump*,
   --- F. Supp. 3d ---, 2025 WL 3126773 (D. Or. Nov. 7, 2025) ................................................ 5

*Oregon v. Trump*,
   802 F. Supp. 3d 1277 (D. Or. 2025) ........................................................................................ 2

*Oregon v. Trump*,
   No. 25-7194 (9th Cir. Jan. 27, 2026), Dkt. No. 25 .................................................................. 5

*Oregonian Publ'g Co. v. U.S. Dist. Ct. for Dist. of Or.*,
   920 F.2d 1462 (9th Cir. 1990) ................................................................................................. 6

*Press-Enterprise Co. v. Superior Ct. of Calif. for Riverside Cnty.*,
   478 U.S. 1 (1986) .................................................................................................................... 6

*San Jose Mercury News, Inc. v. U.S. Dist. Ct. -- N. Dist.*,
   187 F.3d 1096 (9th Cir. 1999) ............................................................................................ 5–7

**Rules**

Fed. R. Civ. P. 24 ............................................................................................................... 1, 5–8

**Other Authorities**

Alex Baumhardt, *Guard Deployment to Portland Stays Blocked as Ninth Circuit
   Reviews Decision*, Oregon Cap. Chron. (Oct. 28, 2025),
   https://oregoncapitalchronicle.com/2025/10/28/guard-deployment-to-portland-
   stays-blocked-as-9th-circuit-reviews-decision/ ..................................................................... 2

Anna Griffin, *Judge Permanently Blocks National Guard Deployments to Portland for ICE Protests*, N.Y. Times (Nov. 7, 2025), https://www.nytimes.com/2025/11/07/us/politics/portland-oregon-national-guard.html .................................................................................................................. 3

Claire Rush & Chris Megerian, *Trump Says He Will Send Troops to Portland, Oregon, in Latest Deployment to US Cities*, AP News (Sept. 27, 2025, 10:47 PM PST), https://apnews.com/article/trump-federal-troops-portland-oregon-f8659de72f28289ef22bd924d149a52f ............................................................................ 2

Dareh Gregorian and Alicia Victoria Lozano, *Judge Permanently Bars Trump from Deploying National Guard Troops to Portland in Response to Immigration Protests*, NBC News (Nov. 7, 2025), https://www.nbcnews.com/news/us-news/judge-permanently-bars-trump-deploying-national-guard-troops-portland-rcna236421 ...................................................... 3

Europa Press, *Un Tribunal de Apelación Da a Trump el Control de la Guardia Nacional de Oregón, Pero No le Permite su Despliegue* (Oct. 9, 2025), https://www.europapress.es/internacional/noticia-tribunal-apelacion-da-trump-control-guardia-nacional-oregon-no-le-permite-despliegue-20251009044949.html .................................................................................................. 3

Joni Auden Land, *Circumventing Court Order's Intent, Trump Sends California National Guard to Oregon*, Or. Pub. Broad. (Oct. 5, 2025), https://www.opb.org/article/2025/10/05/california-national-guard-oregon/ ............................ 2

Kevin Doyle and Reuters, *U.S. Judge Rules Trump Illegally Ordered National Guard Troops to Portland*, Al Jazeera (Nov. 8, 2025), https://www.aljazeera.com/news/2025/11/8/us-judge-rules-trump-illegally-ordered-national-guard-troops-to ..................................................................... 3

KPTV, *100 Oregon National Guard Soldiers Return Home After Portland Deployment Attempt* (Jan. 16, 2026), https://www.kptv.com/2026/01/16/100-oregon-national-guard-soldiers-return-home-after-portland-deployment-attempt/ ...................................................................................................................... 2

OregonLive, *Trump Troop Deployments to Portland, Other Cities Cost $496 Million and Counting* (Jan. 28, 2026), https://www.oregonlive.com/nation/2026/01/trump-troop-deployments-to-portland-other-cities-cost-496-million-and-counting.html ...................................... 2

## LR-7-1 CERTIFICATION

Counsel for non-party media organizations the Associated Press, Gray Local Media, Inc., Oregon Capital Chronicle, Oregon Public Broadcasting, and Oregonian Media Group (collectively, "Media Intervenors"), certify that they conferred with counsel for the State of Oregon, the City of Portland, and the State of California (collectively, "Plaintiffs"), and counsel for Donald Trump, Pete Hegseth, the U.S. Department of Defense, Kristi Noem, and the U.S. Department of Homeland Security (collectively, "Defendants"), by telephone and email regarding this Motion.

Notwithstanding that conferral, the parties could not reach agreement on the substantive relief sought by Media Intervenors. As to the discrete issue of whether Media Intervenors can intervene in this action under Federal Rule of Civil Procedure 24(b), Plaintiffs consent to and Defendants oppose this Motion to Intervene.

## MOTION

Pursuant to Federal Rule of Civil Procedure 24(b), Media Intervenors hereby move for leave to intervene for the limited purpose of asserting the right of the press and the public to access court records and certain records produced in discovery in this matter. Specifically, Media Intervenors seek to intervene to unseal court records, disclose the identities of trial witnesses, and challenge confidentiality designations pursuant to the stipulated protective order entered on October 16, 2025 ("Stipulated Protective Order"). *See* ECF 88. Separate motions seeking substantive relief will follow.

This Motion is supported by the following memorandum of law and the declaration of Jon Bial, submitted as Exhibit 1.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

As this Court noted when enjoining the federal government from deploying the Oregon National Guard to Portland, this case implicates some of "the most fundamental principles in our constitutional democracy." *Oregon v. Trump*, 802 F. Supp. 3d 1277, 1281 (D. Or. 2025). Because "the issues at stake in this case are important, and the consequences of this Court's decision are far-reaching," *id.* at 1296, the public has a significant interest in examining information that was presented to this Court at trial and produced by the Parties during discovery.

In service of this public interest, Media Intervenors—a broad, politically diverse coalition of media organizations—have reported on the underlying events and proceedings in this case.[1] Confidentiality restrictions on some information, including documents introduced at trial, have hindered the press's ability to report on the many important questions raised in this case, including questions about how the federal government characterizes and responds to civilian speech. As a result of the restrictions, the press and the public have limited access to

---

[1] *See, e.g.*, Claire Rush & Chris Megerian, *Trump Says He Will Send Troops to Portland, Oregon, in Latest Deployment to US Cities*, AP News (Sept. 27, 2025, 10:47 PM PST), https://apnews.com/article/trump-federal-troops-portland-oregon-f8659de72f28289ef22bd924d149a52f [https://perma.cc/5LH4-PFX4]; Joni Auden Land, *Circumventing Court Order's Intent, Trump Sends California National Guard to Oregon*, Or. Pub. Broad. (Oct. 5, 2025, 5:54 PM), https://www.opb.org/article/2025/10/05/california-national-guard-oregon/ [https://perma.cc/4MKZ-U3Q5]; Alex Baumhardt, *Guard Deployment to Portland Stays Blocked as Ninth Circuit Reviews Decision*, Oregon Cap. Chron. (Oct. 28, 2025, 5:09 PM), https://oregoncapitalchronicle.com/2025/10/28/guard-deployment-to-portland-stays-blocked-as-9th-circuit-reviews-decision/ [https://perma.cc/R4LG-59FF]; *100 Oregon National Guard Soldiers Return Home After Portland Deployment Attempt*, KPTV (Jan. 16, 2026, 1:06 PM), https://www.kptv.com/2026/01/16/100-oregon-national-guard-soldiers-return-home-after-portland-deployment-attempt; *Trump Troop Deployments to Portland, Other Cities Cost $496 Million and Counting*, OregonLive (Jan. 28, 2026, 4:39 PM), https://www.oregonlive.com/nation/2026/01/trump-troop-deployments-to-portland-other-cities-cost-496-million-and-counting.html [https://perma.cc/C44V-34EW].

what facts existed—or did not exist—to support the positions of the parties with respect to the deployment of the National Guard and the decision of the Court. That limited access to facts makes it difficult for the public to assess the parties' operations, decision-making, and treatment of civilians exercising free speech, both in relation to the immigration enforcement operations in Portland giving rise to this litigation and Defendants' subsequent operations in other parts of the country.

Media Intervenors come together to intervene in this action to ensure information relevant to their reporting is not shielded from public view. Because this motion to intervene is timely, would not cause delay, and would not prejudice the parties, this Court should grant it and consider Media Intervenors' request for relief, which will follow by separate motions.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

In 2025, demonstrations in Portland, Oregon occurred alongside national protests regarding immigration enforcement practices. During this period, federal officials pronounced Portland a "war-ravaged" city and subsequently activated the National Guard to Portland over Oregon's objection. These events drew significant local, national, and international attention.[2]

---

[2] *See, e.g.*, *supra* n.1; Dareh Gregorian and Alicia Victoria Lozano, *Judge Permanently Bars Trump from Deploying National Guard Troops to Portland in Response to Immigration Protests*, NBC News (Nov. 8, 2025, 8:09 PM), https://www.nbcnews.com/news/us-news/judge-permanently-bars-trump-deploying-national-guard-troops-portland-rcna236421 [https://perma.cc/V2KU-UE2R]; Anna Griffin, *Judge Permanently Blocks National Guard Deployments to Portland for ICE Protests*, N.Y. Times (Nov. 7, 2025), https://www.nytimes.com/2025/11/07/us/politics/portland-oregon-national-guard.html [https://perma.cc/F56X-Z35L]; Europa Press, *Un Tribunal de Apelación Da a Trump el Control de la Guardia Nacional de Oregón, Pero No le Permite su Despliegue* (Oct. 9, 2025), https://www.europapress.es/internacional/noticia-tribunal-apelacion-da-trump-control-guardia-nacional-oregon-no-le-permite-despliegue-20251009044949.html [https://perma.cc/A2X9-DVHK]; Kevin Doyle and Reuters, *U.S. Judge Rules Trump Illegally Ordered National Guard Troops to Portland*, Al Jazeera (Nov. 8, 2025), https://www.aljazeera.com/news/2025/11/8/us-judge-rules-trump-illegally-ordered-national-guard-troops-to [https://perma.cc/9HJF-W3H7].

In response to the deployment of the National Guard, Plaintiffs initiated this action against Defendants, arguing that military deployment to Portland was part of a broader retribution campaign to coerce Democrat-led cities into carrying out the Trump administration's political agenda in violation of the Tenth Amendment of the United States Constitution and the Posse Comitatus Act. *See* ECF 58 at 2, 17–18, 23. Plaintiffs allege that local law enforcement had sufficiently maintained public safety, and so the federal government's deployment on the basis of "crime" was pretextual. *Id.* at 25. Plaintiffs further alleged that, rather than deescalating unrest, deployment heightened it and harmed the public's economic well-being and safety. *Id.* at 26 ("Further, the needless presence of federalized troops will lead directly to escalated tensions and increased unrest, interfering with state and local law enforcement's ability to maintain order.").

On October 16, 2025, this Court issued the Stipulated Protective Order governing the exchange of discovery. ECF 88. At trial, numerous documents related to the operations in Portland were filed entirely under seal. ECF 145 at 765:25–775:6. Some government witnesses were permitted to testify under pseudonym. ECF 141 at 13:9–14:10. Further, in response to Media Intervenor Oregon Public Broadcasting's public records requests, the State of Oregon and the City of Portland refused to disclose some records in this case based solely on the Stipulated Protective Order, which lacks the record-specific "good cause" findings required by Rule 26(c).[3] *See* Ex. 1, Decl. of Jon Bial, ¶¶ 6-8; ECF 88.

Based on the evidence before it, the Court held that the federal government's federalization and deployment of National Guard troops to the Portland ICE facility violated

---

[3] Media Intervenors have also submitted requests pursuant to the Freedom of Information Act to the U.S. Department of Justice ("U.S. DOJ"), which acknowledged the requests but dismissed them on the grounds that it could not determine which of its offices had the records.

10 U.S.C. § 12406 and the Tenth Amendment. *Oregon v. Trump*, --- F. Supp. 3d ---, 2025 WL 3126773, at *2 (D. Or. Nov. 7, 2025). The Court issued an order permanently enjoining the implementation of three memoranda authorizing those deployments. *Id.* at *2, *29. The Court relied on evidence that the demonstrations at the ICE facility were largely peaceful, there was an overall lack of violence towards federal officers, and protesters caused no more than minimal interference with federal law enforcement operations. *Id.* at *34.

Defendants appealed this Court's permanent injunction order to the Ninth Circuit and subsequently moved to dismiss their own appeal. ECF 148; *see* Mot. Dismiss, *Oregon v. Trump*, No. 25-7194 (9th Cir. Jan. 27, 2026), Dkt. No. 25. The Ninth Circuit dismissed the consolidated appeals. *See* ECF 158. The parties submitted a joint status report identifying remaining issues following the Ninth Circuit's dismissal, which include disputes about the potential disclosure of information by the public body parties in response to requests under Oregon Public Records Law (ORS 192.311 *et seq.*). ECF 160. On February 27, 2026, the Parties filed a proposed order of dismissal which includes language retaining this Court's jurisdiction over matters related to the outstanding confidentiality issues and enforcement of this Court's permanent injunction. ECF 162.

## II.    ARGUMENT

Federal courts have long recognized the right of the media to intervene under Rule 24(b) to assert the public's right of access to court records and proceedings, including discovery materials. *San Jose Mercury News, Inc. v. U.S. Dist. Ct. -- N. Dist. (San Jose Mercury)*, 187 F.3d 1096, 1100, 1103 (9th Cir. 1999); *cf. Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 609 n. 25 (1982) ("representatives of the press and general public must be given an opportunity to be heard" on matter of public access) (quotation marks and citation omitted).

Media Intervenors' right of access to courts is presumptive. *See Press-Enterprise Co. v. Superior Ct. of Calif. for Riverside Cnty.*, 478 U.S. 1, 8 (1986); *Oregonian Publ'g Co. v. U.S. Dist. Ct. for Dist. of Or.*, 920 F.2d 1462, 1465 (9th Cir. 1990).

Permissive intervention under Rule 24(b)(2) is the procedural mechanism under which a non-party may assert its right to access judicial records or "test whether the 'good cause' requirements of Rule 26(c) have been met with respect to a particular item of discovery." *San Jose Mercury*, 187 F.3d at 1100, 1103. Typically, a court may grant permissive intervention if the movant presents "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). But when, as here, Media Intervenors seek to intervene only for the limited purpose of preserving access to court records and proceedings and challenging a protective order, they need not "demonstrate independent jurisdiction or a common question of law or fact," only that their motion is timely. *See id.* at 473–75; *San Jose Mercury*, 187 F.3d at 1100–01. In determining whether the motion is timely, a court must consider "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *San Jose Mercury*, 187 F.3d at 1101.

This Motion is timely. On October 16, 2025, the Court entered the Stipulated Protective Order governing the treatment of materials designated as confidential by either party. *See* ECF 88. Documents were filed under seal between October and December 2025. *See* ECF 70–71, 153, 155. Beginning October 29, 2025, this Court held a three-day consolidated preliminary injunction hearing and bench trial, hearing testimony from eight witnesses. *See* ECF 85, 125, 127, 133. Two of Defendants' witnesses testified anonymously and were identified throughout

MOTION TO INTERVENE                                    6

the trial by either their initials or a pseudonym. *See* ECF 140–45. On November 19, 2025, the Court granted an unopposed motion to seal dozens of trial exhibits. *See* ECF 121, 149. Most recently, the City of Portland and Oregon Department of Justice both refused to produce records pursuant to requests under the Oregon Public Records Law based on the Stipulated Protective Order. Ex. 1 ¶¶ 7–8. Only several months have passed since materials were first designated confidential under the Stipulated Protective Order, filed under seal, or withheld from the public subject to the Stipulated Protective Order, and this period is well within what courts deem timely. *See San Jose Mercury*, 187 F.3d at 1101 ("[D]elays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records.").

Further, allowing Media Intervenors to intervene will not unduly delay or prejudice the adjudication of the original parties' rights. *See* Fed. R. Civ. P. 24(b)(3). Because the parties agree that the underlying action should be dismissed, permitting intervention at this stage will not delay resolution on the merits or disrupt the litigation schedule. ECF 160. Moreover, as explained in Media Intervenors' forthcoming motions to unseal and lift confidentiality designations, the parties seeking continued secrecy have an existing burden to establish that (1) there are compelling reasons for keeping specific court records sealed or witness identities hidden, and (2) there is "good cause" under Rule 26(c) to maintain confidentiality restrictions on certain unfiled materials produced in discovery. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130–31, 1134–36 (9th Cir. 2003); *Muhaymin v. City of Phoenix*, No. CV-17-04565-PHX-DLR, 2021 WL 5173767, at *2 (D. Ariz. Nov. 3, 2021) ("The mere fact that Defendants will need to explain why the relevant records should remain sealed is not, itself, unduly prejudicial.").

Finally, some of the issues that will be raised by Media Intervenors are currently before the Court. Media Intervenor Oregon Public Broadcasting has requested records from two Plaintiffs in this case. Ex. 1 ¶¶ 5–6. Plaintiffs and Defendants disagree as to what information must be disclosed to the public. ECF 160. Briefing on this issue will be completed by March 20, 2026. ECF 161. Media Intervenors intend to raise additional issues before that date relating to the Stipulated Protective Order and the sealing of documents. Because consideration of all confidentiality-related issues at the same time will ultimately promote judicial economy, this motion is well-timed.

### III.   CONCLUSION

Because Media Intervenors satisfy the requirements for permissive intervention under Rule 24(b), the Court should grant their motion and allow them to seek access to court records and discovery materials.

Dated: March 6, 2026                    Submitted,

/s/ Athul Acharya
Athul Acharya, OSB #152436
Sara Rosenburg*
PUBLIC ACCOUNTABILITY
P.O. Box 14672
Portland, OR 97211

Shelby Leighton*
Mariam Elbakr*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036

Leila Nasrolahi*
PUBLIC JUSTICE
475 14th St., Suite 610
Oakland, CA 94612

*Counsel for All Media Intervenors*

MOTION TO INTERVENE                    8

Jon Bial, OSB #002048
Katia Alcantar, OSB #201714
OREGON PUBLIC BROADCASTING
7140 S Macadam Avenue
Portland, OR 97219

*Counsel for Oregon Public Broadcasting*

*\*pro hac vice application forthcoming*

MOTION TO INTERVENE                         9

**CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2 because it contains 1,988 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.