DAN RAYFIELD
Attorney General
BENJAMIN GUTMAN
Deputy Attorney General
DUSTIN BUEHLER
Special Counsel
SCOTT KENNEDY #260337
BRIAN SIMMONDS MARSHALL #196129
THOMAS CASTELLI #226448
IAN VAN LOH #225163
RACHEL SOWRAY #095159
Senior Assistant Attorneys General
ALEXANDER C. JONES #213898
DEREK OLSON #225504
Assistant Attorneys General
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Scott.Kennedy@doj.oregon.gov

*Counsel for the State of Oregon*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| STATE OF OREGON, the CITY OF PORTLAND, and the STATE OF CALIFORNIA<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, in his official capacity as President of the United States; PETE HEGSETH, in his official capacity as Secretary of Defense; U.S. DEPARTMENT OF DEFENSE; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Case No. 3:25-cv-01756-IM<br><br>STATE OF OREGON'S MOTION TO MODIFY PROTECTIVE ORDER AND CLARIFY THE STATUS OF CERTAIN DEPOSITION VIDEOS |

<u>**LR 7-1 CERTIFICATION**</u>

Pursuant to Local Rule 7-1, counsel for the State of Oregon ("State") conferred with Defendants' counsel on February 26, 2026 regarding this motion. Defendants oppose modification of the protective order to permit use of discovery from this matter for law enforcement purposes and oppose the disclosure of deposition video of the witnesses referred to by their initials at trial.

<u>**MOTION**</u>

The State moves for an Order modifying the Stipulated Protective Order (ECF 88) to allow the State to use protected discovery from this matter for law enforcement purposes, including to investigate, charge, or prosecute criminal conduct. The State also requests that the Court clarify whether the State may disclose certain deposition videos pursuant to Oregon's public records law. This motion is supported by the memorandum of law below.[1]

<u>**MEMORANDUM OF LAW**</u>

**I.      INTRODUCTION**

During discovery, the parties agreed to the Stipulated Protective Order ("Order") to protect "confidential, proprietary, or private information and information subject to the Privacy Act of 1974," for which "special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted." ECF 88 at 2. As part of that Order, Defendants sought to protect information "relating to law enforcement and military personnel, strategy, and field operations" as well as "personal identifying information" ("PII") from public disclosure. *Id.* Although the parties stipulated to that Order, Defendants never made a good cause showing, nor did this Court make a good cause finding, in support of the Order.

---

[1] The parties are also continuing to confer about one additional issue related to the Stipulated Protective Order. Specifically, the State seeks to share non-confidential descriptive information about certain protected materials from this litigation with counsel in another matter, thereby enabling the latter to seek those same materials from the federal government in discovery. Because the State anticipates that the parties will be able to resolve this discrete issue without opposed motions practice, the State has not addressed that issue here.

Page 2 -   STATE OF OREGON'S MOTION TO MODIFY PROTECTIVE ORDER

The State now seeks to modify the Order to provide that it may use "protected material" for law enforcement purposes, including to investigate, charge, or prosecute crimes.[2] *See* Or. Rev. Stat. § 180.070 (describing Oregon Attorney General's authority to investigate and prosecute crimes). Because the Order was not originally supported by a showing of good cause, Defendants must now demonstrate that there is good cause to resist the State's Motion. As discussed below, they cannot do so because they cannot establish any particularized harm from the State's proposed use. Indeed, the use of protected material for law enforcement purposes would not conflict with the Order's original purpose of protecting PII and sensitive law enforcement information from *public* disclosure. Moreover, even if Defendants could establish some particularized harm from the State's proposed use of protected material, the balance of public and private interests would still weigh in favor of modifying the Order. This is because the State has a strong interest in investigating and charging potential crimes, whereas Defendants have no legitimate interest in opposing such an investigation. Finally, even if the balance of interests weighed against modifying the Order, then at a minimum, the Court should permit the State to use protected materials for law enforcement purposes subject to appropriate redactions. Accordingly, this Court should grant the State's motion to modify.

Separately, the State also seeks clarification as to whether it may disclose certain deposition videos consistent with the Court's directive that the parties refer to two witnesses by their initials at trial. The State has received a request under Oregon's Public Records Law seeking disclosure of all video depositions from this litigation. *See* Or. Rev. Stat. §§ 192.311–192.513 (Oregon Public Records Law). The State now seeks to fulfill its obligations under its

---

[2] Specifically, in its conferrals with Defendants, the State has proposed to add the following provision to the Stipulated Protective Order:

> 7.5.    <u>Disclosure for Law Enforcement Purposes.</u> A Party may use Protected Material, including both information and items and designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," for law enforcement purposes, including to investigate, charge, or prosecute crimes. Use pursuant to this paragraph permits a party to disclose Protected Material to law enforcement agencies or grand juries.

Page 3 -    STATE OF OREGON'S MOTION TO MODIFY PROTECTIVE ORDER

Public Records Law by producing requested materials unless those materials are protected from disclosure by court order or otherwise subject to an exemption under the Public Records Law.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 26(c)(1)(A), the court may enter a protective order "forbidding the disclosure of discovery" upon a showing of "good cause." *See Phillips v. General Motors*, 307 F.3d 1206, 1210 (9th Cir. 2002). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). When a party opposes modification of a stipulated protective order and no good cause showing was made in support of that protective order, that party bears the burden of demonstrating good cause to resist modification. *See Phillips*, 307 F.3d at 1211 n.1 ("the burden of proof will remain with the party seeking protection when the protective order was a stipulated order and no party had made a 'good cause' showing"); *see also In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) ("If a party takes steps to release documents subject to a stipulated [protective] order, the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material."). A court's ruling on a motion to "grant, lift, or modify a protective order" is reviewed "for abuse of discretion." *Phillips*, 307 F.3d at 1210.

The Ninth Circuit's good cause analysis proceeds in three steps. First, "[f]or good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Id.* at 1210–11. Second, "[i]f a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id.* at 1211. Third, when that balance weighs in favor of protecting discovery, the "court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure." *Roman Catholic Archbishop*, 661 F.3d at 425.

Page 4 -    STATE OF OREGON'S MOTION TO MODIFY PROTECTIVE ORDER

### III.    ARGUMENT

**A.    This Court should grant the State's Motion to modify the Order.**

Defendants' opposition to modification fails at each step of the Ninth Circuit's good cause analysis. First, Defendants cannot demonstrate prejudice or harm from modification because the State's proposed use will not *publicly* disclose any PII or sensitive law enforcement information. Second, even if Defendants could show particularized harm, the requested modification should still be granted because the balance of public and private interests weighs in favor of that modification. And third, even if the Court rules that the private and public interests weigh against granting the State's Motion, then at a minimum, the Court should permit the State to use protected discovery with appropriate redactions for law enforcement purposes.

**1.    Defendants cannot show good cause to resist modification of the Order because they cannot show particularized harm.**

As noted above, *supra* § II, Defendants bear the burden of demonstrating that good cause exists to resist the State's requested modification of the Order. In the Order, the parties agreed that they "expect[ed] to exchange documents and information relating to law enforcement and military personnel, strategy, and field operations, the public disclosure of which could negatively impact those operations." ECF 88 at 2. The parties also expected to exchange documents containing PII. *Id.* But Defendants did not make a good cause showing, nor did this Court make a good cause finding, in support of the Order. This is not unusual: although "courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order." *Roman Catholic Archbishop*, 661 F.3d at 424. However, because no good cause showing was made, Defendants now bear the burden of showing that there is good cause to resist the State's Motion to modify the protective order. *See id.*; *see also Phillips*, 307 F.3d at 1211 n.1.

Defendants cannot demonstrate that there is good cause to resist the State's Motion because they cannot show particularized harm from the proposed modification. As noted above, the harm previously articulated by Defendants relates to *public* disclosure of protected material.

Page 5 -    STATE OF OREGON'S MOTION TO MODIFY PROTECTIVE ORDER

*See* ECF 88 at 2 (describing alleged harm from "public disclosure" of information or documents). But that harm is immaterial here because the State seeks to use discovery for non-public law enforcement purposes, not public disclosure. Because the harm identified by Defendants is not implicated by the State's Motion, this Court may end its analysis here.

### 2. Regardless, the balance of private and public interests weighs in favor of granting the State's Motion.

In any case, the balance of public and private interests weighs in favor of granting the State's Motion to modify the Order. If this Court concludes that there is good cause to protect discovery from collateral use based on a showing of particularized harm, it must then determine whether the public and private interests nonetheless weigh in favor of the collateral use by balancing seven factors:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*Roman Catholic Archbishop*, 661 F.3d at 424 n.5 (citing factors from *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995)). Those factors weigh in favor of granting the State's proposed modification.

First, the State's proposed use of discovery for law enforcement purposes will not violate any privacy interests. As noted above, the State's proposed use of discovery would not expose protected information – either sensitive military and law enforcement information or PII – to the public. Instead, the State seeks to modify the Order to clarify that the State may use discovery for law enforcement purposes by sharing it with law enforcement agencies or grand juries. Moreover, neither Defendants, nor the law enforcement officers they employ, have a privacy interest against the use of discovery for such purposes. Instead, law enforcement officers, as employees of a "public entity subject to legitimate public scrutiny … have a diminished privacy

interest." *Stewart v. Luna*, No. 2:23-cv-04641-ODW-PDx, 2025 WL 819571, at *6 (C.D. Cal. Feb. 12, 2025) (internal quotation marks omitted); *see also Perez v. City of Fresno*, 519 F. Supp. 3d 718, 730 (E.D. Cal. 2021) ("Police officers are highly visible to the public … and they know that their actions in restraining or using force against an individual will be scrutinized.").

Second, the State seeks to use discovery for a legitimate purpose: to investigate, charge, and prosecute criminal conduct, consistent with the State's authority under ORS Chapter 180 and the powers reserved to the State under the Tenth Amendment. *See United States v. Morrison*, 529 U.S. 598, 618 (2000) ("we can think of no better example of the police power, which the Founders denied the National Government and reposed in the States, than the suppression of violent crime and vindication of its victims"). Third, use of the relevant discovery to determine whether Defendants' agents are criminally liable for their conduct is important to public safety. *See Shelley v. County of San Joaquin*, No. 2:13-cv-0266-MCE-DAD, 2015 WL 2082370, at *5 (E.D. Cal. May 4, 2015) ("the effectiveness of on-going criminal investigations is also clearly important to public safety").

Fourth, the State and Defendants are public entities, which weighs in favor of disclosure. *See Glenmede*, 56 F.3d at 484 (the "public interest" is "particularly legitimate" when "one of the parties to the action" is "a public entity" (internal quotation marks omitted)); *McCoy v. City of Vallejo*, No. 2:19-cv-01191-JAM-CKD, 2025 WL 1219967, at *5 (E.D. Cal. Apr. 28, 2025) (this factor weighs in favor of disclosure when the "parties benefiting from the order of confidentiality are public officials"). And fifth, the State's proposed use of discovery involves issues that are important to the public. *See Stewart*, 2025 WL 819571, at *6 ( "the public has a strong interest in knowing whether law enforcement is using excessive force").

For those reasons, even if this Court determines that there is good cause to protect discovery from the State's proposed collateral use, it should nonetheless rule that the private and public interests weigh in favor of granting the State's Motion.

      **3.**      **Even if this Court rules that the private and public interests weigh against the State's proposed use, then it should, at a minimum, permit the State's proposed use subject to redactions.**

Even if this Court concludes that the private and public interests weigh against the State's requested modification of the Order, it should nonetheless grant the State's Motion, subject to appropriate redactions. *See Foltz*, 331 F.3d at 1132; *Roman Catholic Archbishop*, 661 F.3d at 425 ("in determining whether to protect materials from disclosure under Rule 26(c), a court must … keep in mind the possibility of redacting sensitive material").

It appears to the State that Defendants significantly over-designated as protected materials that contain little or no confidential information. *See, e.g.,* Trial Tr. (ECF No. 145) at 767:11–24 (Counsel for the State asserting that "we don't want to delay the trial, we want to facilitate it, but someday down the line, the State may be coming back to say that it's really important some of this [material] be in the public record.") Although over-designation may have been excusable in the weeks leading up to trial—when the parties were preparing on a demanding timeline—it cannot now justify preventing the disclosure of non-confidential information. At a minimum, therefore, the Court could rule that the State may use protected discovery for law enforcement purposes once Defendants have applied the minimum necessary redactions consistent with Federal Rule of Civil Procedure 5.2, as provided in the Order. ECF 88 at 2–3. *See Roman Catholic Archbishop*, 661 F.3d at 428 (ruling that discovery could be disclosed subject to redaction of retired priest's name because "church officials' complicity in the abuse can be revealed, without disclosing the identity of accused priests").

**B.**      **Separately, this Court should clarify whether certain deposition videos should be withheld as confidential or publicly disclosed.**

This Court should also clarify whether certain deposition videos may be disclosed pursuant to Oregon's Public Record law. At trial on October 29, 2025, the Court directed the parties to refer to two witnesses only by their initials. *See* Trial Tr. 14:2–10. The State has since received a public records request seeking disclosure of all video depositions from this matter. The State now seeks to fulfill its obligations under its Public Records Law by producing

Page 8 -    STATE OF OREGON'S MOTION TO MODIFY PROTECTIVE ORDER

discovery from this case unless that discovery is protected from disclosure by any court order or otherwise subject to an exemption under that law. To that end, the Court should clarify whether the State must withhold the video recordings of these two witnesses' depositions or whether it may instead disclose them publicly.

The State has a robust Public Records Law: "Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.338, 192.345 and 192.355." Or. Rev. Stat. § 192.314(1). "Public record" means "any writing that contains information relating to the conduct of the public's business, including but not limited to court records, mortgages, and deed records, prepared, owned, used or retained by a public body regardless of physical form or characteristics." Or. Rev. Stat. § 192.311(5)(a). The Oregon Department of Justice is a "public body." *See* Or. Rev. Stat. § 192.311(4) ("'Public body' includes every state … agency, [and] department … of this state."). And, importantly, "Records need not have been prepared originally by the public body to qualify as public records. If records prepared outside the government contain information relating to the conduct of the public's business, and are owned, used or retained by the public body, the records are within the scope of the Public Records Law." Or. Dep't of Just., *Attorney General's Public Records and Meeting Manual* 7 (2024) (internal quotation marks and citation omitted).[3] Accordingly, records that the State obtains, uses, or retains in the process of litigation are "public records" subject to the Public Record Law.

As noted above, at trial Defendants requested that two Federal Protective Service witnesses be referred to by their initials ("R.C." and "W.T.") to protect their privacy and personal safety. Trial Tr. 13:10-15. The State did not object. *Id.* at 14:7. Later, in reliance on Defendants' deposition designations, the State released those portions of the deposition

---

[3] The Attorney General's Public Records and Meeting Manual (2024) is available at https://www.doj.state.or.us/wp-content/uploads/2024/12/2024-PRM-Manual.pdf

Page 9 -   STATE OF OREGON'S MOTION TO MODIFY PROTECTIVE ORDER

transcripts that were not designated as protected.[4] The State now seeks this Court's guidance on whether the State may also disclose deposition videos of R.C. and W.T. in response to public records requests.

IV.     CONCLUSION

For the foregoing reasons, this Court should grant the State's motion to modify the Order to permit the State to use protected discovery for law enforcement purposes. In addition, this Court should clarify whether certain deposition videos may be disclosed pursuant to the Oregon Public Record Law.

DATED March 6, 2026.

                                   Respectfully submitted,

DAN RAYFIELD
Attorney General
BENJAMIN GUTMAN
Deputy Attorney General
DUSTIN BUEHLER
Special Counsel

*s/ Scott Kennedy*
SCOTT KENNEDY #260337
BRIAN SIMMONDS MARSHALL #196129
THOMAS CASTELLI #226448
IAN VAN LOH #225163
RACHEL SOWRAY #095159
Senior Assistant Attorneys General
ALEXANDER C. JONES #213898
DEREK OLSON #225504
Assistant Attorneys General
100 SW Market Street
Portland, OR 97201
971-673-1880
Scott.Kennedy@doj.oregon.gov
Brian.S.Marshall@doj.oregon.gov
Thomas.Castelli@doj.oregon.gov
Ian.VanLoh@doj.oregon.gov
Rachel.Sowray@doj.oregon.gov

---

[4] *Public Records Reading Room*, Or. Dep't of Just.: Fed. Oversight, https://www.doj.state.or.us/oregon-department-of-justice/federal-oversight/public-records-reading-room/ (last visited Mar. 6, 2026).

Alex.Jones@doj.oregon.gov
Derek.Olson@doj.oregon.gov

*Counsel for the State of Oregon*