BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON (NE Bar No. 25886)
Deputy Assistant Attorney General
ALEXANDER K. HAAS (CA Bar No. 220932)
Branch Director
JEAN LIN (NY Bar No. 4074530)
Special Litigation Counsel
TIBERIUS DAVIS (DC Bar No. 90020605)
JOHN BAILEY (Ohio Bar No. 104260)
Counsel to Assistant Attorney General
J. STEPHEN TAGERT (VA Bar No. 99641)
KATHLEEN C. JACOBS (TX Bar No. 24091154)
KIAN AZIMPOOR (DC Bar No. 90024613)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-5486
stephen.tagert@usdoj.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION**

| | |
|---|---|
| STATE OF OREGON et al., | Case No.: 3:25-cv-01756 |
| Plaintiffs | |
| v. | **DEFENDANTS' OPPOSITION TO MEDIA ORGANIZATIONS' MOTION TO INTERVENE** |
| DONALD TRUMP, *et al.* | |
| Defendants. | |

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

LEGAL STANDARD .......................................................................................................... 3

ARGUMENT ....................................................................................................................... 4

     I.     The Court Should Deny Permissive Intervention ...................................................... 4

          A.     The Proposed Intervenors Have Not Demonstrated a Common
                   Question of Law and Fact Between Any Claim or Defense and
                   the Main Action.................................................................................................. 4

          B.     The Proposed Intervenors' Motion Is Untimely and Prejudicial ................ 6

CONCLUSION..................................................................................................................... 7

# TABLE OF AUTHORITIES

**CASES**

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
  966 F.2d 470 (9th Cir. 1992) ................................................................................... 3, 4, 5

*Bobolas v. Does*,
  No. CV-10-2056, 2011 WL 304874 (D. Ariz. Jan. 28, 2011) ...................................... 5

*Cameron v. EMW Women's Surgical Ctr., P.S.C.*,
  595 U.S. 267 (2022) ..................................................................................................... 3

*Deus v. Allstate Ins. Co.*,
  15 F.3d 506 (5th Cir. 1994) .......................................................................................... 1

*Donnelly v. Glickman*,
  159 F.3d 405 (9th Cir. 1998) .................................................................................... 1, 4

*Ins. Co. of N. Am. v. San Juan Excursions, Inc.*,
  No. C05-2017, 2006 WL 8454911 (W.D. Wash. June 2, 2006) ................................... 3

*Orange Cnty. v. Air California*,
  799 F.2d 535 (9th Cir. 1986) .................................................................................... 1, 3

*Roman v. Mayorkas*,
  No. ED CV 20-00768, 2021 WL 6103180 (C.D. Cal. Oct. 15, 2021) ...................... 5, 6

*San Jose Mercury News, Inc. v. U.S. Dist. Ct.*,
  187 F.3d 1096 (9th Cir. 1999) ............................................................................. 4, 5, 6

**STATUTES**

5 U.S.C. § 552 ................................................................................................................. 1

10 U.S.C. § 12406 ........................................................................................................... 2

**RULES**

Fed. R. Civ. P. 24 ......................................................................................................... 3, 4

**INTRODUCTION**

Several media organizations, which have already received all non-confidential materials produced in this case, move to intervene to gain access to non-public information. Without having been granted intervention, they have already filed a proposed motion to "unseal court records" and "disclose the identities of trial witnesses," and they plan to move to obtain access to confidential materials produced in discovery and "challenge confidentiality designations pursuant to the stipulated protective order." Mot. to Intervene at 1, ECF No. 164; *see also* Proposed Mot. to Unseal Ct. R. and Disclose Witness Identities at 3-4, ECF No. 165.

This Court should exercise its "broad discretion" to deny the proposed intervenor's request for permissive intervention. *Orange Cnty. v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986). The Motion fails at the outset because the media organizations do not identify a common question of law or fact between any claim or defense they have and this action. That failure to demonstrate "common factual proof" is fatal because "[t]he intervention rule is . . . not intended to allow the creation of whole new lawsuits by the intervenors." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (quoting *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994)).

Additionally, the Motion is untimely because it was filed almost 5 months after discovery concluded. The trial has occurred, final judgment has been entered for some of Plaintiffs' claims, and the remaining claims have been dismissed. The Court retains jurisdiction only to address two discrete records issues and, of course, to enforce the permanent injunction. There is no reason to extend and prolong an already concluded case. And granting the proposed intervenors' request would "result[] in prejudice to existing parties." *Id.* Moreover, unlike in private litigation, proposed intervenors can seek federal records pursuant to the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. If their request is denied, they can challenge such denials in federal court. This

concluded case should not be a backdoor to obtaining federal records free from the limitations imposed by Congress in FOIA.

## BACKGROUND

Plaintiffs filed this action on September 28, 2025. Compl., ECF No. 1. The next day, they moved for a temporary restraining order. Mot. for TRO, ECF No. 6. This Court granted that motion on October 4 and set the case for trial to begin less than one month later on October 29. Opinion & Order, ECF No. 56. The Court extended the TRO's scope on October 5. Minutes of Proceedings, ECF No. 68. On October 15, 2025, the Court ordered the parties to proceed to discovery and trial on Plaintiffs' claims under 10 U.S.C. § 12406 and the Tenth Amendment and required the parties to (1) respond to written discovery by October 22, 2025, (2) exchange exhibit lists by October 24, 2025, (3) complete all depositions by October 27, 2025, and (4) begin a three day bench trial on October 29, 2025. Minutes of Proceedings, ECF No. 85. In light of that compressed schedule and the nature of the issues in the case, the parties submitted a stipulated protective order on October 15, 2025 to ensure the timely production of documents "relating to law enforcement and military personnel, strategy, and field operations," Proposed Form of Submitted Stipulated Protective Order, ECF No. 86 § 1, which the Court entered the following day. Stipulated Protective Order, ECF No. 88.

The parties proceeded to trial, and no party ever challenged another party's designation. The Court entered a permanent injunction and partial judgment on November 7, 2025 as to certain counts, *see* Findings of Fact and Conclusions of Law, ECF No. 146; Partial Final Judgment, ECF No. 147, and on March 2, 2026, the Court dismissed the remaining counts, retaining jurisdiction only for (1) enforcing the terms of the permanent injunction; and (2) resolving issues related to the

public disclosure of two deposition videos and the scope of the parties' Protective Order. ECF No. Order, 163.

On March 6, 2026, proposed intervenors moved to intervene, styling their motion as one "for the limited purpose of unsealing court records and lifting the protective order." Mot. to Intervene. The text of their motion also makes clear that they intend to seek access to all documents produced by Defendants in discovery, even if not introduced as evidence at trial,[1] and to publicly reveal the identities of those defense witnesses who are not public-facing government employees. *See id.* at 1; *see also* Proposed Mot. to Unseal Ct. R. and Disclose Witness Identities at 1, 3-4.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24(b)(1) provides that, on a timely motion, a court "may permit anyone to intervene" who "has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention is decided on "a case-by-case basis." *Ins. Co. of N. Am. v. San Juan Excursions, Inc.*, No. C05-2017, 2006 WL 8454911, at *1 (W.D. Wash. June 2, 2006). Permissive intervention is committed to the broad discretion of the district court . . . ." *Orange Cnty.*, 799 F.2d at 539; *see also Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 278-79 (2022) ("Resolution of a motion for permissive intervention is committed to the discretion of the court before which intervention is sought . . . ."). In exercising that discretion, the court must consider whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Ordinarily, "[p]ermissive intervention to litigate a claim on the merits under Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common

---

[1] Through communications with undersigned counsel, Plaintiffs relayed that they had provided the proposed intervenors indicated with all non-confidential materials produced in this case. The proposed intervenors also indicate that even though "some records" were withheld by Plaintiffs, they received other records. *See* Decl. of Jon Bial ¶¶ 7-8, ECF No. 164-1.

question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). But when a nonparty seeks to modify a protective order or seeks access to records in a civil case, an independent ground for jurisdiction is not required. *See id.*; *see also San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999). But any intervenor must still demonstrate the other two factors. *See Beckman*, 966 F.2d at 473-74.

## ARGUMENT

### I.    The Court Should Deny Permissive Intervention

#### A.    The Proposed Intervenors Have Not Demonstrated a Common Question of Law and Fact Between Any Claim or Defense and the Main Action

The proposed intervenors' Motion does not identify any claim or defense sharing a common question of law and fact with this action. That omission is fatal because that is a predicate condition for the Court to grant permissive intervention under Federal Rule of Civil Procedure 24(b). *Beckman*, 966 F.2d at 473; *see also Donnelly*, 159 F.3d at 412 (district court properly exercised its broad discretion to deny permissive intervention where the proposed intervenors sought intervention only in the liability phase of the case and the proposed intervenors' and plaintiffs' claims "share[d] no common factual proof").

The proposed intervenors argue that they do not have to meet this requirement because "when, as here, [Proposed] Media Intervenors seek to intervene only for the limited purpose of preserving access to court records and proceedings and challenging a protective order, they need not 'demonstrate . . . a common question of law or fact,' only that their motion is timely." Mot. to Intervene at 6 (citing *Beckman*, 966 F.2d at 473-75; *San Jose Mercury News*, 187 F.3d at 1100-01). But neither *Beckman* nor *San Jose Mercury News* contains that quoted language. In fact, both point the other way.

4

In *Beckman*, the Ninth Circuit found that the district court did not abuse its discretion in granting permissive intervention by non-parties to seek documents that would benefit a "similar litigation involving the same parties" in state court. 966 F.2d at 474. Even though the court did not require the intervenor to show that the claims "involve[d] the same clause of the [insurance] policy [at issue], or the same legal theory," the court stated that there was "a sufficiently strong nexus between the district court action and the state [court] actions to satisfy the commonality requirement" because the cases involved interpreting the same policy. *Id.* And the collateral actions in *Beckman* had protective orders that allowed the documents to continue receiving confidential protection. *See id.* at 475. Unlike in *Beckman*, the proposed intervenors do not identify any collateral proceeding in which the materials would remain subject to confidentiality protections; instead, their stated objective is public disclosure.

*San Jose Mercury News* similarly does not excuse the proposed intervenors from satisfying Rule 24(b)'s mandatory commonality requirement. There, the Ninth Circuit expressly noted that the defendants challenged only the timeliness of the proposed intervention. *See San Jose Mercury News*, 187 F.3d at 1100 (noting that the defendants "do not challenge the first or third of the[] prerequisites" for permissive intervention). Thus, *San Jose Mercury News* did not "eliminate[]" the commonality requirement even when a proposed intervention is for purposes of document access. *Bobolas v. Does*, No. CV-10-2056, 2011 WL 304874, at *2 (D. Ariz. Jan. 28, 2011).

In any event, the proposed intervenors have not satisfied this requirement. They identify no collateral litigation, much less litigation presenting a sufficiently strong nexus of law or fact to this case. District courts have denied intervention in similar circumstances where a proposed intervenor failed to demonstrate the commonality element. *See, e.g.*, *id.* at *2 (denying motion to intervene by media organization that sought "to see [sealed] documents for the purpose of

continuing to report on this case" (citation omitted)); *Roman v. Mayorkas*, No. ED CV 20-00768, 2021 WL 6103180, at *2 (C.D. Cal. Oct. 15, 2021) (denying intervention to class member's son who sought deposition transcripts and discovery because he "ha[d] not yet engaged in collateral litigation" but only "a pre-litigation investigation," so he "failed to establish his right to intervene"). Therefore, the Court should deny the Motion on this basis alone.

**B.    The Proposed Intervenors' Motion Is Untimely and Prejudicial**

The proposed intervenors' Motion is also untimely. When considering whether a motion is timely, the court considers: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *San Jose Mercury News*, 187 F.3d at 1101 (citation omitted).

Here, the proposed intervenors could have sought to unseal documents, disclose witness identities, and challenge the protective order long before March 6, 2026—*i.e.*, before the conclusion of litigation. This case garnered national attention from the outset, and there is no reason that the proposed intervenors could not have sought to intervene sooner when the case was ongoing. By the time of the proposed intervention, the Court has already conducted a trial, entered final judgment as to some claims and dismissed all other claims. The case has concluded except as to issues relating to the public disclosure of two deposition videos and the State of Oregon's request to expand the Protective Order for a limited purpose. Order, ECF No. 163. The proposed intervenors have provided no reason for their delay. According to the declaration they filed, the United States responded to the proposed intervenors on November 21, 2025, Decl. of Jon Bial ¶ 5, and Plaintiffs responded to the proposed intervenors in mid-December 2025, *id.* ¶ 7. Yet proposed intervenor did not seek to intervene until three months later. There is thus no reason to allow this late intervention now.

To hold otherwise would unfairly prejudice Defendants. The proposed intervenors in effect seek an end-run around proceeding through FOIA, which they appear to be doing simultaneously with seeking intervention. *See* Decl. of Jon Bial ¶ 5. The Court should deny the proposed intervenors' planned request for documents and should instead require them to proceed through FOIA and the judicial review available under that statutory scheme.

## CONCLUSION

For the foregoing reasons, the Court should deny the proposed intervenors' Motion.

Dated: March 24, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Federal Programs Branch

ALEXANDER K. HAAS
Branch Director
Federal Programs Branch

JEAN LIN
Special Litigation Counsel
Federal Programs Branch

TIBERIUS DAVIS
JOHN BAILEY
Counsel to Assistant Attorney General

/s/ *J. Stephen Tagert*
J. STEPHEN TAGERT
KATHLEEN C. JACOBS
KIAN AZIMPOOR
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel.: (202) 305-5486

7

stephen.tagert@usdoj.gov
*Counsel for Defendants*

.