DAN RAYFIELD
Attorney General
BENJAMIN GUTMAN
Deputy Attorney General
DUSTIN BUEHLER
Special Counsel
SCOTT KENNEDY #260337
BRIAN SIMMONDS MARSHALL #196129
THOMAS CASTELLI #226448
IAN VAN LOH #225163
RACHEL SOWRAY #095159
Senior Assistant Attorneys General
ALEXANDER C. JONES #213898
DEREK OLSON #225504
Assistant Attorneys General
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Scott.Kennedy@doj.oregon.gov

*Counsel for the State of Oregon*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION**

STATE OF OREGON, the CITY OF PORTLAND, and the STATE OF CALIFORNIA

Plaintiffs,

v.

DONALD TRUMP, in his official capacity as President of the United States, et al.

Defendants.

Case No.  3:25-cv-01756-IM

STATE OF OREGON'S REPLY IN SUPPORT OF ITS MOTION TO MODIFY PROTECTIVE ORDER

## I.    INTRODUCTION

Defendants' Response to the State of Oregon's Motion to Modify Protective Order, ECF 177 (Resp.), offers a litany of arguments that, as discussed below, lack merit. But it fails for a single, salient reason: Defendants have not articulated any specific harm or prejudice that would flow from the State's proposal to use protected material for law enforcement purposes. That is to say, Defendants did not demonstrate good cause for protection from that use when the parties stipulated to a protective order, and they demonstrate none now. Yet they claim to enjoy protection from it under Rule 26(c) for reasons that are vague (they argue they relied upon the protective order in unspecified ways) or technical (they argue the State should carry the burden on the instant motion). The Court should set these arguments aside and grant the State's Motion because, in the Ninth Circuit, the use of discovery is presumed to be unrestricted absent a good reason to constrain it, and Defendants have not offered one.

## II.    ARGUMENT

### A.    Defendants Failed to Satisfy Their Burden of Demonstrating Good Cause.

Defendants stress the general rule that a "party seeking to modify a protective order bears the burden of demonstrating good cause for modification." Resp. 4. But they neglect its exception: they never directly grapple with the Ninth Circuit's holding that "the burden of proof will remain with the party seeking protection when the protective order was a stipulated order and no party had made a 'good cause' showing." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 n.1 (9th Cir. 2002); *see also In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (similar). This makes sense: when "the protective order [is] a stipulated blanket order," the party opposing modification "never had to make a 'good cause' showing . . . of the need for protection . . . in the first place." *Beckman Indus., Inc. v. Int'l Ins*. Co., 966 F.2d 470, 476 (9th Cir. 1992). And "[w]hile courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order." *Roman Catholic Archbishop*, 661 F.3d at 424.

Page 1 -   STATE OF OREGON'S REPLY IN SUPPORT OF MOTION TO MODIFY
                PROTECTIVE ORDER

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

The cases Defendants cite for the general rule (Resp. 4–5) never contradict these principles, and their lead case helps illustrate them. *See In re Social Media Adolescent Addiction*, No. 22-md-03047, 2024 WL 251404 (N.D. Cal. Jan. 23, 2024). There, the Court adopted a protective order after analyzing its terms based on extensive briefing and a live hearing. *Id.* at *1–2. It is therefore unsurprising that the proponent of modification bore "the burden of proving . . .  good cause exist[ed] to modify the protective order." *Id.* at *8. Here, the parties never submitted a motion demonstrating good cause under Rule 26(c), *see* ECF 86, and the Court adopted the stipulated Order without analysis, *see* ECF 88. This is understandable: as Defendants stress, the parties stipulated to the Order and the Court entered it under an intensely "expedited" schedule. Resp. 1, 8, 10. And even if Defendants demonstrated good cause in favor of protection against *public* disclosure of confidential information, they certainly never demonstrated good cause that it should be protected from use by the State for law enforcement purposes.

Consequently, Defendants must now show good cause why their confidential discovery should remain protected from the State's proposed modification. They have not. That is because their Response does not identify "specific prejudice or harm" tied to the State's proposed use. *Beckman*, 966 F.2d at 476. Defendants do argue that their productions include "sensitive law enforcement materials" and "identifying information" about officers who have faced threats. Resp. 11–12. And they cite cases for the proposition that such concerns can justify maintaining a degree of confidentiality. *See id.* But they do not explain how the State's *non-public* use of discovery *for law enforcement purposes* could harm those interests. Instead, Defendants acknowledge—much like the Protective Order itself—that that Order was designed to mitigate these threats by securing "confidential information *from the public.*" *Id.* at 2 (emphasis added).

Defendants also argue modification would be "unfair" because they "relied on" the Protective Order. Resp. 7-8. But reliance matters only if it was detrimental. For example, "the reliance interests of the party opposing modification" ordinarily "depend on the extent to which the order induced the party to allow discovery" rather than "settle the case." *Beckman*, 966 F.2d at 475. Defendants do not suggest they considered settlement as an alternative to discovery—in

Page 2 -    STATE OF OREGON'S REPLY IN SUPPORT OF MOTION TO MODIFY
            PROTECTIVE ORDER

fact, they identify no alternative to discovery. Nor do they identify any other sense in which the Protective Order "induced" them to proceed down a path they otherwise would have avoided. *Id.* Defendants' vague invocation of reliance therefore cannot justify the protection they demand.

Defendants further argue that, because the Protective Order provides a mechanism for challenging specific confidentiality designations, it "should be treated as one supported by good cause, carrying a presumption against modification." Resp. 11. But the mere availability of "document-by-document adjudication," *id.*, cannot justify protection. Instead, that mechanism is an *alternative* to modification. In theory, the State could challenge Defendants' confidentiality designations to render more documents available for law enforcement use. But given Defendants' over-designation,[1] that process would likely require extensive conferral and motions practice. So document-by-document review of discovery under the Protective order at this juncture would indeed "waste the parties' and the Court's time," as Defendants put it. *Id.* at 10. It would be far more efficient to grant the narrowly tailored modification the State seeks.

Defendants' remaining argument that they have a "property interest" in their confidential material, Resp. 8 (citing cases), is beside the point. That interest only justifies protection under Rule 26(c) insofar as Defendants can show that "specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1210–11. Absent that showing, and property interests notwithstanding, "[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public." *Id.* at 1210 (citation omitted).

**B.      Even if the State Must Demonstrate Good Cause to Support Modification, It Did.**

Regardless of where the burden for the State's Motion is assigned, it should be granted. As already discussed, the Ninth Circuit's good cause analysis proceeds in three steps, the first of which asks whether "prejudice or harm will result" without protection. Mot. to Modify, ECF 166

---

[1] Notably, Defendants designated as confidential or highly confidential nearly *all* of the documents they produced in discovery, and they only began to pare back some of those designations for documents Plaintiffs proposed to use as trial exhibits.

Page 3 -    STATE OF OREGON'S REPLY IN SUPPORT OF MOTION TO MODIFY
           PROTECTIVE ORDER
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

(Mot.) at 4 (discussing *Phillips*, 307 F.3d at 1210–11). For the reasons discussed above and previously (Mot. 5–6), the State has shown that no harm will result from its proposed use.

The State's Motion also explained why, even if Defendants could show prejudice or harm, the second step of the good cause analysis militates in favor of modification because "the balance of public and private interests weighs in favor" of broadening the protective order. Mot. 6–7 (discussing *Roman Catholic Archbishop*, 661 F.3d at 424 n.5). Defendants fail to rebut these arguments. Instead, they suggest that "those factors do not apply because they are about whether the public is permitted to access the protected discovery." Resp. 9. But Defendants ignore that, if the factors militate in favor of *public* disclosure, they surely also militate in favor of the more limited disclosure sought by the State. In other words, while Defendants are correct that the State "do[es] not argue that the Protective Order should be lifted," *id.*, the State should not be penalized for seeking something *less*—i.e., slightly broader access to protected information.

Yet even if Defendants were correct that the State must also show a "reasonable need" for modification, *id.* at 5 (citing *Beckman*, 966 F.2d at 476),[2] it has. The State cited a catalogue of compelling reasons for its proposed use, including its responsibilities to investigate crime "under ORS Chapter 180;" promote "public safety;" and advance "the public['s] strong interest in knowing whether law enforcement is using excessive force." Mot. 7 (quoting *Stewart v. Luna*, No. 2:23-cv-04641-ODW-PDx, 2025 WL 819571, *6 (C.D. Cal. Feb. 12, 2025)).

Defendants' efforts to diminish these concerns fail. Contrary to their characterization (Resp. 6-7), they cite no case suggesting that "investigative purposes" are categorically improper bases for modification. For example, in *H.L. Hayden Co. of New York v. Siemens Med. Sys., Inc.*, the court rejected a modification request by non-party states conducting antitrust investigations. 106 F.R.D. 551 (S.D.N.Y. 1985). It did so for several reasons, including concerns about the plaintiffs' "tactic" in encouraging "harassment" by "attempt[ing] to interest various government

---

[2] *Beckman* did not hold that a proponent of modification bears the burden of demonstrating "reasonable need." *See id.* at 476. Instead, consistent with later authorities like *Phillips*, it primarily reasoned modification was proper because the opponent "never had to make a 'good cause' showing" and then failed to identify "specific prejudice or harm." *Id.* at 475–76.

Page 4 -    STATE OF OREGON'S REPLY IN SUPPORT OF MOTION TO MODIFY
            PROTECTIVE ORDER

agencies in the defendants' . . . activities." *Id.* at 557. And in *Massachusetts v. Mylan Labs.*, the court rejected a state's request to "provide discovery . . . to the attorneys general in all fifty states," some of which had "no legitimate interest" in it. 246 F.R.D. 87, 90-91 (D. Mass. 2007). Moreover, while Defendants characterize the State's proposed use of discovery as a baseless "fishing expedition," Resp. 5, 13, they forget, among other things, their own witness's testimony that this discovery depicted inappropriate force by federal agents. Trial Tr. 483:5–21.

Citing the Supremacy Clause, Defendants also call the State's objectives "invalid."[3] Resp. 10. But the State need not demonstrate that these efforts are likely to yield a conviction, nor must they identify a "specific investigation" at this juncture. *Id.* at 6. That is because, at a minimum, the State's interests render its proposed modification "a reasonable request for disclosure." *Beckman*, 966 F.2d at 476. When balanced against Defendants' failure to demonstrate any "specific prejudice or harm," the protections of Rule 26(c) do not apply— instead, the "presumptively" unrestricted nature of discovery controls. *Phillips*, 307 F.3d at 1210.

Finally, as explained in the State's Motion (Mot. 8), even if the Court rules that the first and second steps of the good cause analysis militate against the State's proposed use of protected discovery, then the Court should at least permit that use subject to redactions. Defendants complain this "begs the question of what redactions would be 'appropriate.'" Resp. 13. But they elsewhere answer their own question by acknowledging that protection is only appropriate for information that will result in "specific prejudice or harm" if released. Resp. 12 (citing *Phillips*, 307 F.3d at 1210-11). So if Defendants demonstrated such harm, then they must at least pare back their blanket designations to restrict only genuinely sensitive information.

### III.    CONCLUSION

For the foregoing reasons, the Court should grant the State's Motion to Modify. It should also clarify whether the deposition videos identified in the Motion may be disclosed.

---

[3] Defendants overstate federal officers' immunity from state prosecution. *See, e.g., Clifton v. Cox*, 549 F.2d 722, 726–29 (9th Cir. 1977) (explaining that immunity depends on whether the officer's action was (1) within the scope of his or her authority and (2) necessary and proper).

Page 5 -    STATE OF OREGON'S REPLY IN SUPPORT OF MOTION TO MODIFY
            PROTECTIVE ORDER

DATED March 31, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General
BENJAMIN GUTMAN
Deputy Attorney General
DUSTIN BUEHLER
Special Counsel

_s/ Scott Kennedy_
SCOTT KENNEDY #260337
BRIAN SIMMONDS MARSHALL #196129
THOMAS CASTELLI #226448
IAN VAN LOH #225163
RACHEL SOWRAY #095159
Senior Assistant Attorneys General
ALEXANDER C. JONES #213898
DEREK OLSON #225504
Assistant Attorneys General
100 SW Market Street
Portland, OR 97201
971-673-1880
Scott.Kennedy@doj.oregon.gov
Brian.S.Marshall@doj.oregon.gov
Thomas.Castelli@doj.oregon.gov
Ian.VanLoh@doj.oregon.gov
Rachel.Sowray@doj.oregon.gov
Alex.Jones@doj.oregon.gov
Derek.Olson@doj.oregon.gov

*Counsel for the State of Oregon*

Page 6 -   STATE OF OREGON'S REPLY IN SUPPORT OF MOTION TO MODIFY
PROTECTIVE ORDER