Shelby Leighton*
Mariam Elbakr*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036

Leila Nasrolahi**
PUBLIC JUSTICE
475 14th St., Suite 610
Oakland, CA 94612

Athul Acharya, OSB #152436
Sara Rosenburg*
PUBLIC ACCOUNTABILITY
P.O. Box 14672
Portland, OR 97211

*Counsel for All Media Intervenors*

*\* appearing pro hac vice*
*\*\* pro hac vice application pending*

Jon Bial, OSB #002048
OREGON PUBLIC BROADCASTING
7140 S Macadam Avenue
Portland, OR 97219

*Counsel for Oregon Public Broadcasting*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

|  |  |
|---|---|
| STATE OF OREGON, *et al.*<br><br>    *Plaintiffs*,<br><br>    v.<br><br>DONALD TRUMP, in his official capacity as President of the United States, *et al.*<br><br>    *Defendants*. | Case No. 3:25-cv-01756-IM<br><br>**NON-PARTY MEDIA ORGANIZATIONS' REPLY IN SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS AND LIFTING THE PROTECTIVE ORDER** |

## INTRODUCTION

This Court entered a blanket protective order allowing the Parties to designate confidential material at their discretion and granted Defendants' requests to keep certain records under seal. Now that the case is over, Proposed Media Intervenors ask the Court to revisit some of these confidentiality orders to ensure that information of public interest is not needlessly withheld from the public. This request is well-supported by law guaranteeing the public a presumptive right of access to court records—a right that courts have made clear can be pursued through permissive intervention under Rule 24(b). Defendants' arguments that Media Intervenors' motion should be denied because Media Intervenors have not presented a common question justifying intervention cannot be reconciled with this law. And their argument that Proposed Intervenors are too late to seek transparency is also unpersuasive.

Because proposed Media Intervenors have satisfied all the elements this Court must consider under Rule 24(b), this Court should grant the motion.

## ARGUMENT

I.  **Proposed intervenors have a question of law or fact in common with the main action by virtue of the fact that they seek to unseal records and challenge a protective order.**

When a nonparty seeks to intervene for the limited purpose of challenging a protective or sealing order, Rule 24(b)'s requirement that the nonparty "has a claim or defense that shares with the main action a common question of law or fact" is not strictly applied. Fed. R. Civ. P. 24(b)(1)(B); *see Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) (holding that there is "no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order"). This is because nonparty intervenors do not seek to engage in the merits of the underlying litigation. *See id.* (explaining intervenors did not

MOTION TO INTERVENE REPLY

have to show "[f]urther specificity" in meeting commonality requirement because "intervenors [were] not becoming parties to the litigation"). Instead, where the nonparty intervenor seeks only to challenge a sealing or protective order, courts have consistently held that the question of whether the records should remain confidential serves as the common question for Rule 24(b) purposes. *E.g., Cahill v. Nike, Inc.*, No. 3:18-CV-01477-JR, 2022 WL 4667364, at *6 (D. Or. Sept. 30, 2022), *report and recommendation adopted*, No. 3:18-CV-01477-JR, 2022 WL 16924190 (D. Or. Nov. 13, 2022) ("Courts have … recognized a common question of law and fact where the sole issue is the confidentiality of sealed documents."); *Brown v. Sperber-Porter*, No. CV-16-02801-PHX-SRB, 2017 WL 11483484, at *3 (D. Ariz. Nov. 3, 2017) (explaining that "the common question of law between the parties and intervenor is the confidentiality of the records); *Jessup v. Luther*, 227 F.3d 993, 999 (7th Cir. 2000) ("[C]onfidentiality is—in the language of Rule 24(b)(2)—a 'question of law … in common' between" the parties and the proposed intervenors); *Pansy v. Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994) (explaining intervenors met commonality requirement "[b]y virtue of the fact that [intervenors] challenge[d] the validity of the Order of Confidentiality entered in the main action"); *F.T.C. v. AMG Servs., Inc.*, No. 2:12-CV-536-GMN-VCF, 2014 WL 6069821, at *2 n.4 (D. Nev. Nov. 13, 2014), *aff'd*, No. 2:12-CV-00536-GMN, 2015 WL 4073192 (D. Nev. July 2, 2015) (explaining "a common question of law or fact is demonstrated by merely invoking one's right of access and filing a motion to intervene or motion to unseal").

So, the commonality requirement is per se met in cases like this one, where intervenors only seek to challenge confidentiality orders. Many courts, including the Ninth Circuit, have taken that to mean that, in such cases, a putative intervenor "does not need to demonstrate … a common

MOTION TO INTERVENE REPLY

question of law or fact" at all.[1] *Cosgrove v. Nat'l Fire & Marine Ins. Co.*, 770 F. App'x 793, 795 (9th Cir. 2019) (citing *Beckman*, 966 F.2d at 473); *accord Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 5520771, at *2 (N.D. Cal. Aug. 24, 2023) ("[W]here a nonparty seeks only to unseal court records, the proposed intervenor is only required to satisfy the timeliness factor."); *Hernandez v. Cnty. of Monterey*, No. 13-CV-02354-BLF, 2023 WL 5418753, at *2 (N.D. Cal. Aug. 21, 2023) (same). The result is the same either way: Nonparties seeking limited intervention for confidentiality-related issues need not identify any common questions of fact or law relating to the merits of any of the claims or defenses raised in the underlying action.

The only case Defendants cite for their argument that something more is needed to satisfy the commonality element is *Bobolas v. Does,* No. CV-10-2056-PHX-DGC, 2011 WL 304874 (D. Ariz. Jan. 28, 2011). There, a nonparty public interest organization sought to intervene for the limited purpose of unsealing a court record. *Id.* at *1. The district court wrongly denied that motion, concluding that the nonparty "failed to show that it ha[d] met the commonality requirement" where the organization "state[d] only that it 'want[ed] to see the documents for the purpose of continuing to report on th[e] case.'" *Id.* at *2. This analysis is not only contrary to the Ninth Circuit precedent holding that it is unnecessary to demonstrate a common question of law or fact beyond the confidentiality of the records, *see supra* at 3, it is also plainly contrary to the well-established principle that the right of access to court records "is a general right held by all persons." *United*

---

[1] Proposed Media Intervenors stated in their motion that, because they "seek to intervene only for the limited purpose of preserving access to court records and proceedings and challenging a protective order, they need not 'demonstrate independent jurisdiction or a common question of law or fact,' only that their motion is timely." ECF 166 at 6. Proposed Media Intervenors mistakenly cited to the wrong authority. The quoted material is found in *Cosgrove*, 770 F. App'x at 795 ("A third party seeking permissive intervention purely to unseal a court record does not need to demonstrate independent jurisdiction or a common question of law or fact."). Media Intervenors apologize to the Court for this mistake.

MOTION TO INTERVENE REPLY

3

*States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1192 n.4 (9th Cir. 2011) (quoting *In re EyeCare Physicians of America,* 100 F.3d 514, 517 (7th Cir. 1996)). So, because *Bobolas*'s reasoning and holding is wrong, this Court should not adopt it over the well-reasoned holdings of the Ninth Circuit.

Finally, Defendants argue that Media Intervenors have not satisfied commonality because Media Intervenors did not identify "collateral litigation" for which they need confidential records. ECF 176 at 8. But Media Intervenors need not do so because they do not seek to receive discovery subject to a protective order for personal use in individual litigation. *See Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1131 (9th Cir. 2003) (explaining that "collateral litigants may be entitled to modification of the original protective order permitting them access to the properly covered material, subject to the terms of that order"). For that reason, Defendant's reliance on *Roman v. Mayorkas*, where a court considered whether an intervenor could gain access to records relating to a death at a detention facility for use in the development of possible litigation, is misplaced. ECF 176 at 9 (citing *Roman v. Mayorkas*, No. ED CV 20-00768 TJH (PVC), 2021 WL 6103180, at *2 (C.D. Cal. Oct. 15, 2021)).[2]

Because proposed Media Intervenors seek only to challenge confidentiality restrictions, they have met Rule 24(b)'s commonality requirement, and the Court should grant the motion so long as it is timely, which it is.

**II.     Proposed intervenors' motion is timely and will not unduly prejudice the Parties.**

Defendants agree that in determining whether the motion to intervene is timely, a court must consider "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the

---

[2] In this motion, the page numbers in citations to ECF documents refer to the ECF header, not the document's internal pagination.

MOTION TO INTERVENE REPLY

4

prejudice to other parties; and (3) the reason for and length of the delay." *San Jose*, 187 F.3d at 1100-01. Media Intervenors' motion was filed five months after the blanket protective order was issued and one month after the City of Portland explained the basis for withholding sealed records. ECF 164 at 10-11. That is well within the amount of time courts have found acceptable for intervention in the records-access context. *E.g., San Jose*, 187 F.3d at 1101 ("[D]elays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records."); *Beckman*, 966 F.2d at 471 (affirming intervention two years after settlement); *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 785 (1st Cir. 1988) (collecting cases with delays of two, three, and four years); *Anoke v. Twitter, Inc.*, No. 23-CV-02217-SI, 2024 WL 3908108, at *3 (N.D. Cal. Aug. 20, 2024), *appeal dismissed sub nom. Anoke v. Silverman*, No. 24-5936, 2025 WL 2252556 (9th Cir. Aug. 4, 2025) (finding lapse of roughly 12.5 months between initial sealing order and filing of intervenor's motion was not enough delay to deny intervention).

Defendants say that Media Intervenors "could have sought to intervene sooner when the case was ongoing." ECF 176 at 9. But they don't explain why that should make a difference, and don't point to any facts showing that proposed Media Intervenors had the ability but intentionally chose not to intervene earlier. And as the factual record shows, Media Intervenor Oregon Public Broadcasting diligently pursued seeking access to records through means they reasonably believed would yield production of records short of resource-intensive federal litigation. *See* ECF 164 at ¶¶ 4-8; *cf Pansy*, 23 F.3d at 780 n.8 (noting that intervenor's initial attempt to access documents via state law demonstrated intervenor was "diligent in seeking [record], and that its motion for intervention therefore cannot be deemed untimely"). Nor does it matter that the Court has "conducted a trial, entered final judgment as to some claims and dismissed all other claims." ECF 176 at 9. Media Intervenors do not seek to litigate the merits. In record-access cases, courts allow

MOTION TO INTERVENE REPLY

intervention well after cases have reached a final resolution on the merits. *See, e.g., Beckman*, 966 F.2d at 471 (affirming granting of motion to intervene filed two years after underlying litigation settled); *Blum v. Merrill Lynch Pierce Fenner & Smith Inc*., 712 F.3d 1349, 1353 (9th Cir. 2013) (recognizing "the growing consensus among the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated" (quoting *Pansy*, 23 F.3d at 779)).

Defendants conclusorily assert that allowing intervention would "unfairly prejudice Defendants." ECF 176 at 10. But they don't say how. Indeed, Defendants have not offered a single reason why they would be prejudiced by the media groups' intervention in this case. That's because no prejudice exists: Courts have consistently held that a party who seeks "postjudgment intervention" to litigate only a collateral issue, and "not to reopen the merits," causes "little prejudice to existing parties." *Pub. Citizen*, 858 F.2d at 786; *accord Blum*, 712 F.3d at 1354; *Pansy*, 23 F.3d at 780.

Defendants also assert, without explanation, that intervention should be denied because Media Intervenors' efforts are an "end-run" around FOIA. ECF 176 at 10. That's wrong. Media Intervenors are allowed to seek documents through multiple channels, and doing so does not prejudice Defendants in any way. Courts have consistently held that permissive intervention is the proper vehicle for accessing court records and information produced in discovery, *San Jose*, 187 F.3d at 1100, and Defendants cannot extinguish that vehicle simply by pointing to an alternative route that is rooted in different legal authority and effectuates different, though related, public policies. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1185 (9th Cir. 2006) (discussing the differences between public records law and the public's right of access to court records). That would produce absurd results, including that a member of the press and public would

MOTION TO INTERVENE REPLY

6

be able to intervene to challenge confidentiality of records only in cases involving private litigants, keeping government activity free from public scrutiny.

**CONCLUSION**

Because proposed Media Intervenors have satisfied the elements of Rule 24(b), their Motion to Intervene should be granted.

Dated: April 7, 2026

Submitted,

/s/  *Leila Nasrolahi*
Leila Nasrolahi**
PUBLIC JUSTICE
475 14th St., Suite 610
Oakland, CA 94612

Shelby Leighton*
Mariam Elbakr*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036

Athul Acharya, OSB #152436
Sara Rosenburg*
PUBLIC ACCOUNTABILITY
P.O. Box 14672
Portland, OR 97211

*Counsel for All Media Intervenors*

* appearing pro hac vice
** pro hac vice application pending

Jon Bial, OSB #002048
OREGON PUBLIC BROADCASTING
7140 S Macadam Avenue
Portland, OR 97219

*Counsel for Oregon Public Broadcasting*

MOTION TO INTERVENE REPLY