DAN RAYFIELD
Attorney General
BENJAMIN GUTMAN
Solicitor General
DUSTIN BUEHLER
Special Counsel
SCOTT KENNEDY (DC Bar # 1658085)
BRIAN S. MARSHALL (# 196129)
THOMAS CASTELLI (# 226448)
IAN VAN LOH (# 225163)
RACHEL SOWRAY (# 095159)
Senior Assistant Attorneys General
ALEXANDER C. JONES (# 213898)
DEREK OLSON (# 225504)
Assistant Attorneys General
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Email: Scott.Kennedy@doj.oregon.gov

*Counsel for the State of Oregon*

[Additional counsel on signature page]

BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON (NE Bar No. 25886)
Deputy Assistant Attorney General
ALEXANDER K. HAAS (CA Bar No. 220932)
Branch Director
JEAN LIN (NY Bar No. 4074530)
Special Litigation Counsel
TIBERIUS DAVIS (DC Bar No. 90020605)
JOHN BAILEY (Ohio Bar No. 104260)
Counsel to Assistant Attorney General
J. STEPHEN TAGERT (VA Bar No. 99641)
KATHLEEN C. JACOBS (TX Bar No. 24091154)
KIAN AZIMPOOR (DC Bar No. 90024613)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-5486
stephen.tagert@usdoj.gov

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STATE OF OREGON, the CITY OF PORTLAND, and the STATE OF CALIFORNIA<br><br>          Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, in his official capacity as President of the United States; PETE HEGSETH, in his official capacity as Secretary of Defense; U.S. DEPARTMENT OF DEFENSE; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>          Defendants. | Case No. 3:25-cv-01756-IM<br><br>AMENDED STIPULATED PROTECTIVE ORDER |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information and information subject to the Privacy Act of 1974 ("Privacy Act"), for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Specifically, this action concerns the activities of local, state, and federal law enforcement personnel, as well as activities of the National Guard. The parties expect to exchange documents and information relating to law enforcement and military personnel, strategy, and field operations, the public disclosure of which could negatively impact those operations. The parties may also exchange documents and information containing personal identifying information.

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 5(e) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information that, at the time of its production in discovery in this Action, or thereafter, is designated confidential by the Producing Party or any Party because of a good faith belief that the information is both:

(a)    not in the public domain, or if in the public domain, is improperly in the public domain; **<u>and</u>**

(b)    one or more of the following:

2

AMENDED STIPULATED PROTECTED ORDER

(i)     personal financial, medical, tax, employment, personnel, or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2;

(ii)    personally identifiable information, such as social security numbers, alien registration numbers ("A numbers"), birth dates, home addresses, email addresses, non-public telephone numbers, names of family members, and other similar types of information;

(iii)   information and internal policies and procedures for which disclosure could reasonably give rise to a risk of harm to information technology security, personnel security, or national security interests;

(iv)    information protected by the provisions of the Privacy Act of 1974, 5 U.S.C. § 552a;

(vi)    materials subject to exemptions under ORS Chapter 192, Cal. Govt. Code §§ 7920 *et seq*., and the Freedom of Information Act, 5 U. S.C. § 552, including, but not limited to, law enforcement sensitive information, such as information about law enforcement operations, investigations, equipment, personnel, sources, techniques, procedures, or guidelines that would be protected from public disclosure under 5 U.S.C. § 552(b)(7);

(vi)    all information that is derived from Protected Information, even if incorporated into another document or compilation or referred to in testimony, shall be treated as Protected Information.

(vii)   information pertaining to applications for asylum or withholding of removal, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), as well as information pertaining to: (1) applications for Temporary Protected Status under 8 U.S.C. §

3

AMENDED STIPULATED PROTECTED ORDER

1254a; and (2) information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2); and (v) any other information that is protected or restricted from disclosure by Court order, statutes, rules or regulations, including, but not limited to: 8 U.S.C. §§ 1160(b)(5); 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.216, 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21,1003.27(b)-(d), 1003.46, 1208.6, 28 C.F.R. § 0.29f, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure;

(viii)   sensitive information about Defendant's law enforcement or national security staffing, resources, intelligence and/or methods (including the names and contact information of third parties, and non-supervisory federal and non-federal employees), the release of which to the public may adversely impact identifiable law enforcement or national security interests

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to

AMENDED STIPULATED PROTECTED ORDER

the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY: information (regardless of how it is generated, stored, or maintained) that is extremely confidential and/or sensitive in nature and the Designating Party reasonably believes that the disclosure of such material would create substantial risk of significant harm to the Designating Party that could not be avoided by less restrictive means.

2.8    House Counsel: attorneys who are employees of a Party or a Party's component agencies. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including attorneys employed by the California Department of Justice, the Oregon Department of Justice, the office of the Portland City Attorney, or the United States Department of Justice representing a party to this action.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    PRA Request: a request made pursuant to the California Public Records Act (Cal. Govt. Code §§ 7920 et seq.) or to the Oregon Public Records and Public Meeting Law (Or. Revised

AMENDED STIPULATED PROTECTED ORDER

Statute § 192.311 *et seq*).

2.16    <u>Receiving Party for Confidential Information</u>: a Party's officers, directors, employees, consultants, and retained experts to whom it is reasonably necessary to disclose the information for this litigation and who receive Disclosure or Discovery Material from a Producing Party that is designated "Confidential."

2.17    <u>Receiving Party for Highly Confidential – Attorney's Eyes Only Information</u>: A Party's House Counsel and Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who receive Disclosure of Discovery Material designated "High Confidential – Attorney's Eyes Only" from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication that is not unauthorized and not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and not through an unauthorized disclosure and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the

6

AMENDED STIPULATED PROTECTED ORDER

completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to potential sanctions if so proven.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection

7

AMENDED STIPULATED PROTECTED ORDER

need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as the case may be, legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony in pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) all deposition transcripts and audio/video recordings shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until a period of three business days following receipt of the expedited transcript, during which period any Party may designate those portions of the transcript it seeks to protect under this Order. A Party wishing to disclose a deposition transcript or audio/video recording subject to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment prior to the expiration of the foregoing period must provide all other parties and counsel for the witness with at least three business days' notice and an opportunity to object to such disclosure. If a Party or the witness objects to disclosure within this period, the objecting Party or witness shall make appropriate designations under this Order within three business days of serving notice of its objection to disclosure. If any portion of a deposition is designated, the transcript shall be labeled with the appropriate legend in an obvious manner on the title page, and the title page must be followed by a list of all pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party. If any portion of a videotaped deposition is designated, the original and all copies of any videotape, DVD, or other media container shall be labeled with the appropriate legend in an obvious manner. The Party initiating the deposition shall inform the court reporter of these

AMENDED STIPULATED PROTECTED ORDER

requirements.

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as the case may be. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4   Use of Protected Material in Depositions: Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages and videotape of the deposition testimony dealing with such Protected Material. The use of Protected Material as an exhibit at a deposition or other pretrial proceeding will not in any way affect its designation as Protected Material. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent and deponent's counsel, any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material. Parties shall give other Parties notice if they reasonably expect a deposition or other pretrial proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals, including Outside Counsel of Record, House Counsel, and those who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is

AMENDED STIPULATED PROTECTED ORDER

necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient). Provided that the trial remains set for October 29, 2025, the voice-to-voice dialogue to resolve the noticed challenge shall occur within three business days of notice of challenge. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Local Rule 5(e), if applicable) within three business days of the determination that the parties meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent certification affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion three business days of the parties agreeing that the meet and confer process will not resolve their dispute, shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion

AMENDED STIPULATED PROTECTED ORDER

challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a certification affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, except as provided in section 7.5 below. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party for Confidential Information may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

11

AMENDED STIPULATED PROTECTED ORDER

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party for Highly Confidential – Attorneys' Eyes Only information may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) employees of House Counsel and Outside Counsel of Record in this action, to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation; (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (3) as to whom the procedures set forth in Section 7.4, below, have been followed;

(c) the court and its personnel;

AMENDED STIPULATED PROTECTED ORDER

(d) court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(f) the author or recipient of a document containing the information or a custodian who possessed the information.

7.4    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts. Unless otherwise ordered by the court or agreed to in writing by the Designating Party, the following procedures apply when a Party seeks to disclose to an Expert (as defined in this Protective Order) any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material.

(a) The Party seeking to disclose the Protected Material to an expert must first make a written disclosure to the Designating Party that (1) Sets forth the full name of the Expert and the city and state of his or her primary place of business, (2) attaches a copy of the Expert's current resume or CV, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the Party to the litigation for whom such work was done, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

With regard to the information sought through part (4) of such an Expert disclosure, if the

13

AMENDED STIPULATED PROTECTED ORDER

Expert believes any of this information is subject to a confidentiality obligation and/or non-disclosure agreement to a Non-Party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, including at a minimum disclosing the existence of the confidentiality agreement and/or nondisclosure agreement, and the Party seeking to disclose to the Expert must be available to meet and confer with the Designating Party regarding any such engagement.

(b) A Party that makes a disclosure and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within three business days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based. Any such objection shall be reasonable and made in good faith and shall be signed by counsel under Fed. R. Civ. P. 11.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within 48 hours of the written objection. If no agreement is reached, the Parties shall comply with Local Rules 7, 26-3, 37, and any other applicable rules or Orders to present such discovery dispute to the Court. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in this paragraph and Local Rule 7-1(a).

In any such proceeding, the Party opposing disclosure to the Expert bears the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.5     Disclosure for Law Enforcement Purposes. A Party may use Protected Material, including both information and items and designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for the Party's law enforcement purposes, including to investigate, charge, or prosecute crimes, provided that any person who receives Protected Material signs a document saying that they have read this Protective Order and agree to be bound by it. Use pursuant to this paragraph permits a party to disclose Protected Material to

AMENDED STIPULATED PROTECTED ORDER

law enforcement agencies or grand juries.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a PRA Request or a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the PRA request or subpoena or court order;

(b) promptly notify in writing the party who caused the PRA request or subpoena or order to issue that some or all of the material covered by the PRA request or subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the PRA request or subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or from otherwise failing to comply with existing law.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this

AMENDED STIPULATED PROTECTED ORDER

litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) Provided that the trial remains set for October 29, 2025, if the Non-Party fails to object or seek a protective order from this court within three business days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

AMENDED STIPULATED PROTECTED ORDER

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
       MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    PRIVACY ACT

12.1    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 552a(b)(11), the Court authorizes the Federal Defendants to produce information that may be covered by the Privacy Act in order to avoid the need to raise and resolve Privacy Act objections to the disclosure of information sought in discovery. However, nothing in this Order shall require production of any information, including any information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities.

12.2    Information that either party deems protected under the Privacy Act shall be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as appropriate.

12.3    Except as otherwise permitted by law and/or waivers made by individuals as to their own information, information protected under the Privacy Act shall be used only by those persons listed in paragraphs 7.2 and 7.3 of this Order, and only for the purpose of this litigation, including any appeals and any related administrative proceedings, and shall not be disclosed, in any manner whatsoever, to anyone for any other purpose.

13.    MISCELLANEOUS

13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

17

AMENDED STIPULATED PROTECTED ORDER

seek its modification by the court in the future.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 5(e). Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.4    Review of Witness Acknowledgments and Agreements to Be Bound. At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all copies of Exhibit A in any Receiving Party's possession. The Receiving Party must, within 48 hours of the demand, provide all such copies to the Designating Party making the demand. Notwithstanding the foregoing, if the Receiving Party has retained an expert whose identity has not yet been disclosed to the Designating Party, the Receiving Party may generically identify how many Acknowledgments and Agreements to Be Bound it has in its possession attributable to non-disclosed experts, whose acknowledgements must later be provided contemporaneously with any reports issued by one or more of said experts. If a Receiving Party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any Acknowledgments and Agreements to Be Bound from those experts to the Designating Party. However, if the Designating Party provides to the court evidence of

AMENDED STIPULATED PROTECTED ORDER

breach of this Order via unauthorized leak of designated information, the court may require an *in camera* production of all Acknowledgments and Agreements to Be Bound held by a Receiving Party in order to determine breach and consider enforcement of this Order.

13.5    Non-Effect on Privilege. Nothing in this Protective Order shall be construed to affect any party's right to withhold or redact material on the basis of any applicable privilege or other protection, and the production of Confidential or Highly Confidential – Attorneys' Eyes Only information under this Protective Order shall not be construed to waive any such privilege in this or any other proceeding.

13.6    Federal Rule of Evidence 502. Nothing in this Protective Order shall waive or limit any protections afforded the parties under Federal Rule of Evidence 502. Pursuant to Federal Rule of Evidence 502(d), any attorney-client privilege and protection of attorney work product is not waived by disclosure connected with this litigation.

14.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

AMENDED STIPULATED PROTECTED ORDER

14.    CONTINUING JURISDICTION

The restrictions on disclosure and use of Protected Material shall survive the conclusion of this action and this court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.


*Additional Counsel*

ROB BONTA
Attorney General of California
MICHAEL L. NEWMAN (CA Bar # 222993)
THOMAS S. PATTERSON (CA Bar # 202890)
Senior Assistant Attorneys General
ANYA M. BINSACCA (CA Bar # 189613)
MARISSA MALOUFF (CA Bar # 316046)
JAMES E. STANLEY (CA Bar # 316288)
Supervising Deputy Attorneys General
JESSE BASBAUM (CA Bar # 273333)
BARBARA HORNE-PETERSDORF (CA Bar # 327738)
JANE REILLEY (CA Bar # 314766)
MEGHAN H. STRONG (CA Bar # 324503)
Deputy Attorneys General
1515 Clay Street, Suite 2000
Oakland, CA 94612
Telephone: (510) 879-0280
E-mail: jesse.basbaum@doj.ca.gov

*Attorneys for State of California*


ROBERT TAYLOR (# 044287)
Portland City Attorney
CAROLINE TURCO (# 083813)
Senior Deputy City Attorney
NAOMI SHEFFIELD (# 170601)
Chief Deputy City Attorney
1221 SW Fourth Avenue
Fourth Floor, Room 430
Portland, OR 97204
Tel: (503) 823-4047
Fax: (503) 823-3089
Caroline.Turco@portlandoregon.gov
Naomi.Sheffield@portlandoregon.gov

*Attorneys for City of Portland*

20

AMENDED STIPULATED PROTECTED ORDER

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: _____    _____
                                                                 Attorney for State of Oregon


DATED: _____    _____
                                                                 Attorney for City of Portland


DATED: _____    _____
                                                                 Attorney for State of California


DATED: _____    _____
                                                                 Attorney for Defendants


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: 4/14/2026 _____    /s/ Karin J. Immergut _____
                                                                 The Honorable Karin J. Immergut
                                                                 United States District Court Judge

AMENDED STIPULATED PROTECTED ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Oregon on _____ [date] in the case of ***State of Oregon et al. v. Trump et al.*, Case No. 3:25-cv-01756-SI**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Oregon for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Oregon agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

22

AMENDED STIPULATED PROTECTED ORDER