BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON (NE Bar No. 25886)
Deputy Assistant Attorney General
ALEXANDER K. HAAS (CA Bar No. 220932)
Branch Director
JEAN LIN (NY Bar No. 4074530)
Special Litigation Counsel
TIBERIUS DAVIS (DC Bar No. 90020605)
JOHN BAILEY (Ohio Bar No. 104260)
Counsel to Assistant Attorney General
J. STEPHEN TAGERT (VA Bar No. 99641)
KATHLEEN C. JACOBS (TX Bar No. 24091154)
KIAN AZIMPOOR (DC Bar No. 90024613)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-5486
stephen.tagert@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION**

| | |
|---|---|
| STATE OF OREGON, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> *Defendants.* | Case No. 3:25-cv-01756 <br><br> **Response to Media Intervenors' Motion to Unseal Court Records and Disclose Witness Identities** |

On April 8, 2026, the Court ordered Defendants to respond to intervenors' Motion to Unseal Court Records and Disclose Witness Identities (ECF No. 165) (the "Motion to Unseal"). Defendants respond as follows.

**1. Defendants Consent to Unsealing the Trial Exhibits.** Intervenors first move to unseal the trial exhibits that the Court sealed at Defendants' request—Exhibit Nos. 137, 1001-45, 1060-61, and 1141-52. Motion to Unseal at 7-12. Except for two Department of War documents, all are referenced as Federal Protective Services' "3155 documents" in Defendants' prior motion to seal (ECF No. 121). Defendants agree to this request and do not oppose unsealing, except Defendants will redact all personally identifiable information ("PII") from those documents. Defendants believe that these minor redactions allow for "a full understanding of what transpired before this Court," Motion at 3, while protecting the identities of those mentioned in these exhibits as well as other sensitive personal information. *Cf. Wagafe v. Trump*, 334 F.R.D. 619, 624 (W.D. Wash. 2020) (finding redaction of PII appropriate under the law enforcement privilege). That information includes Federal Protective Service officer names (except for R.C. and W.T., as discussed below) who are line officers; contract security guards' names; suspects' names, birthdates, home addresses, phone numbers, social security numbers, National Crime Information Center (NCIC) numbers, and descriptions; vehicle license plate numbers; and the names of local Portland Police Bureau officers. Except for the social security numbers, the Media Intervenors object to these redactions. Courts have found these types of redactions appropriate, however, and the redactions are warranted here to protect line officers and third parties whose names and identifying information do not matter for the issues presented in this case. *See, e.g.*, *Liles v. Cnty. of Sacramento*, No. 2:24-CV-00416-KJM-CKD, 2024 WL 1971882, at *3 (E.D. Cal. May 3, 2024) (redacting the names of police deputies and collecting cases where similar information was

1

redacted); *Murphy v. Kavo Am. Corp.*, No. CV 11 0410 YGR, 2012 WL 1497489, at *1 (N.D. Cal.

Apr. 27, 2012) (allowing redaction of employee-identifying information because "redacting the

identifying information would provide the Court, and the public, with meaningful information and

not prejudice the individuals, documents containing private information"); *Gregory v. City of

Vallejo*, No. 2:13-CV-00320-KJM, 2014 WL 4187365, at *4 (E.D. Cal. Aug. 21, 2014) (permitting

movant's redaction of the names of third party individuals even when finding that the movant had

not established a compelling reason to seal its exhibits); *Pryor v. City of Clearlake*, No. C 11-0954

CW, 2012 WL 3276992, at *3 (N.D. Cal. Aug. 9, 2012) (redacting "the names, address, telephone

numbers, dates of birth and ages for the non-party individuals").

Defendants respectfully request that they be permitted to apply the redactions. They will

produce the redacted documents by the end of the week. Similarly, Defendants will produce the

two Department of War documents this week once they complete the process of de-controlling

them.

Defendants also note that many of the previously sealed exhibits contain privileged

information that had already been redacted when produced in discovery and when the exhibits

were entered into evidence at trial. Defendants are not required to provide a "compelling reason"

for why that information must be redacted because that information was never part of the judicial

records for the trial. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)

(noting that the general right to inspect and copy belongs to those that are "judicial records");

*Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (noting that the "compelling reasons"

test applies to "judicial records"). Even if it were, however, that information should remain sealed

because it relates to the integrity of law enforcement techniques, which is a basis for asserting the

privilege. *See, e.g.*, *Chang v. United States*, No. CV 02-2010 (EGS/AK), 2009 WL 10696625, at

*1 (D.D.C. Nov. 5, 2009) (noting that, among other bases, "the privilege serves to preserve the integrity of law enforcement techniques"). Plaintiffs have never challenged this assertion of privilege, and there is no reason to re-examine it now as this privileged information was never before the Court.

**2. Defendants Do Not Oppose Unsealing the Motion to File Document Under Seal (ECF No. 153).** Intervenors next argue that the Court should require Defendants to file a public motion to seal regarding two specific exhibits, Nos. 137 and 1152. Motion to Unseal at 12-13. Defendants previously filed a motion to seal that was itself filed under seal (ECF No. 153). Because Defendants will now produce the two exhibits (except with PII redactions), there seems no need to unseal the prior motion to seal, even though they do not oppose having that motion itself unsealed. The prior versions of the two exhibits (ECF No. 155) should remain under seal, however, because they contain PII that should not be disclosed publicly.

**3. Defendants No Longer Object to Having W.T. and R.C.'s Names Being Made Public.** Intervenors next ask for the Court to change the trial transcript so that the names of R.C. and W.T. appear in it. Motion to Unseal 13-16. Defendants no longer object to this request.[1]

Dated: April 15, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

---

[1] Defendants previously requested that the deposition videos of R.C. and W.T. not be publicly released because the substance of their testimony is already contained in the publicly released transcripts and because these witnesses have a significant concern that disclosure of their likeness could lead to further harassment, as articulated in their respective declarations (ECF Nos. 177-1 & 177-2). *See* Response to State of Oregon's Motion to Modify Protective Order and Clarify the Confidentiality Status of Certain Deposition Videos (ECF No. 177) at 13-15. Defendants' position remains the same, even as they now do not object to the release of R.C. and W.T.'s names.

Federal Programs Branch

ALEXANDER K. HAAS
Branch Director
Federal Programs Branch

JEAN LIN
Special Litigation Counsel
Federal Programs Branch

TIBERIUS DAVIS
JOHN BAILEY
Counsel to Assistant Attorney General

/s/ *J. Stephen Tagert*
J. STEPHEN TAGERT
KATHLEEN C. JACOBS
KIAN K. AZIMPOOR
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel.: (202) 305-5486
stephen.tagert@usdoj.gov

*Counsel for Defendants*

4