Shelby Leighton*
Mariam Elbakr*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036

Leila Nasrolahi*
PUBLIC JUSTICE
475 14th St., Suite 610
Oakland, CA 94612

Athul Acharya, OSB #152436
Sara Rosenburg*
PUBLIC ACCOUNTABILITY
P.O. Box 14672
Portland, OR 97211

*Counsel for All Media Intervenors*

Jon Bial, OSB #002048
OREGON PUBLIC BROADCASTING
7140 S Macadam Avenue
Portland, OR 97219

*Counsel for Oregon Public Broadcasting*

*\*Admitted pro hac vice*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

|  |  |
|---|---|
| STATE OF OREGON, *et al.*<br><br>    *Plaintiffs*,<br><br>        v.<br><br>DONALD TRUMP, in his official capacity as President of the United States, *et al.*<br><br>    *Defendants*. | Case No. 3:25-cv-01756-IM<br><br>**MEDIA INTERVENORS' REPLY IN SUPPORT OF MOTION TO UNSEAL COURT RECORDS AND DISCLOSE WITNESS IDENTITIES** |

**INTRODUCTION**

On April 15, Defendants consented to Media Intervenors' request to unseal trial exhibits, except for all "personally identifiable information," which Defendants seek to keep redacted. On April 16, Defendants provided Media Intervenors with access to the trial exhibits with redactions. Media Intervenors do not know which of the redactions were preexisting due to evidentiary privileges, and which of the redactions were newly made in accordance Defendants' April 15 request that all "personally identifiable information" be redacted. Media Intervenors agree that information covered by Federal Rule of Civil Procedure 5.2 should be redacted, but oppose Defendants' request to redact all remaining information and ask this Court to unseal the trial exhibits as they were originally presented to the Court. If this Court believes some personally identifiable information should be redacted, Media Intervenors ask that, at minimum, the names of government employees are made public.

**ARGUMENT**

**I.    DEFENDANTS HAVE NOT MET THEIR BURDEN WITH RESPECT TO THE PROPOSED REDACTIONS**

Because there is a "strong presumption in favor of access," a party seeking to "redact[]" judicial records must articulate compelling justifications that outweigh the public interest favoring disclosure. *Kamakana v. City & Cnty. of Honolulu.* 447 F.3d 1172, 1178, 1183–84 (9th Cir. 2006) (applying the compelling reasons test to partial redactions). And those "[r]edactions must be narrowly tailored such that only information that meets the compelling reasons standard is redacted." *Upper Deck Co. v. Pixels.com, LLC*, No. 24-CV-00923-BAS-DEB, 2026 WL 534414, at *4 (S.D. Cal. Feb. 26, 2026) (citing *Kamakana*, 447 F.3d at 1183).

Defendants have not articulated a compelling justification here. Defendants wish to redact "all personally identifiable information ('PII')." ECF 187 at 2. Defendants' asserted

reason for those broad redactions is to "protect[] the identities of those mentioned in these exhibits as well as other sensitive personal information." ECF 187 at 2. That is not a "specific compelling reason" supported by "articulable facts" to "justify these redactions." *Kamakana*, 447 F.3d at 1181–84 (citation omitted); *see* ECF 165 at 13–16. It isn't enough for Defendants to "mention[] a general category" such as "privacy" without "any further elaboration or any specific linkage with the documents." *Kamakana*, 447 F.3d at 1184.

Because Defendants have failed to satisfy their burden, this Court should unseal the documents as they were presented to the Court, without Defendants' new redactions. But if the Court thinks that some personally identifiable information should be redacted, it should, at minimum, require disclosure of government employees' names. The "privacy interests of law enforcement officers are not as substantial as those of others, particularly when the information disclosed relates to the performance of official duties." *Hendricks v. United States Dep't of Just.*, No. CV-03-61-H-DWM-RKS, 2008 WL 11415936, at *14 (D. Mont. Feb. 29, 2008), *report and recommendation adopted*, No. CV 03-61-H-DWM, 2008 WL 11415937 (D. Mont. Mar. 31, 2008) (discussing privacy interests in the context of a Freedom of Information Act (FOIA) challenge); *see Lissner v. United States Customs Service*, 241 F.3d 1220, 1223 (9th Cir. 2001) (holding in a FOIA challenge that law enforcement officers are "not ordinary citizens," and that "their privacy interests are somewhat reduced"). "While there may be limited exceptions, the names of law enforcement officers are generally not secret from the public." *A.H. v. Wynn Las Vegas, LLC*, No. 2:24-cv-01041-GMN-NJKNJK, 2026 WL 674499, at *7 n.12 (D. Nev. Mar. 9, 2026); *see, e.g., Macias v. Cleaver*, No. 1:13-cv-01819-BAM, 2016 WL 3549257, at *6 n.6 (E.D. Cal. June 30, 2016) ("The Court does not find that law enforcement identities should be redacted."); *Hepner v. Cnty. of Tulare*, No. 1:18-cv-0077400774-NODJ-EPG-PC, 2024 WL

583685, at *3 n.7 (E.D. Cal. Feb. 13, 2024) (same); *Myles v. Cnty. of San Diego*, No. 15-cvcv-1985-BEN (BLM), 2017 WL 274829, at *2 (S.D. Cal. Jan. 19, 2017) (same).

Defendants' own cited cases support more narrowly tailored redactions than the Defendants propose. *See Murphy v. Kavo Am. Corp.*, No. CV 110410 YGR, 2012 WL 1497489, at *2 (N.D. Cal. Apr. 27, 2012) (holding that defendants may not redact all PII in exhibits and instead narrowly tailoring redactions to "first name and last initial" and "month and day, but not the year of birth"); *Gregory v. City of Vallejo*, No. 2:13-CV-00320-KJM, 2014 WL 4187365, at *3–4 (E.D. Cal. Aug. 21, 2014) (redacting "only the names of third parties" in police officer's personnel file because "a generalized assertion of a privacy interest [was] not sufficient to bar disclosure of a judicial record); *Liles v. Cnty. of Sacramento*, No. 2:24-CV-00416-KJM-CKD, 2024 WL 1971882, at *2 (E.D. Cal. May 3, 2024) (redacting only names of two third-party deputies who were disciplined for reasons "unrelated" to the officer-related shooting at issue because disclosure would "potential[ly] promot[e] public scandal").

Defendants argue that this Court should keep secret information they claim does not "matter for the issues presented in this case." ECF 187 at 2. But that is not the relevant inquiry when determining whether information should be redacted—the standard is "the compelling interest standard, in which relevance is not a dispositive factor." *See Pryor v. City of Clearlake*, No. C 11-0954 CW, 2012 WL 3276992, at *3 (N.D. Cal. Aug. 9, 2012)). Indeed, the "public interest undergirding the common law right of access to court records does not turn on whether the details of a particular case are 'interesting,' or whether a party opposing access has deemed the available information sufficient to satisfy the public's curiosity." *Gagliolo v. Kaweah Manor, Inc.*, No. 120CV01719NONESAB, 2021 WL 1549687, at *6 (E.D. Cal. Apr. 20, 2021) (quoting *Lucy Chi v. Univ. of S. C..*, No. 2:18-cv-04258-SVW-GJS, 2019 WL 3315282, at *7

(C.D. Cal. May 21, 2019)). "Instead, the public's interest in accessing the documents under seal is predicated upon 'a venerable heritage rooted in the need for openness in a democratic society.'" *Id.* The "presumption of access exists because the citizens are entitled to observe, monitor, understand and critique their courts … because what transpires within our courtrooms belongs to our citizens in a fundamental way." *California ex rel. Lockyer v. Safeway, Inc.*, 355 F. Supp. 2d 1111, 1125 (C.D. Cal. 2005). That is why courts "require not just a showing of some possible reason to justify closure of the court to the public, but a showing of a *compelling* one." *Id*.

As Media Intervenors have previously argued, the public has a significant interest in this case, including an interest in examining how their tax dollars—which fund the government's activities at issue in this case—are spent. ECF 165 at 16–18; *see Sheehan v. Gregoire*, 272 F. Supp. 2d 1135, 1145 n.10 (W.D. Wash. 2003) (allowing disclosure of law enforcement officers' names and noting "police officers are public employees paid with public tax dollars who hold a great deal of power, authority, and discretion"); *Macias*, 2016 WL 3549257 at *4 ("The public's interest in the conduct of its officers cannot be undermined by calling it a desire for public spectacle, or a form of 'private spite.'"); *Soto v. City of Concord*, 162 F.R.D. 603, 613 n.3 (N.D. Cal. 1995) ("[T]he policies underlying civil rights laws, public confidence in the court system, and in doing individual justice outweigh[] both the police department's desire for secrecy and privacy rights of officers or citizen complainants."). Without an articulated compelling reason

for secrecy, the weight of the public interest tips the scale in favor of disclosure. *See* ECF 165 at 16–18.

## II. DEFENDANTS AGREE THAT ROBERT CANTU'S AND WILLIAM TURNER'S IDENTITIES SHOULD BE DISCLOSED IN THE TRIAL RECORD

Because Defendants no longer object, ECF 187 at 3, the Court should amend the trial transcripts so Robert Cantu's and William Turner's full names appear, or take whatever actions the Court deems appropriate to effectuate disclosure of their identities. Media Intervenors continue to challenge Defendants' remaining argument that Mr. Cantu's and Mr. Turner's deposition videos should not be disclosed in an upcoming motion to modify the protective order. *Id.* at 3 n.1.

## III. PLAINTIFFS CONSENT TO MEDIA INTERVENORS' REQUESTS TO UNSEAL CERTAIN COURT RECORDS

Media Intervenors seek access to the motions to seal documents found at ECF 70, 71, and 155. ECF 165 at 12–13. Plaintiffs have informed Media Intervenors that they consent to filing unsealed versions of their Motions to File Document Under Seal originally filed at ECF 28 and 61, with the understanding that the unredacted declarations which were the subject of those motions (subsequently filed at ECF 70 and 71) will remain sealed at this time and that Media Intervenors may request to unseal the unredacted declarations after reviewing the respective motions.

Similarly, Defendants do not oppose unsealing their motion to seal found at ECF 153. ECF 187 at 3. Even if Defendants ultimately agree to unseal the documents related to that motion

REPLY IN SUPPORT OF MEDIA INTERVENORS' MOTION TO UNSEAL

without redaction, the motion to seal itself should be unsealed so the public can observe what arguments Defendants made in arguing certain information should be sealed.

## CONCLUSION

This Court should unseal the trial exhibits without Defendants' proposed redactions, order the parties to re-file the motions to seal found at ECF 28, 61, and 153, and correct the trial transcripts so Robert Cantu's and William Turner's full names appear.

Dated: April 22, 2026

Respectfully submitted,

/s/ Leila Nasrolahi
Leila Nasrolahi*
PUBLIC JUSTICE
475 14th St., Suite 610
Oakland, CA 94612

Shelby Leighton*
Mariam Elbakr*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036

Athul Acharya, OSB #152436
Sara Rosenburg*
PUBLIC ACCOUNTABILITY
P.O. Box 14672
Portland, OR 97211

*Counsel for All Media Intervenors*

*\* Admitted pro hac vice*

Jon Bial, OSB #002048
OREGON PUBLIC BROADCASTING
7140 S Macadam Avenue
Portland, OR 97219

*Counsel for Oregon Public Broadcasting*