# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**STATE OF OREGON** and the
**CITY OF PORTLAND**, and **STATE OF
CALIFORNIA**,

        Plaintiffs,

      v.

**DONALD TRUMP**, in his official capacity as
President of the United States; **PETE
HEGSETH**, in his official capacity as
Secretary of Defense; **U.S. DEPARTMENT
OF DEFENSE**; **MARKWAYNE MULLIN**[1],
in his official capacity as Secretary of
Homeland Security; and **U.S.
DEPARTMENT OF HOMELAND
SECURITY**,

        Defendants.

Case No. 3:25-cv-1756-IM

**ORDER DENYING PLAINTIFF STATE
OF OREGON'S MOTION TO MODIFY
PROTECTIVE ORDER**

Before this Court is Plaintiff State of Oregon's Motion to Modify Protective Order and

Clarify the Status of Certain Deposition Videos ("Motion"), ECF 166. In the Motion, Plaintiff

requests modification of the parties' Stipulated Protective Order ("Protective Order" or "Order"),

ECF 88, "to allow the State to use protected discovery from this matter for law enforcement

purposes, including to investigate, charge, or prosecute criminal conduct." Motion, ECF 166 at 2.

---

[1] Secretary Mullin is automatically substituted as a party for Kristi Noem. Fed. R. Civ. P. 25(d).

PAGE 1 – ORDER DENYING PLAINTIFF STATE OF OREGON'S MOTION TO MODIFY
PROTECTIVE ORDER

Plaintiff also seeks "clarification" from this Court on whether Plaintiff may disclose deposition videos of two witnesses to the public. *Id.* On April 3, 2026, this Court ordered supplemental briefing from the parties to "explain what 'specific prejudice or harm' would result from allowing Plaintiff's law enforcement agencies to access the protected discovery only for law enforcement purposes." ECF 180 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). The parties subsequently filed a Joint Motion to Modify the Protective Order, ECF 185, "which allows the parties to use Protected Material for law enforcement purposes." *Id.* at 1. This Court granted the joint motion, ECF 186, thereby resolving the parties' principal dispute in Plaintiff's Motion to Modify Protective Order, ECF 166.

However, the parties continue to dispute Plaintiff's additional request that this Court "clarify whether certain deposition videos should be withheld as confidential or publicly disclosed." *Id.* at 8–10; *see* Defendants' Response to Media Intervenors' Motion to Unseal, ECF 187 at 4 n.1; Media Intervenors' Reply in Support of Motion to Unseal, ECF 188 at 6 (noting that Media Intervenors intend "to challenge Defendants' remaining argument that Mr. Cantu's and Mr. Turner's deposition videos should not be disclosed in an upcoming motion").[2] For the reasons stated below, this Court DENIES Plaintiff's request to disclose the deposition videos.

## LEGAL STANDARD

"It is 'well-established' . . . that discovery is 'presumptively public.'" *Fierro Cordero v. Stemilt AG Servs, LLC*, 142 F.4th 1201, 1207 (9th Cir. 2025) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.–N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999)). "Despite a presumption of public access, courts can issue protective orders to 'protect a party or person

---

[2] The parties previously stipulated to referring to witnesses Robert Cantu and William Turner by their initials R.C. and W.T. *See* Trial Transcript 10/29/2025 13:10–14:10. But now Defendants no longer object to referring to them by name. Response to Motion to Unseal, ECF 187 at 4.

PAGE 2 – ORDER DENYING PLAINTIFF STATE OF OREGON'S MOTION TO MODIFY PROTECTIVE ORDER

from annoyance, embarrassment, oppression, or undue burden or expense' resulting from public disclosure of information obtained during discovery." *Id.* (quoting Fed. R. Civ. P. 26(c)(1)). "While courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011); *see* Order, ECF 88.

For a stipulated protective order where "no party has made a good cause showing," "the burden of proof remains with the party seeking protection." *In re Roman Catholic Archbishop*, 661 F.3d at 424 (citation modified) (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 n.1 (9th Cir. 2002)). The "party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). And "if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance 'the public and private interests to decide whether . . . a protective order is necessary.'" *In re Roman Catholic Archbishop*, 661 F.3d at 424 (quoting *Phillips*, 307 F.3d at 1211). Courts consider several balancing factors, including "whether disclosure will violate any privacy interests," when assessing the need for protection. *Id.* at 424 n.5 (quoting *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

## DISCUSSION

Defendants have demonstrated that specific prejudice would result from disclosure of the deposition videos of witnesses Cantu and Turner. As Defendants chronicle, Cantu "has been approached by an individual saying that he should use his gun to kill himself." Response, ECF 177 at 15 (citing Declaration of R.C., ECF 177-2 ¶ 11). And Turner "has already had his picture put on posters saying, 'Wanted – Domestic Terrorist,' and he has been followed home and had pictures taken of his home." *Id.* (citing Declaration of W.T., ECF 177-3 ¶¶ 7–9). In light of these

PAGE 3 – ORDER DENYING PLAINTIFF STATE OF OREGON'S MOTION TO MODIFY PROTECTIVE ORDER

targeted instances of intimidation and harassment, this Court concludes that Cantu and Turner would face a heightened risk of particularized harm due to disclosure of their deposition videos.

In addition to finding good cause to keep the deposition videos protected from public disclosure, this Court finds that the "balance [of] public and private interests" weighs in favor of not disclosing the videos. *Fierro Cordero*, 142 F.4th at 1207. Critically, Cantu's and Turner's "deposition transcripts have already been released." Response, ECF 177 at 16. Therefore, releasing videos of the depositions "would not reveal any information to the public," while it would exacerbate their risk of harm by revealing "their faces and voices." *Id.* The availability of transcripts dictates that the public and private interests weigh against disclosure. Furthermore, this Court reaches the same conclusion when weighing the following seven balancing factors:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*In re Roman Catholic Archbishop*, 661 F.3d at 424 n.5 (quoting *Glenmede Trust*, 56 F.3d at 483).

As discussed above, disclosure of these videos would violate Cantu's and Turner's privacy interests and would potentially expose them to not only embarrassment but also harassment and safety risks. Here, confidentiality is not being prioritized over information important to public health and safety, since any information contained in the depositions is already available through the transcripts. Likewise, the transcripts have already been shared among litigants—as well as the public—so disclosure would not promote fairness or efficiency in this litigation. On the other hand, Plaintiff is seeking to disclose the information for a legitimate purpose—to comply with state law—and the party benefiting from the order of

PAGE 4 – ORDER DENYING PLAINTIFF STATE OF OREGON'S MOTION TO MODIFY PROTECTIVE ORDER

confidentiality is the federal government. Although this case involves issues important to the public, disclosing these videos "would not reveal any [new] information to the public." Response, ECF 177 at 16. Plaintiff notably does not contest any of Defendant's arguments against nondisclosure. *See generally* Reply, ECF 178. In sum, this Court concludes that the public and private interest factors weigh against disclosure and therefore denies Plaintiff's request to disclose the deposition videos of Cantu and Turner.

## CONCLUSION

Plaintiff State of Oregon's Motion to Modify Protective Order and Clarify the Status of Certain Deposition Videos, ECF 166, is DENIED. As to Plaintiff's request to modify the parties' Stipulated Protective Order, ECF 88, to allow the state to use protected discovery for law enforcement purposes only, the request is DENIED AS MOOT. As to Plaintiff's request to disclose deposition videos of Cantu and Turner to the public, the request is DENIED.

**IT IS SO ORDERED.**

DATED this 1st day of May, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 5 – ORDER DENYING PLAINTIFF STATE OF OREGON'S MOTION TO MODIFY PROTECTIVE ORDER