IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STATE OF OREGON** and the **CITY OF PORTLAND**, and **STATE OF CALIFORNIA**,<br><br>        Plaintiffs,<br><br>    v.<br><br>**DONALD TRUMP**, in his official capacity as President of the United States; **PETE HEGSETH**, in his official capacity as Secretary of Defense; **U.S. DEPARTMENT OF DEFENSE**; **MARKWAYNE MULLIN**[1], in his official capacity as Secretary of Homeland Security; and **U.S. DEPARTMENT OF HOMELAND SECURITY**,<br><br>        Defendants. | Case No. 3:25-cv-1756-IM<br><br><br>**ORDER GRANTING IN PART AND DENYING IN PART MEDIA INTERVENORS' MOTION TO UNSEAL** |

Before this Court is Media Intervenors' Motion to Unseal Court Records and Disclose Witness Identities ("Motion"), ECF 165. In the Motion, Media Intervenors request that this Court "(1) unseal all trial exhibits sealed pursuant to the Court's Order granting Defendants' Motion to Seal, ECF 121, (2) order that Plaintiffs file publicly accessible motions to seal the declarations of National Guard Brigadier General Alan R. Gronewold, and (3) disclose the identities of all

---

[1] Secretary Mullin is automatically substituted as a party for Kristi Noem. Fed. R. Civ. P. 25(d).

PAGE 1 – ORDER GRANTING IN PART AND DENYING IN PART MEDIA INTERVENORS' MOTION TO UNSEAL

witnesses at trial." *Id.* at 7. Defendants and Plaintiffs do not object to several of Media Intervenors' requests. As to (3), Defendants do not object to Media Intervenors' request "to change the trial transcript so that the names of R.C. and W.T. appear in it." Response to Media Intervenors' Motion ("Response"), ECF 187 at 4. As to (2), Defendants do not object to unsealing their motion to seal filed at ECF 153, *id.* at 4, and Plaintiffs do not object to unsealing their motions to seal filed at ECF 28 and ECF 61, Media Intervenors' Reply in Support of Motion ("Reply"), ECF 188 at 6. Plaintiffs and Media Intervenors agree that the unredacted declarations of General Gronewold "will remain sealed at this time and that Media Intervenors may request to unseal the unredacted declarations after reviewing the respective [unsealed] motions." *Id.*

Therefore, the only dispute in the Motion that remains is the unsealing of various "trial exhibits that the Court sealed at Defendants' request—Exhibit Nos. 137, 1001–45, 1060–61, and 1141–52." Response, ECF 187 at 2. And even this issue has narrowed considerably because Defendants do not oppose unsealing them except to redact personally identifiable information ("PII"). *Id.* Despite the fact that Defendants have produced these documents with PII redacted, Media Intervenors oppose the redactions other than those specified in Federal Rule of Civil Procedure 5.2. Reply, ECF 188 at 2; *see* Fed. R. Civ. P. 5.2(a) (requiring redactions of "an individual's social-security number, taxpayer-identification number, or birth date"). For the reasons stated below, this Court DENIES Media Intervenors' request to disclose the PII.

### LEGAL STANDARD

In the Ninth Circuit, courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & County of Honolulu*, 447 F.3d

PAGE 2 – ORDER GRANTING IN PART AND DENYING IN PART MEDIA INTERVENORS' MOTION TO UNSEAL

1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135). The party requesting nondisclosure must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (citation modified). "In turn, the court must 'conscientiously balance the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (citation modified) (quoting *Foltz*, 331 F.3d at 1135).

## DISCUSSION

Defendants have demonstrated that compelling reasons warrant keeping the PII sealed and that these compelling reasons outweigh any public interest in accessing the PII. Defendants have already unsealed the contested exhibits but with the following information redacted: the names of Federal Protective Service ("FPS") officers "who are line officers; contract security guards' names; suspects' names, birthdates, home addresses, phone numbers, social security numbers, National Crime Information Center (NCIC) numbers, and descriptions; vehicle license plate numbers; and the names of local Portland Police Bureau officers." Response, ECF 187 at 2.

Based on the declarations of Robert Cantu and William Turner attached to Defendants' Response to State of Oregon's Motion to Modify Protective Order, ECF 177, this Court finds that there are compelling reasons to continue sealing the above PII to prevent harassment of law enforcement officers, as well as other individuals, whose identities would be revealed. There have been "numerous incidents where other FPS officers or their families have in fact been threatened." Declaration of R.C.[2] ("Cantu Decl."), ECF 177-2 ¶ 6. For example, on February 9, 2026, two individuals showed up at the residence of an FPS officer in the Portland area and

---

[2] The parties previously stipulated to referring to witnesses Robert Cantu and William Turner by their initials R.C. and W.T. *See* Trial Transcript 10/29/2025 13:10–14:10. But now Defendants no longer object to referring to them by name. Response to Motion to Unseal, ECF 187 at 4.

PAGE 3 – ORDER GRANTING IN PART AND DENYING IN PART MEDIA INTERVENORS' MOTION TO UNSEAL

banged on the door of his home, making the officer's wife fear for her safety. *Id.* ¶ 7. On February 22, 2026, two individuals parked in Turner's private driveway as Turner departed his residence, and he noticed them taking photographs of his home. Declaration of W.T. ("Turner Decl."), ECF 177-3 ¶ 9. Turner also describes how "anti-immigration enforcement groups in Eugene have taken photographs of [him], created 'Wanted – Domestic Terrorist' posters with [his] name and image and hung them throughout Eugene." *Id.* ¶ 7. Cantu himself had a man standing three feet away from him repeatedly yell that he should use his gun to kill himself. Cantu Decl., ECF 177-2 ¶ 11. Other "[f]ederal officers are routinely berated with similarly threatening hateful speech." *Id.* In light of these specific instances of harassment, there are compelling reasons not to release the PII to prevent further harassment. This is especially true given that the PII largely concerns "lower level officials," who "'generally have a stronger interest in personal privacy than do senior officials.'" *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 977 (9th Cir. 2009) (quoting *Dobronski v. FCC*, 17 F.3d 275, 20 n.4 (9th Cir. 1994)).

Next, this Court finds that the public interest in obtaining the PII is outweighed by the private interest in avoiding harassment. Media Intervenors cite multiple public interests that favor disclosure of the contested exhibits, but these interests have been adequately served by Defendants' disclosure of the redacted exhibits, and disclosing the PPI would not advance these interests. Media Intervenors first argue that "the public has an interest in learning what led to the unprecedented federalized deployment of the National Guard" and "understanding the Court's decision-making." Motion, ECF 165 at 16–17. Public disclosure of the redacted exhibits has satisfied both these interests, and revealing the identities of particular low-level officers would not shed any more light on either. Media Intervenors next argue that "the public has a strong interest in knowing how their tax dollars are spent," *id.* at 17 (citation modified), but the

PAGE 4 – ORDER GRANTING IN PART AND DENYING IN PART MEDIA INTERVENORS' MOTION TO UNSEAL

unredacted exhibits provide this information, just without disclosing individual officers' identities. Lastly, Media Intervenors contend that "there is a significant public interest in scrutinizing the conduct of law enforcement agents to ensure they use legal authority legitimately." *Id.* at 18. This Court agrees that this is an important public interest, but this Court again emphasizes that even without knowing any specific law enforcement agent's name, the public can scrutinize every agent's conduct. Moreover, Defendants have already "allow[ed] the State to use protected discovery from this matter for law enforcement purposes," so the public interest "to investigate, charge, or prosecute criminal conduct" will be protected by Plaintiffs State of Oregon and City of Portland. Motion to Modify Protective Order, ECF 166 at 2; *see* Order Denying Plaintiff State of Oregon's Motion to Modify Protective Order, ECF 189.

In sum, there are compelling reasons why PII should remain sealed to prevent harassment, and there are no countervailing public interests that support disclosure. This Court therefore denies Media Intervenors' request to obtain the PII contained in the contested exhibits.

**CONCLUSION**

Media Intervenors' Motion to Unseal Court Records and Disclose Witness Identities, ECF 165, is GRANTED IN PART AND DENIED IN PART. In accordance with the parties' agreement, this Court GRANTS Media Intervenors' request to replace references to witnesses R.C. and W.T. with references to Robert Cantu and William Turner in the trial transcripts, and this Court GRANTS Media Intervenors' request to unseal Defendants' motion to seal filed at ECF 153 and Plaintiffs' motions to seal filed at ECF 28 and ECF 61. However, this Court DENIES Media Intervenors' request to obtain unredacted versions of Exhibits 137, 1001–45, 1060–61, and 1141–52, which include personal identifying information that Defendants have redacted.

PAGE 5 – ORDER GRANTING IN PART AND DENYING IN PART MEDIA INTERVENORS' MOTION TO UNSEAL

**IT IS SO ORDERED.**

DATED this 1st day of May, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 6 – ORDER GRANTING IN PART AND DENYING IN PART MEDIA
INTERVENORS' MOTION TO UNSEAL